**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER,
and TERESA P. COVINGTON,

      Defendants.

---

Civil Action No. 1:21-cv-03215-STV

JUSTIN COHEN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER, TERESA
P. COVINGTON,
GIGACQUISITIONS3, LLC,
GIGCAPITAL GLOBAL, AVI S.
KATZ, RALUCA DINU, and
GIGFOUNDERS, LLC,

      Defendants.

---

**MOTION OF THE LIGHTNING EMOTORS INVESTOR GROUP FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL**

---

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ......................................................................................................... 1

II. STATEMENT OF FACTS............................................................................................ 3

III. ARGUMENT .............................................................................................................. 4

    A. The Actions Should Be Consolidated ........................................................... 4

    B. The Court Should Appoint Movant as Lead Plaintiff ..................................... 5

        1.      The Procedure Required by the PSLRA ......................................... 5

            a. Movant Is Willing to Serve as Class Representative...................................... 6

            b. Movant has the Requisite Financial Interest in the Relief Sought by the Class 7

        2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure......................................................................................... 8

            a. Movant's Claims are Typical of the Claims of all the Class Members ............ 9

            b. Movant Will Adequately Represent the Class ................................................ 10

    C. Movant's Choice of Counsel Should Be Approved ..................................... 11

IV. CONCLUSION .......................................................................................................... 12

ii

# TABLE OF AUTHORITIES

**Cases**

*Cooke v. Equal Energy Ltd.*,
C.A. No.14-cv-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ......................8, 9

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992) ...............................................................................9, 10

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336, 338 (2005)..........................................................................................2

*Friedman v. Quest Energy Ptnrs. LP*,
261 F.R.D. 607 (W.D. Okla. 2009) .........................................................................5, 7

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982)....................................................................................................9

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 1977 (C.D. Cal. Feb. 14, 2011)...4

*Lane v. Page*,
250 F.R.D. 634 (D.N.M. 2007) ...................................................................................2

*Medina v. Clovis Oncology, Inc.*,
Case No. 15-cv-2546-RM- MEH, 2016 U.S. Dist. LEXIS 19784 (D. Colo. Feb. 18,
2016)...........................................................................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................9

*In re Party City Secs. Litig.*,
189 F.R.D. 91 (D.N.J. 1999) ......................................................................................8

*In re Razorfish, Inc. Secs. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001) ........................................................................2

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993) .......................................................................................9

*Schulman v. Lumenis, Ltd.*,
No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y June 18, 2003) ......................8

*Smith v. Suprema Specialties, Inc.*,
206 F. Supp. 2d 627 (D.N.J. 2002) ...........................................................................2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248 (S.D.N.Y. 2003) ...............................................................................8

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) ..................................................................................9

*Weltz v. Lee,*
   199 F.R.D. 129 (S.D.N.Y. 2001) ...........................................................................8

**Statutes**

15 U.S.C. § 78u-4..................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................................*passim*

Fed. R. Civ. P. 42(a)..................................................................................................4

## I.     INTRODUCTION

Daniel Volkert, Jeremy Mascarella, and Randall Green (the "Lightning eMotors Investor Group" or "Movant"), by and through their counsel, will and hereby do move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing Movant as Lead Plaintiff on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Lightning eMotors, Inc. ("Lightning eMotors" or the "Company") f/k/a GigCapital3, Inc. ("GigCapital3") securities between December 10, 2020 and August 16, 2021, both dates inclusive (the "Class Period")[1], pursuant to 15 U.S.C. §78u-4(a)(3)(B); (iii) approving Movant's selection of counsel Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") (iv) granting such other and further relief as the Court may deem just and proper.

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all persons and entities that purchased or otherwise acquired

---

[1] The action entitled *Shafer v. Lightning eMotors, Inc., et. al.,* Case No. 1:21-cv-02774-RMR (D. Colo. Oct. 15, 2021) (the "*Shafer* Action") defines the Class Period as May 7, 2021 through August 16, 2021, inclusive. The related securities class action styled *Cohen v. Lightning eMotors, Inc., et al.,* Case No. 1:21-cv-03215-STV (D. Colo. Dec. 1, 2021) (the "*Cohen* Action") defines the Class Period December 10, 2020 through August 16, 2021, inclusive. Movant adopts the most-inclusive Class Period defined in the *Cohen* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

Lightning eMotors securities during the Class Period. Plaintiff in the Action alleges violations of the Exchange Act against Defendants Lightning eMotors, Timothy Richard Reeser ("Reeser"), and Teresa P. Covington ("Covington"), (collectively, "Defendants").[2]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation who has also made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

Movant lost approximately $19,116.05 under both a straight last-in-first-out "LIFO" analysis, and in losses recoverable pursuant to *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005). As such, Movant is the presumptive lead plaintiff under the PSLRA.[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[2] Specifically, Plaintiff in the Action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

[3] Movant's certifications identifying their transactions in Lightning eMotors, as required by the PSLRA, as well as a chart identifying their losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated December 14, 2021 as Exhibits A and B, respectively.

## II.   STATEMENT OF FACTS[4]

Lightning eMotors designs, manufactures, and sells electric vehicles. ¶ 2. The Company produces electric fleet medium- and heavy-duty vehicles, including delivery trucks, shuttle buses, passenger vans, chassis-cab models, and city transit buses. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company would record a substantially greater net loss per share in the second quarter of 2021 compared to the second quarter of 2020 and would pull its full year guidance for the remainder of 2021; (ii) accordingly, the Company materially overstated its financial position and/or prospects; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

GigCapital3 was a special purpose acquisition company ("SPAC"), also known as a blank check company, prior to its business combination with Lightning eMotors. ¶ 3. They were incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. *Id.*

The Company consummated a business combination (the "Business Combination") with Lightning Systems, Inc. ("Lightning Systems") on May 6, 2021 pursuant to a certain Business Combination Agreement, dated as of December 10, 2020,

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Shafer* Complaint") filed in the *Shafer* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Shafer* Complaint. The facts set forth in the *Shafer* Complaint are incorporated herein by reference.

by and among GigCapital3, Project Power Merger Sub, Inc. ("Merger Sub"), and Lightning Systems (the "Business Combination Agreement"). ¶ 4. In connection with the consummation of the Business Combination, the Company changed its name from GigCapital3, Inc. to Lightning eMotors, Inc. *Id.* On May 7, 2021, the Company's common stock and warrants began trading on the New York Stock Exchange ("NYSE") under the symbols "ZEV" and "ZEV.WS", respectively. *Id.*

Post-market on August 16, 2021, Lightning eMotors announced the Company's financial results for the second quarter of 2021, including a net loss per share of $0.79 compared to a loss of $0.10 in the second quarter of 2020. ¶ 6. The Company also pulled its full year financial guidance for the remainder of 2021, just days after announcing a multi-year agreement with Forest River, a Berkshire Hathaway company. *Id.*

In response to this news, Lightning eMotors's stock price declined 16.93%, or $1.63 per share, to close on August 17, 2021 at $8.00 per share. ¶ 7.

## III.   ARGUMENT

### A. <u>The Actions Should Be Consolidated</u>

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a). The Actions pending before this Court are well-suited for consolidation. The Actions are brought on behalf of purchasers of Lightning eMotors securities, allege similar class periods, and contain nearly identical allegations charging Defendants with making false and misleading statements.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the

4

involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF (VBKx), 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and common Defendants, warrant consolidation. *See Medina v. Clovis Oncology, Inc.*, Case No. 15-cv-2546-RM- MEH, 2016 U.S. Dist. LEXIS 19784, at *7-8 (D. Colo. Feb. 18, 2016).

## B. <u>The Court Should Appoint Movant as Lead Plaintiff</u>

### 1. The Procedure Required by the PSLRA

Once the Court decides the issue of consolidation, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a). *See Friedman v. Quest Energy Ptnrs. LP,* 261 F.R.D. 607, 609 (W.D. Okla. 2009).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against them. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a.  Movant Is Willing to Serve as Class Representative

On October 15, 2021, plaintiff in the *Shafer* Action filed a notice (the "Notice") published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Lightning eMotors and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[5] Movant has reviewed the complaint filed in the pending Action and have timely filed its motion pursuant to the Notice.

---

[5] On October 15, 2021, the Notice was published over *PRNewswire,* a widely circulated national business-oriented wire service. *See* Apton Decl. Exhibit C.

6

### b. Movant has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant with the largest financial interest who also meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Friedman,* 261 F.R.D. at 609-610.

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

During the Class Period, Movant purchased Lightning eMotors securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of $19,116.05. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of its knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a lead plaintiff, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Cooke v. Equal Energy Ltd.*, 14-cv-0087-C, 2014 WL 3819159, at *2-3 (W.D. Okla. May 8, 2014); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Cooke*, 2014 WL 3819159, at *2. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*;

*Weltz,* 199 F.R.D. at 133.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. Civ. P. 23, thereby justifying their appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent class members; (ii) it suffered as a result of the same course of conduct by defendants; and (iii) its claims are based on the same legal issues. *See Cooke,* 2014 WL 3819159, at *2; *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[6]

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Lightning eMotors securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, its claims are typical, if not identical, to

---

[6] Additionally, although not pertinent to the instant motion, a finding of typicality frequently supports a finding of commonality and *vice versa. See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Cooke,* 2014 U.S. Dist. LEXIS 63452, at *7-8; *Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the movant's interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §77z-1(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Clovis Oncology*, 2016 WL 660133, at *3-4 (adequacy satisfied where movant lacks conflicts with remainder of the class and possesses largest financial interest).

Moreover, Movant has submitted a Joint Declaration, attesting to, *inter alia*, its education history, occupation, and investment experience, as well as to its understanding of the strength of this case, the responsibilities, and duties of serving as a lead plaintiff,

its shared desire to obtain the best result for the Class, and the steps that it will take to supervise this litigation. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of its motion.

Finally, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiffs in accordance with 15 U.S.C. §78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### C. <u>Movant's Choice of Counsel Should Be Approved</u>

The PSLRA vests authority in the lead plaintiff to select and retain Co-Lead Counsel, subject to Court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has retained Levi & Korsinsky and BES to serve as Co-Lead Counsel on behalf of the Class in the event it is appointed as lead plaintiff. As reflected in the accompanying firm résumés, Levi & Korsinsky and BES possess extensive experience and expertise in securities litigation, have the necessary resources to efficiently and effectively prosecute the Action, and have successfully prosecuted numerous securities

class actions on behalf of injured investors. *See* Apton Decl., Exs. E and F (the firm

résumés of Levi & Korsinsky and BES). Thus, the Court may rest assured that by granting

Movant's motion, the Class will receive the highest caliber of legal representation

possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint

Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky and

BES as C0-Lead Counsel for the Class.

Dated: December 14, 2021

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant and Proposed Co-Lead Counsel for the Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
Melissa A. Fortunato
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-6121
Facsimile: (212) 214-0506
Email: passmore@bespc.com
Email: fortunato@bespc.com

*Counsel for Movant and Proposed
Co-Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notification of such filing to

the e-mail addresses denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

13