## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

LIGHTNING EMOTORS, INC., TIMOTHY RICHARD REESER, and TERESA P. COVINGTON,

    Defendants.

---

Civil Action No. 1:21-cv-03215-STV

JUSTIN COHEN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

LIGHTNING EMOTORS, INC., TIMOTHY R. REESER, TERESA P. COVINGTON, GIGACQUISITIONS3, LLC, GIGCAPITAL GLOBAL, AVI S. KATZ, RALUCA DINU, and GIGFOUNDERS, LLC,

    Defendants.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BRIDGET GORDON TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

---

Bridget Gordon ("Movant") hereby moves this Honorable Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead Plaintiff for the Class of all purchasers of the securities of Lightning eMotors, Inc. ("Lightning" or the "Company") f/k/a GigCapital3, Inc. between May 7, 2021 and August 16, 2021,[1] both dates inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and (3) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class. This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

The above-captioned related actions should be consolidated. The Movant should be appointed Lead Plaintiff and his selection of counsel should be approved. To Movant's knowledge, Movant is the "most adequate plaintiff" as defined by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant purchased, and held through the end of the Class Period, 100 shares of Lightning suffering losses of $396.00 and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure. Additionally, Movant has selected counsel that has extensive experience in securities class actions throughout the country.

## I.    PERTINENT FACTS AND PROCEDURAL HISTORY

On October 15, 2021, the *Shafer* Action was commenced against the Company and

---

[1] The action *Shafer v. Lightning eMotors, Inc., et al.,* 1:21-cv-02774-RMR-KLM ("*Shafer* Action") has a class period of between May 7, 2021 and August 16, 2021. The action *Cohen v. Lightning eMotors, Inc., et al.*, 1:21-cv-03215-STV ("*Cohen* Action") has a class period of between December 10, 2020 and August 16, 2021. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

certain of its officers for violations of the Exchange Act. That same day, the requisite PSLRA early notice was disseminated advising class members of, *inter alia*, the pendency of the action and the 60-day deadline for any class member to seek appointment as lead plaintiff in this action. *See* Declaration of Phillip Kim In Support of Motion of Bridget Gordon to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve Lead Plaintiff's Selection of Counsel, Ex. 1.[2] The related *Cohen* Action was filed on December 1, 2021, alleging the same Exchange Act Allegations, against the same and additional defendants and an expanded class period.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Lightning was suffering from severe supply chain constraints and cost overruns; (2) Lightning was experiencing delays in vehicle deliveries and more tepid customer demand than represented to investors; (3) Lightning did not possess "firm" purchase orders and/or an ability to deliver on such orders sufficient to generate $63 million in revenue in 2021; (4) Lightning considered purchase orders to be "firm" even if they were non-binding, did not constitute a legal obligation to purchase, and could be canceled or delayed by customers without penalty; (5) Lightning did not possess "high visibility" into 2021 revenues, let alone its business and operations in subsequent years; (6) Lightning was suffering from ballooning costs and worsening gross margin trends; and (7) as a result, defendants' statements about Lightning's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On April 12, 2021, GigCapital3 filed supplemental disclosures for the Proxy on Form 8-K in response to shareholder litigation. Among the new disclosures, the Form 8-K stated that

---

[2] All references to "Ex. __" refer to the exhibits attached to this Declaration.

"During the period between November 13, 2020 and November 17, 2020 that the Company was working with Oppenheimer and Nomura on a potential convertible note financing, Lightning Systems informed the Company that it was in the process of revising some of the financial projections previously provided to the Company for fiscal year 2020 as a result of Lightning Systems determining that it was projecting fewer delivery of vehicles during the then-current quarter than previously projected which would result in less revenue."

In part due to this disclosure, between April 13, 2021 and April 20,2021, the price of Lightning stock declined $2.30 per share, or 23%, on abnormally high trading volume. However, because defendants failed to disclose the truth about the Company's business operations and financial results, the price of Lightning securities remained artificially inflated.

Then, on August 16, 2021, after the market closed, Lightning issued a release providing its financial results for the second quarter ended June 30, 2021 – the same quarter in which the Merger was consummated. In the release, defendant Reeser revealed that the Company's "Q2 revenue was constrained by supply chain challenges" which had caused 2021 to be "a challenging year," as "orders are being pushed to 2022 due to unexpected chassis production disruptions and Covid related delays." Further, the release stated the Company was withdrawing its guidance for 2021 as it "no longer expects to meet full year guidance." Further, in the release, the Company revealed a net loss of $46.1 million for the quarter which resulted in a $0.79 diluted net loss per share, compared to a net loss of $2.8 million, or $.10 diluted net loss per share, in the prior year period. The Company's gross margin also worsened to -19% during the quarter, as compared to -16% in the first quarter of 2021. During an earnings call to discuss the results, defendant Covington admitted that the Company considers purchase orders to be "firm" even if they are "non-binding," did "not constitute a legal obligation," and "may be canceled or

3

delayed by customers without penalty."

On this news, the price of Lightning eMotors stock price fell from $9.63 when the market closed on August 16, 2021 to $8.00 when the market closed on August 17, 2021, a 17% decline in value, on abnormally high trading volume. The stock price continued to decline in subsequent days, closing at $7.44 per share on August 19, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Lightning's shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to

4

investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Crocs, Inc. Secs. Litig.*, 2008 WL 4298316, at * 1- * 2 (D. Colo. Sept. 17, 2008).

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Preliminarily, in response to the early notice issued on October 15, 2021, Movant made this motion within the 60-day time period. Movant attests that she has reviewed the complaint and is willing to serve as a representative of the class. Accordingly, Movant satisfies the first

5

requirement to serve as Lead Plaintiff for the Class. *See* Ex. 2.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). While the PSLRA does not specify how to calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2008) (citing cases). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005); *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006).

Movant purchased, and held through the end of the Class Period, 100 Lightning shares and lost $396.00 in connection with her purchases of Lightning securities. *See* Ex. 3. Movant is not aware of any other individual who has suffered greater losses in Lightning securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

6

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."); *Cooke v. Equal Energy Ltd.*, Master Docket CIV14-0087-C, 2014 U.S. Dist. LEXIS 63452, *7 (W.D. Okla. May 8, 2014); *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *Crocs*, 2008 WL 4298316, at * 2. And of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

### 1.    Movant's Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." Typicality is demonstrated where the members of the class are victims of the same course of conduct. *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 604 (D. Colo. 1990). Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

7

Typicality does not require that every class member's claim be identical to those of the representative plaintiffs. *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982). According to the Tenth Circuit, "the typicality requirement is ordinarily not argued…It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975).

Here, the typicality requirement is met because Movant's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Movant and all of the Class Members purchased Lightning securities when the prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Movant and Class Members suffered damages as a result of these purchases. Simply put, Movant like all other Class Members: (1) purchased Lightning securities pursuant and/or traceable to the IPO; (2) purchased Lightning securities at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Moreover, Movant is not subject to any unique or special defenses. Thus, Movant meets the typicality requirement of Rule 23.

### 2. Movant Will Adequately Represent the Class

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from his investments in Lightning securities and is therefore, extremely motivated to pursue claims in this action.

### D.    Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiff's class" that the presumptively most adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class Plaintiff's claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the nation. *See* Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff; (3) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  December 14, 2021                    Respectfully submitted,


                                             */s/ Phillip Kim*
                                             Phillip Kim
                                             The Rosen Law Firm, P.A.
                                             275 Madison Avenue, 40th Floor
                                             New York, NY 10016

Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On December 14, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BRIDGET GORDON TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 14, 2021.

*/s/ Phillip Kim*
Phillip Kim