**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER, and
TERESA P. COVINGTON,

        Defendants.

---

Civil Action No. 1:21-cv-03215-STV

JUSTIN COHEN, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3, LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU, and
GIGFOUNDERS, LLC,

        Defendants.

---

**MOTION OF SIMON W. CHONG FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Plaintiff Simon W. Chong ("Chong") hereby moves this Court, under Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, for an order (a) appointing Chong as Lead Plaintiff; (b) approving Chong's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class; and (c) granting such other relief as the Court may deem to be just and proper.[1]

## I.    FACTUAL BACKGROUND

This is a federal securities class action brought on behalf of all persons that purchased Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning eMotors" or the "Company") securities between December 10, 2020 and August 16, 2021, inclusive (the "Class Period").

Lightning eMotors began as GigCapital3, a blank check company, or "special purpose acquisition company" ("SPAC"). On or about May 18, 2020, GigCapital3 completed its initial public offering, selling 20 million ownership units to investors at $10 per unit for gross proceeds of $200 million (the "IPO"). Each unit consisted of one share of common stock and three-fourths of one redeemable warrant. On December 10, 2020, GigCapital3 issued a release announcing that it had entered into a merger agreement with Lightning eMotors.

On August 16, 2021, Lightning eMotors issued a release announcing the Company's financial results for the second quarter ended June 30, 2021. Despite the defendants' prior claims

---

[1] Section 27 of the Securities Act provides that within 60 days after publication of the required notice of the action, any member of the proposed class may move to be appointed as lead plaintiff. Consequently, at this time, McLeod and Raisoni's counsel have no way of knowing which class members, if any, will file competing lead plaintiff motions. As a result, McLeod and Raisoni's counsel have been unable to conference with opposing counsel as prescribed by D.C.COLO.LCivR 7.1(a), and respectfully request that the conference requirement of D.C.COLO.LCivR 7.1(a), be waived for this motion.

that "100%" of 2021 revenue was already under contract, the release stated that Lightning eMotors would not meet guidance for 2021. The release also stated that the Company had a net loss per share of $0.79 compared to a loss of $0.10 in the second quarter of 2020. On this news, the price of Lightning eMotors stock fell 23% over the next three trading days to close at $7.44 per share on August 19, 2021 on abnormally heavy trading volume.

The complaints in this action allege that throughout the Class Period, the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose: (a) that Lightning eMotors was suffering from severe supply chain constraints and cost overruns; (b) that Lightning eMotors was experiencing delays in vehicle deliveries and more tepid customer demand than represented to investors; (c) that Lightning eMotors did not possess "firm" purchase orders and/or an ability to deliver on such orders sufficient to generate $63 million in revenue in 2021; (d) that Lightning eMotors considered purchase orders to be "firm" even if they were non-binding, did not constitute a legal obligation to purchase, and could be canceled or delayed by customers without penalty; (e) that Lightning eMotors did not possess "high visibility" into 2021 revenues, let alone its business and operations in subsequent years; (f) that Lightning eMotors was suffering from ballooning costs and worsening gross margin trends; and (g) that, as a result of (a)-(f), Lightning eMotors' 2021 guidance was not achievable and lacked any reasonable basis in fact

As a result of the defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities, Chong and other class members suffered significant losses and damages.

2

## II.    PROCEDURAL HISTORY

On October 15, 2021, Plaintiff  Johnny R. Shafer commenced a securities fraud class action against Lightning eMotors and certain of its officers, captioned *Shafer v. Lightning eMotors, Inc., et al.*, Case No. 1:21-cv-02774 (the "*Shafer* Action"). It is brought on behalf of persons who purchased Lightning eMotors securities between May 7, 2021 and August 16, 2021.

On December 1, 2021, Plaintiff Justin Cohen filed a substantially similar class action, expanding the class period, captioned *Cohen v. Lightning eMotors, Inc., et al.*, Case No. 1:21-cv-03215 (the "*Cohen* Action," and together with the *Shafer* Action, the "Related Actions"). It is brought on behalf of persons who purchased Lightning eMotors securities between December 10, 2020 and August 16, 2021.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02164, 2013 WL 1677553, at *2 (D. Colo. Apr. 17, 2013) (consolidating actions where "[b]oth of the cases in question were filed against the same four defendants, concern the same facts, and seek to answer the same question: whether defendants made materially false and misleading statements regarding Chipotle that caused harm to plaintiffs").

Each of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the

3

Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Chong Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Chong satisfies the relevant criteria and, thus, is entitled to the presumption that he is the "most adequate plaintiff." Chong's motion is timely and he has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Chong is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Chong respectfully submit that he should be appointed Lead Plaintiff.

### 1.        Chong's Motion Is Timely

Chong has made a timely motion in response to the PSLRA early notice. On October 15, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice was published in connection with this lawsuit. *See* Exhibit A (PSLRA Notice), attached hereto. Therefore, Chong had sixty days (until December 14, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of Lightning eMotors securities during the Class Period, Chong is a members of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.        Chong Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Chong purchased Lightning eMotors securities during the Class Period and, as a result, suffered significant financial harm. *See* Exhibit B (Certification); Exhibit C (Financial Interest

Analysis). Chong is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Chong believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Subramanian v. Watford,* No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021).

### 3. Chong Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *Delashmet v. Custom Designed Compressor Sys., Inc.*, 2006 WL 2016080, at *5 (D.N.M. March 9, 2006). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000).

6

### a)    Chong's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Ribozyme* 192 F.R.D at 658. Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is enough that the lead plaintiff's situation shares a common issue of law or fact. *In re Intelcom Grp., Inc. Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996).

Here, Chong's claims are typical of the claims asserted by the proposed class. Chong, like all members of the class, alleges that the defendants violated the federal securities laws by disseminating false and misleading statements during the Class Period concerning Lightning eMotors's business, operations, and prospects. Chong, like all of the members of the class, purchased Lightning eMotors securities and was damaged thereby. Consequently, Chong's interests are closely aligned with the other class members' and Chong's interests are, therefore, typical of the class. *Ribozyme*, 192 F.R.D. at 658-59.

### b)    Chong Is an Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The standard for adequacy of representation under [Rule 23] is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.

*Ribozyme*, 192 F.R.D. at 659. Chong has demonstrated his adequacy to serve as lead plaintiff by retaining experienced counsel, submitting a sworn PSLRA Certification attesting to his

7

willingness to serve as lead plaintiff; filing this motion. *See* Exhibit B (Certification); *see also Ribozyme*, 192 F.R.D. at 658. Chong has a master's degree, works in an investment bank developing platform technology products for sales and trading, and has been managing his own investment portfolio for approximately 15 years. In addition, Chong's interests are clearly aligned with the class, and no antagonism exists between Chong's claims and those of the other members of the class. *See In re Intelcom,* 169 F.R.D. at 149 (citation omitted).

Accordingly, Chong are the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff for the class.

### C.     The Court Should Approve Chong's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, courts should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this case, Chong has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf, and will retain the firm as Lead Counsel in the event Chong is appointed Lead Plaintiff. Glancy Prongay & Murray LLP possess extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé. *See* Exhibit D. Thus, the Court may be assured that, by granting Chong's motion, the class will receive the highest caliber of legal representation.

### IV.     CONCLUSION

For the foregoing reasons, Chong respectfully request that the Court grant his motion and enter an Order (a) appointing Chong as Lead Plaintiff; (b) approving his selection of Glancy

Prongay & Murray LLP as Lead Counsel; and (c) granting such other relief as the Court may deem just and proper.

DATED: December 14, 2021          **GLANCY PRONGAY & MURRAY LLP**

                                  *s/ Robert V. Prongay*
                                  Robert V. Prongay
                                  Charles H. Linehan
                                  Pavithra Rajesh
                                  1925 Century Park East, Suite 2100
                                  Los Angeles, CA 90067
                                  Telephone: (310) 201-9150
                                  Facsimile: (310) 201-9160
                                  Email: rprongay@glancylaw.com

                                  *Counsel for Simon W. Chong and Proposed Lead*
                                  *Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying Proposed Order were filed with this Court on December 14, 2021 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Robert V. Prongay*
Robert V. Prongay

10