## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFFER, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

LIGHTNING EMOTORS, INC., TIMOTHY RICHARD REESER, and TERESA P. COVINGTON,

     Defendants.

---

Civil Action No. 1:21-cv-03215-STV

JUSTIN COHEN, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

LIGHTNING EMOTORS, INC., TIMOTHY R. REESER, TERESA P. COVINGTON, GIGACQUISITIONS3, LLC, GIGCAPITAL GLOBAL, AVI S. KATZ, RALUCA DINU, and GIGFOUNDERS, LLC.

     Defendants.

---

**MOTION OF MICHAEL A. SHAIN AND LESLEY M. SHAIN, AS TRUSTEES OF THE SHAIN TRUST UA 06/08/2015 FOR (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

CERTIFICATION PURSUANT TO D.C. COLO.LCIVR 7.1(a) ................................................... 1

PRELIMINARY STATEMENT ............................................................................................... 3

FACTUAL BACKGROUND ..................................................................................................... 4

ARGUMENT .............................................................................................................................. 6

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 6

II.     THE SHAIN TRUST SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE
        CLASS ............................................................................................................................... 7

        A.      The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ....... 7

        B.      Under The PSLRA, the Shain Trust Should Be Appointed Lead Plaintiff ............. 8

                1.      The Shain Trust Filed a Timely Motion ....................................................... 8

                2.      The Shain Trust Has the Largest Financial Interest in the Relief Sought
                        by the Class ................................................................................................... 9

                3.      The Shain Trust Meets Rule 23's Typicality and Adequacy
                        Requirements ............................................................................................... 10

III.    THE SHAIN TRUST'S SELECTION OF THE FARUQI FIRM AS LEAD
        COUNSEL SHOULD BE APPROVED ......................................................................... 12

CONCLUSION ......................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re Crocs, Inc. Sec. Litig.*,
No. 07-cv-02351-REB-KLM, 2008 WL 4298316 (D. Colo. Sept. 17, 2008) ...........8, 9, 10, 11

*In re GE Sec. Litig.*,
No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .....................................6

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ..............................................................................................3

*In re Heritage Bond Litig.*,
No. 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004).......................................11

*Hom v. Vale, S.A.*,
No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)......................................3

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................6, 7

*In re Level 3 Commc'ns, Inc. Sec. Litig.*,
No. 09-cv-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009) .............................7

*Medina v. Clovis Oncology, Inc.*,
No. 15-cv-2546-RM-MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016) ..................................6

*Mishkin v. Zynex, Inc.*,
No. 09-cv-00780-REB-KLM, 2010 WL 749864 (D. Colo. Mar. 3, 2010).........................8, 12

*Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*,
No. 19-CV-124-WJM-SKC, 2019 WL 3714798 (D. Colo. Aug. 7, 2019)................................6

*Pace v. Quintanilla*,
No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014).........................9, 10

*Query v. Maxim Integrated Prods., Inc.*,
558 F. Supp. 2d 969 (N.D. Cal. 2008) ......................................................................................9

*Reitan v. China Mobile Games & Entm't Grp.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014...........................................................................................12

*In re Ribozyme Pharm., Inc. Sec. Litig.*,
192 F.R.D. 656 (D. Colo. 2000) ...........................................................................................9, 11

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...................................10

*Sofran v. LaBranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) .........................................................................................8

*Takara Trust v. Molex, Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005)...........................................................................................10

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
780 F.3d 597 (4th Cir. 2015) ...............................................................................................13

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ................................................................................................10, 11

Fed. R. Civ. P. 42(a) .................................................................................................6

Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel,
Law360 (July 16, 2020) ...........................................................................................15

Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation,
Bloomberg Law (July 30, 2020) .............................................................................15

**CERTIFICATION PURSUANT TO D.C. COLO.LCIVR 7.1(A)**

This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4.  The PSLRA provides that within 60 days after publication of the required notice, any member of the proposed class may move the Court to be appointed as Lead Plaintiff, regardless of whether they have previously filed a complaint in the action.  Due to this procedure, movants Michael A. Shain and Lesley M. Shain, as Trustees for the Shain Trust UA 06/08/2015 (the "Shain Trust") will not know which other class members may move for appointment as Lead Plaintiff until after all the movants have filed their respective motions. Thereafter, the Shain Trust will ascertain whether its motion is opposed by other class members in accordance with the conferral requirement of Rule 7.1(a).

1

The Shain Trust hereby moves this Honorable Court for an order: (1) consolidating the above-captioned actions ("Actions");[1] pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), for the entry of an order appointing the Shain Trsut as Lead Plaintiff for the Action (defined below) and approving the Shain Trust's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[2]

The Shain Trust has timely filed its motion and is the "most adequate plaintiff" under the rules of the PSLRA.  Moreover, the Shain Trust meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this motion as its claims are typical of the other purported class members' claims and it will fairly and adequately represent the putative class.  The Shain Trust also seeks the Court's approval of its selection of the Faruqi Firm, a law firm with substantial experience in prosecuting securities fraud class actions, as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1]     The following two Actions are pending before this Court: (1) *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KLM ("*Shafer*"), which was filed on October 15, 2021; and (2) *Cohen v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-03215-STV ("*Cohen*"), which was filed on December 1, 2021. The *Shafer* Action is brought on behalf of "all persons and entities other than Defendants that purchased or otherwise acquired Lightning eMotors securities between May 7, 2021 and August 16, 2021, both dates inclusive . . . . seeking to recover damages cause by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934[.]" *Shaferl*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Shafer* Compl."). The *Cohen* Action is brought on behalf of "all purchasers of Lightning eMotors securities between December 10, 2020 and August 16, 2021, inclusive . . . . seeking to pursue remedies under the Securities Exchange Act of 1934[.]" *Cohen*, Pl.'s Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Cohen* Compl.").

[2]     Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. in Support of the Shain Trust's Motion for: (1) Consolidation of Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Selection of Lead Counsel filed herewith.

**PRELIMINARY STATEMENT**

The Actions presently pending before this Court are brought on behalf of those who purchased or otherwise acquired Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning eMotors" or the "Company") securities between December 10, 2020 and August 16, 2021, both dates inclusive (the "Class Period"), which seek to recover damages caused by defendants' violations of the Exchange Act.[3]

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder. The Actions also allege claims involving substantially similar facts. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies

---

[3]    For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]"  *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3-4 (S.D.N.Y. Mar. 7, 2016) (finding use of longer class period, which began more than two years prior to the shorter class period, proper for lead plaintiff appointment purposes, and collecting cases). Accordingly, the class period in the *Cohen* complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

3

Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $64,593.33, the Shain Trust, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. The Shain Trust also satisfies Rule 23's typicality and adequacy requirements. The Shain Trust's claims are typical of the Class's claims because it suffered losses on its Lightning eMotors investment as a result of the defendants' false and misleading statements. Further, the Shain Trust has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certifications and selection of experienced class counsel. Accordingly, the Shain Trust is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, the Shain Trust is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Shain has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, the Shain Trust's motion should be granted in its entirety.

### FACTUAL BACKGROUND[4]

Lightning eMotors began as GigCapital3, a blank check company. *Cohen* Complaint ¶ 20.

---

[4] This information comes from the *Cohen* Complaint, but the *Shafer* Complaint contains substantially similar information.

GigCapital3 went public on May 18, 2020. *Id.* at ¶ 22. On December 10, 2020, GigCapital3 issued a press release announcing that it had entered into a merger agreement with Lighting eMotors. *Id.* at ¶ 27. The release represented that Lightning eMotors was experiencing substantial growth and was on track to reach production of 20,000 medium duty commercial electric vehicles by 2025. *Id*. at ¶ 28 The December 10, 2020 press release also touted Lightning eMotor's purported "high visibility" into future revenue, with "100% of projected 2021 revenue of $63 million and 25% of 2022 projected revenue of $354 million under firm purchase orders as of today, and strong line of sight to $2 billion in projected 2025 revenue, including $1 billion from existing fleet customers." *Id*.

On March 26, 2021, Defendants issued the final proxy statement for the merger. *Id.* at ¶ 29. The proxy contained numerous false and misleading statements and omissions, and claimed *inter alia,* that (a) the Company had "optimized" its supply chain for quality, reliability and cost and built in effective redundancies to prevent supply chain disruptions; (b) Lightning eMotors was positioned to reduce cost by up to 50% over the next eighteen months; and (c) Lightning eMotors was continuing to achieve considerable revenue growth and on track to achieve $63 million in 2021 revenues. *Id*.  The merger was consummated on May 6, 2021 and GigCapital3 changed its name to Lightning eMotors. *Id*. at ¶ 30.

Shortly after the merger, Lightning eMotors began to revise down the revenue projections previously provided. *Id*. at ¶ 31. On May 17, 2021, the Company revised its revenue guidance to range of $50 million to $60 million. *Id*. Then, on August 16, 2021, Lightning eMotors issued a release announcing the Company's financial results for the quarter ended June 30, 2020. *Id*. at ¶ 32. Despite earlier assurances about revenue under contract, the Company stated that it would not meet its guidance for 2021. *Id*. On this news, the Company's stock fell 23% over the next three days. *Id*.

at ¶ 33.

Through the Action, the Shain Trust seeks to recover for itself and absent Class members the substantial losses that were suffered as a result of Defendants' false and misleading statements.

## ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered[.]" *Id.*).

Consolidation is appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, No. 19-CV-124-WJM-SKC, 2019 WL 3714798, at *2 (D. Colo. Aug. 7, 2019) (consolidating securities class actions); *Medina v. Clovis Oncology, Inc.*, No. 15-cv-2546-RM-MEH, 2016 WL 660133, at *2 (D. Colo. Feb. 18, 2016) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

6

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants. The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of Peloton securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Kaplan*, 240 F.R.D. at 91-92 (finding consolidation appropriate despite differing class periods where the actions are all "securities fraud claims that arise from a common course of conduct." (internal quotation marks omitted)).

## II.    THE SHAIN TRUST SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), (3).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of publication, for appointment as Lead Plaintiff.  *See In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-cv-00200-PAB-CBS, 2009 WL 10684924, at *1 (D. Colo. May 4, 2009) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the court is then to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members[.]"  Thus, step two involves

establishing a rebuttable presumption that the "most adequate plaintiff" is the person who: (1) has filed the complaint or made a timely motion for lead plaintiff; (2) possesses the largest financial interest in the litigation; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *1-2 (D. Colo. Mar. 3, 2010) (describing the PSLRA's three-step competitive process for determining the "most adequate plaintiff"); *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-REB-KLM, 2008 WL 4298316, at *1-2 (D. Colo. Sept. 17, 2008) (same).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Mishkin*, 2010 WL 749864, at *2.

**B.      Under The PSLRA, the Shain Trust Should Be Appointed Lead Plaintiff**

As discussed below, the Shain Trust should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the Shain Trust holds the largest financial interest of any movant, and it otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      The Shain Trust Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint was required to publish notice of the complaint within twenty (20) days of its filing.  Johnny R. Shafer filed the first action on October 15, 2021, and his counsel published notice of the lead plaintiff deadline via *PR Newswire* that same day.  *See* Ex. A; *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 401

(S.D.N.Y. 2004) (considering publication in *PR Newswire* to be sufficient to satisfy the PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to seek to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before October 24, 2018).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Thus, the Shain Trust's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the Shain Trust timely signed and submitted the requisite certifications, identifying all of its relevant transactions in Lightning eMotors securities during the Class Period, and detailing its suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  Therefore, the PSLRA's procedural requirements have been met.

### 2. The Shain Trust Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors in the inquiry: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 660-61 (D. Colo. 2000); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *see also In re Crocs, Inc.*, 2008 WL 4298316, at *2 (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant.  *See Pace v. Quintanilla*, No. SACV 14-2067-DOC

(RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, the Shain Trust acquired 20,000 net shares and 20,000 total shares of Lightning eMotors common stock, expended $233,450 in net funds, and suffered losses of $64,593.33, when calculated using a last in, first out methodology.  *See* Ex. B.  The Shain Trust is unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.   The Shain Trust Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, In re Crocs, Inc.*, 2008 WL 4298316, at *2 ("As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue.").

The "typicality requirement" is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]"  Fed. R. Civ. P. 23(a)(3).  Typicality

10

exists where the "injury and the conduct are sufficiently similar." *In re Crocs, Inc.*, 2008 WL 4298316, at *2.  Although different plaintiffs may invoke different factual circumstances, typicality is present "so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Id*; *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

The Shain Trust's claims are clearly typical of the Class's claims.  The Shain Trust acquired Lightning eMotors securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possesses claims against Defendants under the federal securities laws.  Because the factual and legal bases of the Shain Trust's claims are similar to those of the Class's claims, he necessarily satisfies the typicality requirements.  *See In re Ribozyme*, 192 F.R.D. at 658 (finding plaintiff group typical where it: (1) purchased defendant stock during the relevant time period; (2) at prices alleged to be artificially inflated by the false and misleading statements issued by defendants; (3) causing damages).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See In re Crocs, Inc.*, 2008 WL 4298316, at *2.

As evidenced by the representations in the Shain Trust's certifications, its interests are

perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Mishkin*, 2010 WL 749864, at *2 (movants' certifications evidenced adequacy to serve as lead plaintiff).

Further, Michael A. Shain and Lesley M. Shain, a married couple and trustees for the Shain Trust have submitted with their joint declaration additional information about themselves, the educational and work background and experience investing clearly demonstrating their adequacy to represent class members. *See* Wilson Decl., Exhibit C.

The Shain Trust has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for their experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, the Shain Trust is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, the Shain Trust respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

### III.    THE SHAIN TRUST'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. The Shain Trust has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's

12

resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained preliminary approval of $5 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of

responsibility and transparency).; *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members) and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., In Re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions

---

[5]    *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (renewal pending).

on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com /our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, the Shain Trust respectfully requests that the Court appoint it as Lead Plaintiff for the Action; approve its selection of the Faruqi Firm as Lead Counsel for the Action; and grant such other relief as the Court may deem just and proper.

Dated:  December 14, 2021          Respectfully submitted,

By: s/ James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (application for admission
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor

---

[6]    *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: jwilson@faruqilaw.com
E-mail: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff The Shain Trust
and [Proposed] Lead Counsel and Local Counsel for the
Class*

16

## CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on December 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

1