# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER, and
TERESA P. COVINGTON

     Defendants.

Civil Action No. 1:21-cv- 03215-STV

JUSTIN COHEN, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3, LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU, and
GIGFOUNDERS, LLC,

     Defendants.

---

**PROPOSED LEAD PLAINTIFF DAVID P. SARRO, KEVIN L. TYE, AND JESS Q. WILLIAMS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

---

4888-6619-6998.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...............................................................................................................1

II.     STATEMENT OF FACTS .................................................................................................2

III.    ARGUMENT......................................................................................................................4

        A.     The Related Actions Should Be Consolidated..........................................................4

        B.     The Sarro Group Satisfies the PSLRA's Requirements and Should Be
               Appointed Lead Plaintiff..........................................................................................5

               1.     The Sarro Group's Motion Is Timely ...........................................................6

               2.     The Sarro Group Has the Largest Financial Interest in the Relief
                      Sought by the Class........................................................................................6

               3.     The Sarro Group Is Typical and Adequate of the Putative Class ................6

        C.     The Court Should Approve the Sarro Group's Selection of Counsel......................8

IV.     CONCLUSION.................................................................................................................10

4888-6619-6998.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Assad v. DigitalGlobe, Inc.*,
   2017 WL 3575229 (D. Colo. Aug. 17, 2017) ...........................................................................7

*Gerneth v. Chiasma, Inc.*,
   No. 1:16-cv-11082-DJC (D. Mass.)..........................................................................................9

*In re Am. Realty Capital Props., Inc. Litig.*,
   No. 1:15-mc-00040-AKH (S.D.N.Y.) ........................................................................................8

*In re Cardinal Health, Inc. Sec. Litig.*,
   No. 2:04-cv-00575-ALM (S.D. Ohio) .......................................................................................9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ....................................................................................................8

*In re Cohen*,
   586 F.3d 703 (9th Cir. 2009) ....................................................................................................8

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006).......................................................................................5

*In re Enron Corp. Sec. Litig.*,
   No. 4:01-cv-03624 (S.D. Tex.) .................................................................................................9

*In re HealthSouth Corp. Sec. Litig.*,
   No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)...............................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   No. 1:01-cv-01451-REB-KLM (D. Colo.) ................................................................................9

*In re UnitedHealth Group Inc. Sec. Litig.*,
   No. 0:06-cv-01691-JMR-FLN (D. Minn.).................................................................................9

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   No. 3:15-cv-07658-MAS-LHG (D.N.J.)....................................................................................8

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) ...................................................................................................9

*Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*,
   No. 1:19-cv-00124-WJM-SKC, ECF No. 41 (D. Colo. Aug. 7, 2019) ....................................8

4888-6619-6998.v1

**Page**

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ..............................................................................................5

*Scuderi v. Mammoth Energy Servs., Inc.*,
2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) .......................................................................5

*Shafer v. Lightning eMotors, Inc*,
No. 1:21-cv-02774-RMR-KLM...............................................................................................1, 5

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.)...........................................................................................8

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
§78u-4(a)(1) .............................................................................................................................5
§78u-4(a)(3)(A)(i)......................................................................................................................5
§78u-4(a)(3)(B)(i) ..................................................................................................................2, 5
§78u-4(a)(3)(B)(ii) .....................................................................................................................2
§78u-4(a)(3)(B)(iii).................................................................................................................2, 6
§78u-4(a)(3)(B)(iii)(I)(cc)..........................................................................................................7
§78u-4(a)(3)(B)(v) .....................................................................................................................8

17 Code of Federal Regulations
§240.10b-5 ...............................................................................................................................1

Federal Rules of Civil Procedure
Rules 23 ............................................................................................................................6, 7, 8
Rule 23(a)...................................................................................................................................7
Rule 42(a)..........................................................................................................................2, 4, 10

4888-6619-6998.v1

David P. Sarro, Kevin L. Tye, and Jess. Q. Williams (the "Sarro Group") hereby move the Court for an order: (1) consolidating *Shafer v. Lightning eMotors, Inc*, No. 1:21-cv-02774-RMR-KLM and *Cohen v. Lightning eMotors, Inc.*, No. 1:21-cv-03215-STV (the "Related Actions"); (2) appointing the Sarro Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and (3) approving the Sarro Group's selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as Lead Counsel.

### D.C. COLO.LCivR 7.1 CERTIFICATION

Pursuant to D.C. COLO.LCiv R 7.1(a), counsel for the Sarro Group has conferred in good faith with counsel for defendants Lightning eMotors, Inc., Timothy R. Reeser, and Teresa P. Covington, who agree that the Related Actions should be consolidated, but take no position on the appointment of lead plaintiff or lead counsel at this time. Due to the PSLRA's lead plaintiff procedure, however, the Sarro Group will not know which other class members, if any, intend to move for appointment as lead plaintiff until after all motions have been filed on December 14, 2021.

### MEMORANDUM OF LAW

### I.    INTRODUCTION

The two Related Actions pending before this Court are federal securities class actions brought on behalf of all persons who purchased or otherwise acquired Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning eMotors" or the "Company") securities against the Company and certain of its officers and related entities for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate here under Rule 42(a) because the Related Actions involve nearly identical questions of law and fact.

Once the consolidation issue is resolved, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Sarro Group should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the selection of Robbins Geller and Johnson Fistel to serve as lead counsel should be approved because the firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. Accordingly, the Sarro Group's motion should be granted.

## II.    STATEMENT OF FACTS

Lightning eMotors designs, manufactures, and sells electric vehicles. The Company produces electric fleet medium- and heavy-duty vehicles, including delivery trucks, shuttle buses, passenger vans, chassis-cab models, and city transit buses.

Lightning eMotors began as GigCapital3, a blank check company. By way of background, a blank check company is sometimes referred to as a special purpose acquisition vehicle, or "SPAC," and does not initially have any operations or business of its own. Rather, it raises money from

- 2 -

investors in an initial public offering and then uses the proceeds from the offering to acquire a business or operational assets, usually from a private company that does not publicly report financial or operating results.  As a result, investors in blank check companies rely on the skill, transparency, and honesty of the blank check company's sponsor to spend the offering proceeds to acquire a fundamentally sound target company that offers attractive risk-adjusted returns for investors.

On December 10, 2020, GigCapital3 issued a release announcing that it had entered into a merger agreement with Lightning eMotors.  On May 7, 2021, Lightning eMotors' common stock and warrants began trading on the New York Stock Exchange under the symbols "ZEV" and "ZEV.WS," respectively.

Defendants are alleged to have made false and misleading statements and/or failed to disclose that: (i) Lightning eMotors was suffering from severe supply chain constraints and cost overruns; (ii) Lightning eMotors was experiencing delays in vehicle deliveries and more tepid customer demand than represented to investors; (iii) Lightning eMotors did not possess "firm" purchase orders and/or an ability to deliver on such orders sufficient to generate $63 million in revenue in 2021; (iv) Lightning eMotors considered purchase orders to be "firm" even if they were non-binding, did not constitute a legal obligation to purchase, and could be canceled or delayed by customers without penalty; (v) Lightning eMotors did not possess "high visibility" into 2021 revenues, let alone its business and operations in subsequent years; (vi) Lightning eMotors was suffering from ballooning costs and worsening gross margin trends; and (vii) as a result, Lightning eMotors' 2021 guidance was not achievable and lacked any reasonable basis in fact.

On April 12, 2021, GigCapital3 disclosed that "[d]uring the period between November 13, 2020 and November 17, 2020 that the Company was working with Oppenheimer and Nomura on a

- 3 -

potential convertible note financing, Lightning Systems informed the Company that it was in the process of revising some of the financial projections previously provided to the Company for fiscal year 2020" and "as a result of Lightning Systems determining that it was projecting fewer delivery of vehicles during the then-current quarter than previously projected which would result in less revenue." *Cohen*, ECF No. 1 at ¶43. In part due to this disclosure, between April 13, 2021 and April 20, 2021, the price of Lightning eMotors stock declined by more than 20%.

Then, on August 16, 2021, Lightning eMotors issued a release announcing its financial results for the second quarter ended June 30, 2021. Despite Lightning eMotors' prior claims that "100%" of 2021 revenue was already under contract, the release stated that Lightning eMotors would not meet guidance for 2021. *Cohen*, ECF No. 1 at ¶32. The release also stated that Lightning eMotors had a net loss per share of $0.79 compared to a loss of $0.10 in the second quarter of 2020. *Id.* On this news, the price of Lightning eMotors stock fell 23% over the next three trading days, damaging investors.

As a result of the decline in the price of Lightning eMotors stock, investors have suffered millions of dollars in losses.

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The Court may consolidate related actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions each assert the same 1934 Act claims against largely the same defendants on behalf of purchasers of Lightning eMotors securities during

- 4 -

overlapping class periods.[1]  Because these Related Actions are largely based on the same facts and legal issues, the same discovery will pertain to both lawsuits.  Accordingly, the Related Actions should be consolidated.  *See Scuderi v. Mammoth Energy Servs., Inc.*, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019).

### B.     The Sarro Group Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[1]    The *Shafer* Action alleges a class period between May 7, 2021 and August 16, 2021, while the *Cohen* Action alleges a class period between December 10, 2020 and August 16, 2021.  This difference in the start dates of the class periods will be easily reconciled by the eventual lead plaintiff upon the filing of a consolidated complaint.  For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," the Sarro Group uses the most inclusive class period of the Related Actions.  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members"); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) ("courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period").

- 5 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).   The Sarro Group meets each of these requirements and should therefore be appointed Lead Plaintiffs.

### 1. The Sarro Group's Motion Is Timely

On October 15, 2021, the plaintiff who filed the first of the Related Actions published notice of the complaint on *PRNewswire* and advised class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff by December 14, 2021.  *See* Declaration of Danielle S. Myers in Support of Proposed Lead Plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams' Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection Of Lead Counsel ("Myers Decl."), Ex. 1.  Because this Motion is being filed by December 14, 2021, it is timely and the Sarro Group is entitled to be considered for appointment as lead plaintiff.

### 2. The Sarro Group Has the Largest Financial Interest in the Relief Sought by the Class

As indicated in their Certifications, the Sarro Group purchased 563,084 shares of Lightning eMotors securities during the Class Period and suffered more than $951,381 in losses as a result of defendants' alleged wrongdoing.  *See* Myers Decl., Exs. 2-3.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Sarro Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Sarro Group Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-

- 6 -

4888-6619-6998.v1

4(a)(3)(B)(iii)(I)(cc). "'As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a) – typicality and adequacy – impact the analysis of the lead plaintiff issue.'" *Assad v. DigitalGlobe, Inc.*, 2017 WL 3575229, at *3 (D. Colo. Aug. 17, 2017) (citation omitted). "'Typicality exists where the injury and the conduct are sufficiently similar,' and the PSLRA 'directs courts to limit their inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class."' *Id.* (citation omitted). The Sarro Group satisfies these requirements.

The Sarro Group's claims are typical of the proposed class because their claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. In other words, like all other class members, the Sarro Group: (1) purchased Lightning eMotors securities during the Class Period; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby.

As to adequacy, the Sarro Group's substantial stake in the outcome of the case indicates that they have requisite incentive to vigorously represent the class's claims. The Sarro Group's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Sarro Group's interests and the class's interests. The Sarro Group's three members have amply demonstrated their adequacy by submitting a Joint Declaration affirming their pre-existing relationships and their plan to jointly serve as class representatives. *See* Myers Decl., Ex. 4. The Joint Declaration – which sets forth the members' residences, professional backgrounds, investment experience, and other qualifications – establishes their *prima facie* adequacy showing and enables the Court and absent class members to independently assess the Sarro Group's ability to satisfy Rule 23's prerequisites.

- 7 -

4888-6619-6998.v1

As such, the Sarro Group satisfies the Rule 23 requirements for the purposes of this Motion.

### C.    The Court Should Approve the Sarro Group's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *See In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002); *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).  The Sarro Group has selected Robbins Geller and Johnson Fistel to serve as lead counsel for the class.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.[2]  The Firm's securities practice group includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, No. 1:19-cv-00124-WJM-SKC, ECF No. 41 (D. Colo. Aug. 7, 2019) (appointing Robbins Geller lead counsel in securities case).

Over the last two years, Robbins Geller has recovered more than $3 billion on behalf of investors in securities class actions, including in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar,*

---

2    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4888-6619-6998.v1

*Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in this District and Circuit, as well as in the Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits.[3]

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation. Johnson Fistel has been appointed as lead or co-lead counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors. *See* https://www.johnsonfistel.com/. Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See, e.g., Gerneth v. Chiasma, Inc*., No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement).

Accordingly, the Sarro Group's selection of counsel should be approved.

---

[3]    *See, e.g.*, *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re Enron Corp. Sec. Litig*., No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig*., No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit)*; Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig*., No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re HealthSouth Corp. Sec. Litig*., No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4888-6619-6998.v1

## IV.    CONCLUSION

The Related Actions are nearly identical and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Once the Related Actions are consolidated, the Sarro Group, which meets all of the PSLRA's lead plaintiff requirements, respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Robbins Geller and Johnson Fistel as Lead Counsel.

DATED:  December 14, 2021            ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS


        s/ Danielle S. Myers
       DANIELLE S. MYERS

JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

- 10 -

4888-6619-6998.v1

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 11 -

4888-6619-6998.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 14, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4888-6619-6998.v1

## Mailing Information for a Case 1:21-cv-02774-RMR-KLM Shafer v. Lightning eMotors, Inc et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,adam.apton@gmail.com

- **Boris Feldman**
  boris.feldman@freshfields.com,caroline.bane@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.do

- **Doru Gavril**
  doru.gavril@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@fr

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Drew Stansell Liming**
  drew.liming@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,anthony.denatale@freshfields.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Margaret Abigail West**
  abigail.west@freshfields.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Mailing Information for a Case 1:21-cv-03215-STV Cohen v. Lightning eMotors, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffb@johnsonfistel.com,jeffreyberens@comcast.net

- **Boris Feldman**
  boris.feldman@freshfields.com,caroline.bane@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.do

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **Doru Gavril**
  doru.gavril@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@fr

- **Drew Stansell Liming**
  drew.liming@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,anthony.denatale@freshfields.com

- **Margaret Abigail West**
  abigail.west@freshfields.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)