**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No**.: 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and On
Behalf of All Others Similarly Situated,

                              Plaintiff,
             v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER, and
TERESA P. COVINGTON,

                              Defendants.

---

**Civil Action No**.: 1:21-cv-03215-STV

JUSTIN COHEN, Individually and On Behalf of
All Others Similarly Situated,

                              Plaintiff,
             v.

LIGHTNING EMOTORS, INC., TIMOTHY
R. REESER, TERESA P. COVINGTON,
GIGACQUISITIONS3, LLC, GIGCAPITAL
GLOBAL, AVI S. KATZ, RALUCA DINU,
and GIGFOUNDERS, LLC,

                              Defendants.

---

**NOTICE OF MOTION AND MOTION OF ROBERT M. POPE FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## TABLE OF CONTENTS

**Page(s)**

CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) ......................................................2

PRELIMINARY STATEMENT ...............................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT..............................................................................................................................5

      A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED
            FOR ALL PURPOSES ...............................................................................................5

      B.      POPE SHOULD BE APPOINTED LEAD PLAINTIFF .......................................6

            1.      Pope Is Willing to Serve as Class Representative ......................................7

            2.      Pope Has the "Largest Financial Interest".................................................8

            3.      Pope Otherwise Satisfies the Requirements of Rule 23
                of the Federal Rules of Civil Procedure.........................................................9

            4.      Pope Will Fairly and Adequately Represent the Interests
                of the Class and Is Not Subject to Unique Defenses ................................12

      C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL
            SHOULD BE APPROVED .....................................................................................12

CONCLUSION.........................................................................................................................13

CERTIFICATE OF SERVICE ................................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................6

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006)......................................................................................10

*Cohen v. Lightning eMotors, Inc. et al.*,
  No. 1:21-cv-03215 (D. Colo. Dec. 1, 2021) ..........................................................1, 2

*Cooke v. Equal Energy Ltd.*,
  No. CIV-14-0047-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) .......................6

*Darwin v. Taylor*,
  No. 12-CV-01038-CMA-CBS, 2012 WL 5250400 (D. Colo. Oct. 23, 2012)...........8

*Friedman v. Quest Energy Ptnrs. LP*,
  261 F.R.D. 607 (W.D. Okla. 2009).............................................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....................8, 13

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .....................6

*In re NPS Pharm., Inc. Sec. Litig.*,
  No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948 (D. Utah Nov. 17, 2006) ..................9, 10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................8

*Lane v. Page*,
  250 F.R.D. 634 (D.N.M. 2007).............................................................................10, 12

*Lax v. First Merch. Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).......................................8

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993).......................................................................................5

ii

*Meyer v. Paradigm Med. Indus.*,
  225 F.R.D. 678 (D. Utah 2004) ........................................................................................10, 11

*Scuderi v. Mammoth Energy Servs., Inc.*,
  No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) ..................................5

**Statutes**

15 U.S.C. § 78u–4(a)(3)........................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................................. *passim*

Fed. R. Civ. P. 42...............................................................................................................1, 2, 5

## NOTICE OF MOTION AND MOTION

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Robert M. Pope ("Pope"), by and through his counsel, will and does hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Pope as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Lightning eMotors, Inc. ("Lightning eMotors") f/k/a GigCapital3, Inc. ("GigCapital3") between December 10, 2020 and August 16, 2021, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]  This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

---

[1] The complaint in the first-filed of the Related Actions, styled *Shafer v. Lightning eMotors, Inc. et al.*, No. 1:21-cv-02774 (the "*Shafer* Action"), filed in this Court on October 15, 2021, alleges a class period that only includes persons and entities that purchased or otherwise acquired Lightning eMotors securities between May 7, 2021 and August 16, 2021, both dates inclusive. *See* Class Action Compl. for Viols. Fed. Secs. Laws ¶ 1, ECF No. 1.  On December 1, 2021, the complaint in the second-filed of the Related Actions was filed in this Court, alleging substantially the same wrongdoing as the *Shafer* Action against overlapping defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired Lightning eMotors securities between December 10, 2020 and August 16, 2021, inclusive.  *See* Pl.'s Class Action Compl. for Viols. Fed. Secs. Laws ¶ 1, *Cohen v. Lightning eMotors, Inc. et al.*, No. 1:21-cv-03215 (D. Colo. Dec. 1, 2021) (the "*Cohen* Action"), ECF No. 1.  Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Cohen* Action.

1

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Pope state that they were not able to confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Pope's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. *See* Class Action Compl. for Viols. Fed. Secs. Laws ¶ 1, ECF No. 1; Pl.'s Class Action Compl. for Viols. Fed. Secs. Laws ¶ 1, *Cohen* Action, ECF No. 1. Lightning eMotors investors, including Pope, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Lightning eMotors securities to fall sharply, damaging Pope and other Lightning eMotors investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2). Here, the Related Actions are putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from substantively the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

2

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  In connection with his transactions in Lightning eMotors securities during the Class Period, Pope incurred losses of approximately $70,098.  *See* Lieberman Decl., Exhibit ("Ex.") A.  Accordingly, Pope believes that he has the largest financial interest in the relief sought in the Related Actions.  Beyond his considerable financial interest, Pope also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Pope has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Pope respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaint in the *Shafer* Action, Lightning eMotors designs, manufactures, and sells electric vehicles.  Class Action Compl. for Viols. Fed. Secs. Laws ¶ 2, ECF No. 1.  The Company produces electric fleet medium- and heavy-duty vehicles, including delivery trucks, shuttle buses, passenger vans, chassis-cab models, and city transit buses.  *Id.*

3

Prior to its business combination with Lightning eMotors, as described below, GigCapital3 was a special purpose acquisition company, also known as a blank check company, incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization, or similar business combination with one or more businesses or entities. *Id*. ¶ 3.

On May 6, 2021, Lightning eMotors consummated a business combination (the "Business Combination") with Lightning Systems, Inc. ("Lightning Systems") pursuant to a certain Business Combination Agreement, dated as of December 10, 2020, by and among GigCapital3, Project Power Merger Sub, Inc., and Lightning Systems. *Id*. ¶ 4.  In connection with the consummation of the Business Combination, the Company changed its name from GigCapital3, Inc. to Lightning eMotors, Inc.  *Id*.  On May 7, 2021, the Company's common stock and warrants began trading on the New York Stock Exchange under the symbols "ZEV" and "ZEV.WS", respectively.  *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  *Id*. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company would record a substantially greater net loss per share in the second quarter of 2021 compared to the second quarter of 2020 and would pull its full year guidance for the remainder of 2021; (ii) accordingly, the Company materially overstated its financial position and/or prospects; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id*.

On August 16, 2021, post-market, Lightning eMotors announced the Company's financial results for the second quarter of 2021, including a net loss per share of $0.79 compared to a loss of $0.10 in the second quarter of 2020. *Id*. ¶ 6. The Company also pulled its full year financial guidance for the remainder of 2021, just days after announcing a multi-year agreement with Forest River, a Berkshire Hathaway company. *Id*.

On this news, Lightning eMotors's stock price fell $1.63 per share, or 16.93%, to close at $8.00 per share on August 17, 2021. *Id*. ¶ 7.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages. *See id*. ¶ 8.

ARGUMENT

A. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *1-*2 (W.D. Okla.

5

Sept. 13, 2019); *Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C, 2014 WL 3819159, at *1 (W.D. Okla. May 8, 2014). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Lightning eMotors' securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502), at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B. POPE SHOULD BE APPOINTED LEAD PLAINTIFF

Pope should be appointed Lead Plaintiff because he has the largest financial interest in the Related Actions to his knowledge and otherwise meets the requirements of Rule 23. Section

6

21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of the Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u–4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

As set forth below, Pope satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1.    Pope Is Willing to Serve as Class Representative**

On October 15, 2021, Pomerantz, counsel for the plaintiff in the *Shafer* Action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Company

and certain of its officers, and advised investors of Lightning eMotors securities that they had until December 14, 2021—*i.e.*, sixty days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

Pope has filed the instant motion pursuant to the Notice, and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Pope satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Pope Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii). As of the time of the filing of this motion, Pope believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the *Lax* Factors is the approximate loss suffered. *See, e.g.*, *Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS, 2012 WL 5250400, at *2 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action."); *Friedman v.*

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

*Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009) (equating financial interest with economic loss); *In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *1-*2 (D. Utah Nov. 17, 2006) (same).

During the Class Period, Pope: (1) purchased 47,665 shares of Lightning eMotors common stock; (2) expended $453,973 on his purchases of Lightning eMotors securities; (3) retained 47,665 shares of his Lightning eMotors common stock; and (4) as a result of the disclosures of the fraud, suffered a loss of approximately $70,098 in connection with his Class Period purchases of Lightning eMotors securities. *See* Lieberman Decl., Ex. A. Because Pope possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

**3.    Pope Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

9

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007). Moreover, "only subsection (3) ('typicality') and subsection (4) ('adequacy') are relevant to the consideration of motions for appointment as lead plaintiff." *NPS*, 2006 WL 6627948, at *2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

The typicality requirement of Rule 23(a)(3) is satisfied when "the 'injury and the conduct are sufficiently similar.'" *Meyer*, 225 F.R.D. at 680 (quoting *Adamson v. Bowen*, 855 F.2d 668, 767 (10th Cir. 1988)). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)). In addition, "a difference in the factual situations of class members *per se*, does not defeat typicality under Rule 23(a)(3) . . . as long as the claims of class representatives and other class members are based on the same legal or remedial theory." *Meyer*, 225 F.R.D. at 680.

The claims of Pope are typical of those of the Class. Pope alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Lightning eMotors, or by omitting to state material facts necessary to make the statements they did make not

misleading.  Pope, as did all Class members, purchased Lightning eMotors securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied "by fulfilling two requirements.  First, there must be an absence of potential conflict between the named plaintiffs and other class members.  Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'"  *Meyer*, 225 F.R.D. at 681 (quoting *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

Pope is an adequate representative for the Class.  There is no antagonism between the interests of Pope and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Pope has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v).  In addition to Pomerantz, Pope is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Pope has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

11

4.      **Pope Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Pope as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The ability and desire of Pope to fairly and adequately represent the Class has been discussed above.  Pope is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Pope should be appointed Lead Plaintiff for the Class.

C.  **LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Lane*, 250 F.R.D. at 647 ("[T]he PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001))).  The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Pope has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has

12

successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, Pope's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Pope's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Pope respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Pope respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Pope as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  December 14, 2021                   Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ Jeremy A. Lieberman*
                                            Jeremy A. Lieberman

13

J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Robert M. Pope and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Robert M. Pope*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2021, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION OF ROBERT M. POPE FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to all counsel of record.