## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Action No**.: 1:21-cv-02774-RMR-KLM

JOHNNY R. SHAFER, Individually and On
Behalf of All Others Similarly Situated,

                         Plaintiff,

         v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER, and
TERESA P. COVINGTON,

                         Defendants.

---

**Civil Action No**.: 1:21-cv-03215-STV

JUSTIN COHEN, Individually and On
Behalf of All Others Similarly Situated,

                         Plaintiff,

         v.

LIGHTNING EMOTORS, INC., TIMOTHY
R. REESER, TERESA P. COVINGTON,
GIGACQUISITIONS3, LLC, GIGCAPITAL
GLOBAL, AVI S. KATZ, RALUCA DINU,
and GIGFOUNDERS, LLC,

                         Defendants.

---

## [PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL

**WHEREAS**, the Court has considered the competing motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel,

**IT IS HEREBY ORDERED THAT**:

I.      **CONSOLIDATION OF RELATED ACTIONS**

1.      Pursuant to Federal Rule of Civil Procedure 42, the above-captioned related actions are hereby consolidated for all purposes into one action.

2.      These actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

3.      Every pleading in this Consolidated Action shall bear the following Caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **IN RE LIGHTNING EMOTORS, INC. SECURITIES LITIGATION** | No. 1:21-cv-02774-RMR-KLM |
| **THIS DOCUMENT RELATES TO:** | CLASS ACTION<br><br>**[TITLE OF DOCUMENT]** |

4.      When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5.      This Court requests assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might not properly be consolidated as part of this Consolidated Action.

1

## II.     MASTER DOCKET AND MASTER FILE

6.      A Master Docket and Master File shall be established for the Consolidated Action.   The Master File shall be No. 1:21-cv-02774-RMR-KLM.   All orders, pleadings, motions, and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable.  When an order, pleading, motion, or document is filed with a caption indicating that it is applicable to fewer than all individual actions in the Consolidated Action, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III.     APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7.      Having reviewed all pending Motions and accompanying Memoranda of Law, the Court hereby appoints Robert M. Pope ("Pope") as Lead Plaintiff in the Consolidated Action. Pope satisfies the requirements for Lead Plaintiff appointment pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

8.      Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel in the Consolidated Action.

9.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

(a)      to coordinate the briefing and argument of motions;

(b)      to coordinate the conduct of discovery proceedings;

(c)      to coordinate the examination of witnesses in depositions;

(d)      to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e)      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)      to coordinate all settlement negotiations with counsel for defendants;

2

(g)     to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)     to supervise any other matters concerning the prosecution, resolution, or settlement of the Consolidated Action.

10.     No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

11.     Counsel in any related action that is consolidated with this Consolidated Action shall be bound by this organization of plaintiffs' counsel.

12.     Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

13.     Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

14.     Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

15.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

3

**SO ORDERED.**

Dated: _____

      Denver, Colorado

                              _____

HONARABLE KRISTEN L. MIX
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

4