IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KLM (consolidated with 1:21-cv-3215-STV)

JOHNNY R. SHAFER, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY RICHARD REESER, and
TERESA P. COVINGTON,

      Defendants.

---

**PROPOSED LEAD PLAINTIFFS DAVID P. SARRO, KEVIN L. TYE, AND JESS Q. WILLIAMS' MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

---

4863-0036-5320.v1

David P. Sarro, Kevin L. Tye, and Jess Q. Williams (the "Sarro Group") respectfully submit this memorandum in further support of their motion for appointment as lead plaintiff (ECF No. 30), and in opposition to the competing motions for appointment as lead plaintiff.  *See* ECF Nos. 23, 25, 27, 28, 32.

## I.  INTRODUCTION AND BACKGROUND

Six motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) the Sarro Group; (2) Daniel Volkert, Jeremy Mascarella, and Randall Green; (3) Bridget Gordon; (4) Simon W. Chong; (5) Michael A. Shain and Lesley M. Shain, as Trustees for the Shain Trust UA 06/08/2015 (the "Shain Trust"); and (6) Robert M. Pope.[1]  On January 3, 2022, the Shain Trust filed a notice of non-opposition, recognizing that the "Shain Trust does not possess the largest financial interest among the movants."  ECF No. 40.  On January 4, 2022, Robert M. Pope and Daniel Volkert, Jeremy Mascarella, and Randall Green filed similar notices of non-opposition and Bridget Gordon withdrew her motion.  *See* ECF Nos. 41-43.

Based on information contained in the original submissions by the lead plaintiff movants, the Sarro Group is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Sarro Group's losses of over $951,381 are more than five times the losses claimed by the other lead plaintiff movants ***combined***, and the Sarro Group otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[1]     On December 17, 2021, the Court consolidated the two related actions pending in this Court. *See* ECF No. 36.

4863-0036-5320.v1

Accordingly, the Sarro Group should be appointed as Lead Plaintiff and their selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as Lead Counsel should be approved.

## II.    ARGUMENT

### A.    The Sarro Group Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

"The PSLRA establishes a presumption that the potential lead plaintiffs with the largest financial interest should be appointed as lead plaintiffs, assuming they otherwise meet the requirements of Federal Rule of Civil Procedure 23." *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM-NYW, ECF No. 30 at 2 (D. Colo. Nov. 6, 2017). "'While the PSLRA does not specify how we should decide which plaintiff group has the "largest financial interest" in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses.'" *Duane & Virginia Lanier Tr. v. Sandridge Energy, Inc.*, 2016 WL 1056653, at *2 (W.D. Okla. Mar. 16, 2016) (citation omitted); *see also DaVita*, No. 1:17-cv-00304-WJM-NYW, ECF No. 30 at 2 ("Plaintiffs also allege their combined losses from relevant transactions totaled over $400,000 . . . . [N]o other shareholder(s) has shown that it has a larger financial interest in this litigation, and these Plaintiffs are therefore the presumptive choice to be lead plaintiffs.").

There can be no legitimate dispute, then, that the Sarro Group possesses the "largest financial interest" in this litigation:

| MOVANT | ALLEGED LOSS |
|---|---|
| **The Sarro Group** | **$951,381** |
| Robert M. Pope (filed a notice of non-opposition) | $70,098 |
| The Shain Trust (filed a notice of non-opposition) | $64,593.33 |
| Daniel Volkert, Jeremy Mascarella, and Randall | $19,116.05 |

- 2 -

| MOVANT | ALLEGED LOSS |
|---|---|
| Green (filed a notice of non-opposition) | |
| Simon W. Chong | $6,329.07 |
| Bridget Gordon (withdrawn) | $396 |

*See* ECF Nos. 31-3, 33-1, 28, 24-2, 27-3, 25-5.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Sarro Group must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). As evidenced by the information provided by the Sarro Group in their lead plaintiff application, there is no question that the Sarro Group is both typical and adequate of the putative class here. *See* ECF No. 30 at 6-8. Moreover, the Sarro Group has provided the Court with a Joint Declaration affirming their preexisting relationships, their plan to jointly serve as class representatives, and also provides sufficient information to enable the Court and competing movants to assess the Sarro Group's ability to meet Rule 23's requirements. *See* ECF No. 31-4. The Sarro Group's Joint Declaration sets forth the members' residences, professional backgrounds, investment experience, and other qualifications, all of which demonstrate their overall sophistication and preparedness to lead this case. *Id.*

Because the Sarro Group clearly has the largest financial interest and satisfies Rule 23's requirements, the Sarro Group is presumptively the "most adequate plaintiff."

**B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor
of the Sarro Group Cannot Be Rebutted**

The presumptive lead plaintiff, in this case the Sarro Group, must be appointed unless it is ***proven*** that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of

- 3 -

protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair [] and adequate []' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original) (citation omitted); *see also In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).

There can be no dispute that the Sarro Group meets the adequacy and typicality requirements. *See* ECF No. 30 at 6-8. In addition, no competing movant can present proof to rebut the presumption which lies in favor of the Sarro Group. The Sarro Group has also selected counsel which is highly experienced in securities litigation. *See id.* at 8-9. Consequently, the presumption of "most adequate plaintiff" which lies in favor of the Sarro Group cannot be rebutted. The Sarro Group's motion for appointment as lead plaintiff and approval of selection of counsel should be granted. Conversely, the motions filed by Mr. Volkert, Mr. Mascarella, and Mr. Green; Ms. Gordon; Mr. Chong; and the Shain Trust should be denied.

III.    **CONCLUSION**

The Sarro Group possesses the largest financial interest in the relief sought by the class. In addition, the Sarro Group meets the requirements of typicality and adequacy, and the presumption which lies in favor of the Sarro Group cannot be rebutted. The remaining movants fail to possess the largest financial interest in the relief sought by the class. As a result, the Sarro Group respectfully

- 4 -

requests that this Court enter an order: (1) appointing the Sarro Group to serve as Lead Plaintiff in

the consolidated action; (2) approving the Sarro Group's selection of Lead Counsel; and (4) denying

the competing motions for appointment as lead plaintiff.

DATED:  January 4, 2022                           Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                                  DANIELLE S. MYERS
                                                  JENNIFER N. CARINGAL
                                                  MICHAEL ALBERT
                                                  JUAN CARLOS SANCHEZ

                                                          s/ Danielle S. Myers
                                                        DANIELLE S. MYERS

                                                  655 West Broadway, Suite 1900
                                                  San Diego, CA  92101
                                                  Telephone:  619/231-1058
                                                  619/231-7423 (fax)
                                                  dmyers@rgrdlaw.com
                                                  jcaringal@rgrdlaw.com
                                                  malbert@rgrdlaw.com
                                                  jsanchez@rgrdlaw.com

                                                  JOHNSON FISTEL, LLP
                                                  JEFFREY A. BERENS
                                                  2373 Central Park Boulevard, Suite 100
                                                  Denver, CO 80238-2300
                                                  Telephone: 303/861-1764
                                                  303/861-1764 (fax)
                                                  jeffb@johnsonfistel.com

                                                  JOHNSON FISTEL, LLP
                                                  MICHAEL I. FISTEL, JR.
                                                  40 Powder Springs Street
                                                  Marietta, GA  30064
                                                  Telephone:  470/632-6000
                                                  770/200-3101 (fax)
                                                  michaelf@johnsonfistel.com

                                                  [Proposed] Lead Counsel for [Proposed] Lead
                                                  Plaintiff

- 5 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 4, 2022, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="margin-left: 40%;">

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

</div>

4863-0036-5320.v1

# Mailing Information for a Case 1:21-cv-02774-RMR-KLM Shafer v. Lightning eMotors, Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffb@johnsonfistel.com,jeffreyberens@comcast.net

- **Boris Feldman**
  boris.feldman@freshfields.com,caroline.bane@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.do

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **Doru Gavril**
  doru.gavril@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@fr

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Drew Stansell Liming**
  drew.liming@freshfields.com,usmanagingattorneyteam@freshfields.com,lisa.flegenheimer@freshfields.com,anthony.denatale@freshfields.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Margaret Abigail West**
  abigail.west@freshfields.com

- **James Milligan Wilson , Jr**
  jwilson@faruqilaw.com,ecf@faruqilaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)