**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KLM (consolidated with 1:21-cv-3215-KLM)

JOHNNY R. SHAFER,
JUSTIN COHEN, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

      Defendants.

---

**PLAINTIFFS' NOTICE OF RECENT AUTHORITY**

---

4868-2170-7848.v1

Plaintiffs respectfully notify the Court of the decision in *Delman v. GigAcquisitions3, LLC*, 2023 WL 29325 (Del. Ch. Jan. 4, 2023), attached hereto as Exhibit A, which was issued January 4, 2023 and is relevant to the Court's consideration of Plaintiffs' Opposition to Defendants' Motions to Dismiss the Consolidated Complaint (ECF 76) (the "Opposition" or "Opp.").

*Delman* addresses allegations of breach of fiduciary duty and unjust enrichment against many of the same defendants at issue in this case, including Defendants Avi S. Katz, Raluca Dinu, Neil Miotto, John J. Mikulsky, Andrea Betti-Berutto, Peter Wang, and GigAcquisitions3, LLC. *Id.* at *7. As is the case here, the *Delman* allegations concern GigCapital3, Inc.'s (now Lightning eMotors, Inc.) formation and the March 26, 2021 Proxy[1] for its Business Combination with Lightning Systems. Certain of the allegations in *Delman*, much like the allegations here, concern the Gig Defendants' failure to disclose to investors (in the Proxy) the fact that Lightning eMotor's business could not scale in the way defendants represented. *Id.* at *24. In denying the defendants' motion to dismiss, Vice Chancellor Will made several findings in *Delman* that are relevant to both falsity and scienter in this action.

First, the court found that:

> The nature of Lightning's business model was "knowable" through the sort of diligence and analysis expected of the board of a Delaware corporation undertaking a major transaction. It can be inferred that the defendants knew (and should have disclosed) or should have known (but failed to investigate) that Lightning's production would be difficult to scale in the manner predicted.

---

[1] The *Delman* opinion lists March 22, 2021 as the date for the Proxy. *Id.* at *6. This appears to be an error; the proxy statement discussed in *Delman* is the same as the March 26, 2021 Proxy at issue in Plaintiffs' complaint. Indeed, paragraph 49 the *Delman* complaint, which the court cites at *Delman*, 2023 WL 29325, at *6 n.56, contains the correct March 26, 2021 date.

4868-2170-7848.v1

*Delman*, 2023 WL 29325, at \*24. The court identified that "the problem" with the publicly disclosed "lofty" projections for Lightning was that they "were not counterbalanced by impartial information." *Id.* This meant that "[s]tockholders were kept in the dark about what they could realistically expect from the combined company," even when "the Board had good reason to question Lightning's future capabilities. Yet the Proxy was silent." *Id.* These findings support Plaintiffs' contention that the Gig Defendants issued false and misleading statements in the Proxy with scienter. Opp. at 6-7, 18-22, 36-39.

Second, the court found that "[t]he nature of the [founders' shares] incentivized [the Sponsor] to complete a merger with Lightning, even if the deal proved disastrous for non-redeeming public stockholders" and rejected the argument, also advanced by Defendants here, that just because "Gig3 had 11 months left to consummate a transaction does not" negate that motive. *Delman*, 2023 WL 29325, at \*17. The court noted that, "[d]rawing all inferences in the plaintiff's favor, the Sponsor might have desired to take the money in hand and focus on the next 'Gig' SPAC rather than continuing to seek a target for Gig3." *Id.* The court also found that defendant Avi Katz, and through him GigAcquisitions3, had "close ties to and influence over each of the directors," *id.* at \*15, and rejected the argument that the intrinsic conflict between the Gig3 board's and GigAcquisition3's economic incentives and SPAC shareholders' should be disregarded because the conflicting incentives were disclosed in the prospectus and Proxy. *Id.* at \*14. These findings support Plaintiffs' contention that they have adequately pled the Gig Defendants' negligence and scienter. *See* Opp. at 36-39, 41-44.

DATED: January 10, 2023                    JOHNSON FISTEL, LLP
                                           JEFFREY A. BERENS

- 2 -

4868-2170-7848.v1

s/ JEFFREY A. BERENS
JEFFREY A. BERENS

2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
HILLARY B. STAKEM
HEATHER G. GEIGER
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
hstakem@rgrdlaw.com
hgeiger@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 3 -

4868-2170-7848.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JEFFREY A. BERENS
JEFFREY A. BERENS

2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
Email: jeffb@johnsonfistel.com

4868-2170-7848.v1

## Mailing Information for a Case 1:21-cv-02774-RMR-KLM Shafer v. Lightning eMotors, Inc et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffb@johnsonfistel.com,paralegal@johnsonfistel.com

- **Mary Ellen Conner**
  maryellenc@johnsonfistel.com,paralegal@johnsonfistel.com

- **Boris Feldman**
  boris.feldman@freshfields.com,usmanagingattorneyteam@freshfields.com,6188914420@filings.docketbird.com,michelle.stephens@freshfields.com

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **David Ian Freeburg**
  David.freeburg@us.dlapiper.com,paige.plassmeyer@us.dlapiper.com,jacey.bittle@us.dlapiper.com

- **Doru Gavril**
  doru.gavril@freshfields.com,usmanagingattorneyteam@freshfields.com,jonathan.sampson@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@f

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,tsayre@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Drew Stansell Liming**
  drew.liming@freshfields.com,usmanagingattorneyteam@freshfields.com,anthony.denatale@freshfields.com,sheana.chandar@freshfields.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dand@rgrdlaw.com,HSchlesier@rgrdlaw.com,tholindrake@rgrdlaw.com,dmyers@ecf.courtdrive.com,mwaligurski@rgrdlaw.com,HStakem@rg

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Gaspard H. Rappoport**
  gaspard.rappoport@us.dlapiper.com

- **Hillary Bryn Stakem**
  hstakem@rgrdlaw.com

- **Melanie E. Walker**
  melanie.walker@us.dlapiper.com

- **James Milligan Wilson , Jr**
  jwilson@faruqilaw.com,ecf@faruqilaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)