# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KLM (consolidated with 1:21-cv-03215-KLM)

JOHNNY R. SHAFER and JUSTIN COHEN,
Individually and On Behalf of All Others
Similarly Situated,

          Plaintiffs,

      v.

LIGHTNING EMOTORS, INC., TIMOTHY
R. REESER, TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC, GIGCAPITAL
GLOBAL, AVI S. KATZ, RALUCA DINU,
NEIL MIOTTO, GIGFOUNDERS LLC,
BRAD WEIGHTMAN, ANDREA BETTI-
BERUTTO, PETER WANG, JOHN J.
MIKULSKY, and ROBERT FENWICK-
SMITH,

          Defendants.

---

**GIGACQUISITIONS3 LLC, GIGCAPITAL GLOBAL, AVI S. KATZ, RALUCA DINU, NEIL MIOTTO, GIGFOUNDERS LLC, BRAD WEIGHTMAN, ANDREA BETTI-BERUTTO, PETER WANG, AND JOHN MIKULSKY'S
RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY**

---

1

Defendants GigAcquisitions3, LLC, GigCapital Global, Avi S. Katz, Raluca Dinu, Neil Miotto, GigFounders LLC, Brad Weightman, Andrea Betti-Berutto, Peter Wang, and John J. Mikulsky (the "Gig3 Defendants") respectfully submit this Response to Plaintiffs' Notice of Recent Authority (the "Notice"). (Dkt. No. 88.)

Contrary to Plaintiffs' assertion, the Delaware Court of Chancery's decision in *Delman v. GigAcquisitions3, LLC*, 2023 WL 29325 (Del. Ch. Jan. 4, 2023), on the defendants' motion to dismiss in that action is not relevant to this Court's consideration of the Gig3 Defendants' Motion to Dismiss the Consolidated Complaint in this action, for two principal reasons.

***First***, the disclosure standard under Delaware fiduciary duty law is different from the disclosure standard under the Federal securities laws at issue here. In *Delman*, the plaintiff asserts Delaware state law claims for breach of fiduciary duty and unjust enrichment based on allegations that the merger between Gig3 and Lightning "was unfair to Gig3's public stockholders" and that defendants "depriv[ed] stockholders of information necessary to decide whether to redeem or to invest in the combined company." *See id.* at *8. The Delaware Chancery Court determined that SPAC fiduciaries have an affirmative duty, under state law, to disclose "'fully and fairly all material information' that is reasonably available about the merger and target to inform the redemption decision." *Id.* at *12 (citation omitted). The Federal securities laws contain no such affirmative disclosure obligation. Rather, the Federal securities laws prohibit the dissemination of materially false and misleading statements. *See Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013); *Britton v. Parker*, 2007 WL 2871003, at *8 (D. Colo. Sept. 26, 2007); *Anderson v. Spirit Aerosys. Holdings, Inc.*, 827 F.3d 1229, 1236-37 & n.4 (10th Cir. 2016). Thus, the Delaware Chancery Court's determination that the complaint in *Delman* pleaded "reasonably conceivable" claims that the disclosures regarding the merger were "*inadequate*" (*see id.* at *13,

2

*25 (emphasis added)) says nothing about whether the Complaint in this action adequately alleges a materially false or misleading statement that is actionable under the Federal securities laws. Indeed, while Plaintiffs point to the decision in *Delman* in an effort to bolster their claims based on Lightning's projections, they ignore the Safe Harbor for forward-looking statements under Federal law, which has no counterpart in Delaware. *See* Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 USC § 78u-5(c)(1).

**Second**, the pleading standard under Delaware Court of Chancery Rule 12(b)(6) is much more lenient than the pleading standards applicable here. The pleading standards for purposes of a Delaware Court of Chancery Rule 12(b)(6) motion are "minimal," and require only that the plaintiff's claims be "reasonably conceivable." *See Delman*, 2023 WL 29325 at *8. In contrast, even under Federal Rule of Civil Procedure 8, Plaintiffs' Complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Cent. Mortg. v. Morgan Stanley Mortg. Cap. Holdings LLC,* 27 A.3d 531, 537 & n.13 (Del. 2011) (noting that the *Twombly-Iqbal* "plausibility" standard is higher than Delaware's governing "conceivability" standard). And the pleading standards for falsity and scienter under the PSLRA are considerably more stringent. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). Thus, while Plaintiffs note that the Delaware court "inferred" from the due diligence process "that the defendants knew … or should have known … that Lightning's production would be difficult to scale" (Notice at 1, citing *Delman*, 2023 WL 29325 at *24), such an inference would be insufficient to sustain Plaintiffs' Federal securities claims. *See, e.g., Murdeshwar v. Search Media Holdings Ltd.*, 2011 WL 7704347, at *17 (S.D. Fla. Aug. 8, 2011) ("[M]ust have known" theories based on due diligence "are insufficient to make out the element of scienter under the heightened PSLRA and Rule 9(b) standards."); *In re*

3

*JPMorgan Chase Derivative Litig.*, 2014 WL 5430487, at *24-25 (E.D. Cal. Oct. 24, 2014) (rejecting "should have or must have" known theory). The decision in *Delman* accordingly is not instructive as to whether Plaintiffs have "adequately pled the Gig Defendants' negligence and scienter" (Notice at 2) in this putative Federal securities class action.

The *Delman* decision should have no bearing on this Court's decision on the Gig3 Defendants' motion to dismiss.

Dated this 12th day of January, 2023

Respectfully submitted,

*s/ Melanie E. Walker*
Melanie E. Walker
Gaspard Rappoport
DLA PIPER LLP (US)
2000 Avenue of the Stars
Los Angeles, CA 90067-4735
Telephone: 310.595.3000
Facsimile: 310.595.3300
Email: melanie.walker@us.dlapiper.com
Email: gaspard.rappoport@us.dlapiper.com

AND

David Freeburg
DLA PIPER LLP (US)
701 Fifth Avenue Suite 6900
Seattle, Washington, 98104-7044
Telephone: 206 839 4811
Facsimile: 206 839 4801
Email: david.freeburg@us.dlapiper.com

*Attorneys for Defendants*
*GigAcquisitions3, LLC, GigFounders, LLC,*
*GigCapital Global, Avi Katz, Raluca Dinu,*
*Brad Weightman, Neil Miotto, Andrea Betti-*
*Berutto, Peter Wang, and John Mikulsky*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on January 12, 2023, I authorized the electronic filing of the foregoing Response to Plaintiffs' Notice of Relevant Authority with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Melanie E. Walker*
Melanie E. Walker
