**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KLM (consolidated with 1:21-cv-03215-KLM)

JOHNNY R. SHAFER,
JUSTIN COHEN, Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

      v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO,
GIGFOUNDERS LLC,
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

Defendants.

---

**LIGHTNING DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF RECENT AUTHORITY**

---

Why did Plaintiffs submit as "authority" the ruling of a state court in a case involving a first-impression state law claim, a different pleading standard, a different set of defendants, and different facts?  Because they know that their allegations in this federal fraud case are hopelessly deficient and require dismissal under Tenth Circuit precedent.  Congress required such cases to be adjudicated before federal courts, under the most stringent pleading standard, and with ample consideration of noticeable facts, precisely to curb arbitrage between state and federal courts.  *See* H.R. CONF. REP. No. 104-369, at 31-32 (1995) ("The private securities litigation system is too important … to be undermined by those who seek to line their own pockets by bringing abusive and meritless suits").  That searching inquiry cannot be replaced by deference to an interlocutory ruling with no preclusive effect and no precedential value.  The Court may certainly consider the *Delman* ruling submitted by Plaintiffs, but it has no relevance or impact on the present action.

First, *Delman* involved different claims under Delaware corporate law.  These claims remain untested before Delaware's own Supreme Court and concern an issue of first impression under Delaware's own law.  In *Delman*, the plaintiff alleged a novel breach of fiduciary duty claim asserting "impairment of stockholders' redemption rights."  *Delman v. GigAcquisitions3, LLC*, 2023 WL 29325, at *8 n.97 (Del. Ch. Jan. 4, 2023).  The state court explained that these were "quintessential Delaware concerns."  *Id.* at *13.  As the state court acknowledged when allowing the plaintiff's novel claim to advance, he "[wa]s not asserting a fraud claim," *id.* at *23 n.241, nor was he "advanc[ing] a straightforward disclosure claim" under existing Delaware law.  *Id.* at *13.  By contrast, here, Plaintiffs assert nothing less than securities fraud under well-established federal law.  *See* Lightning Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint ("MTD"), at 6 (Dkt. 69).  The standards of disclosure are markedly different as a result.  Under the state court's interpretation of Delaware law, the *Delman* plaintiff was only required to plead that material information "was

omitted from the proxy materials." *Delman*, 2023 WL 29325 at *24 (citation omitted).

Emphatically, that is *not* the standard of disclosure under federal securities law, which

"prohibit[s] *only* misleading and untrue statements, not statements that are incomplete."

*Employees' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1164 (10th Cir. 2018) (affirming

dismissal) (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)).

Under federal law, the duty of disclosure "does not mean that by revealing one fact

about a product, one must reveal all others that, too, would be interesting, market-wise, but

means only such others, if any, that are needed so that what was revealed would not be so

'incomplete as to mislead.'" *Backman v. Polaroid Corp.*, 910 F.2d 10, 16 (1st Cir. 1990) (en

banc) (citation omitted); *accord Winer Family Tr. v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007).

Indeed, the state court explicitly eschewed a ruling on whether the challenged proxy "was

materially false or misleading," noting that such an approach would only be "suitable if the

plaintiff had advanced a straightforward disclosure claim." *Delman*, 2023 WL 29325, at *13.

In addition, Congress provided a safe harbor for forward-looking statements such as those at

issue in this case. MTD at 12. By its own acknowledgment, the state court noted that the

challenged disclosures were "obviously forward-looking and qualified by cautionary

language[,]" but the federal safe harbor was not available under Delaware law, and the state

court failed to consider the analogous common law bespeaks caution doctrine. *Delman*, 2023

WL 29325 at *23. By contrast, the Lightning Defendants' Motion to Dismiss explains in

detail why the Safe Harbor insulates from liability the disclosures Plaintiffs challenge *here*.

MTD at 12-13.

Second, what Plaintiffs mischaracterize as "findings" of the state court are simply an

interlocutory order on a motion to dismiss, decided under a vastly more permissive pleading

standard. As the state court noted, the "pleading standards for purposes of a [Delaware] Rule

12(b)(6) motion 'are minimal.' The 'reasonable conceivability' standard a plaintiff must

meet to survive a Rule 12(b)(6) motion asks only 'whether there is a 'possibility' of recovery.'" *Delman*, 2023 WL 29325, at *8 (citations omitted).  Delaware courts have explained that this standard "is [even] 'more lenient than the federal 'plausibility' pleading standard[.]'" *In re China Agritech, Inc.*, 2013 WL 2181514, at *24 (Del. Ch. May 21, 2013). By contrast, in this case, Plaintiffs' claims are governed by the "imposing" statutory standard of "specific and more stringent pleading requirements" for securities fraud.  *In re Molycorp, Inc. Sec. Litig.*, 2015 WL 1540523, at *12-13 (D. Colo. Mar. 31, 2015) (citation omitted). Particularized facts, not the "vague allegations" allowed under Delaware law, are required, and the allegations must be strong enough to support a "compelling" inference of scienter, i.e., fraudulent intent.  *Compare In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012) (the particularized allegations must "specify each statement alleged to have been misleading" and "the reason . . . why [it] is misleading"), *with In re Hansen Med., Inc. S'holders Litig.*, 2018 WL 3025525, at *4-5 (Del. Ch. June 18, 2018).

Third, the inferences Plaintiffs attempt to draw from *Delman* are not supported. Plaintiffs' first claim that Gig3 did not "tell investors that Lightning's business would be difficult to scale because it built highly customized vehicles in small batches," *Delman* at *24, differs materially from Plaintiffs' own theory that Lightning failed to scale as predicted due to "supply chain issues that had always plagued Lightning."  Plaintiffs' Consolidated Complaint ¶ 82 (Dkt. 52); *see, e.g.*, ¶¶ 9, 79, 82.  That is a critical distinction: as the Lightning Defendants showed, the entire automotive industry—electric and gas—was abruptly impacted by supply chain shortages that began manifesting themselves in July 2021, as the Delta variant of Covid-19 was gaining strength.  Lightning Defendants' Reply in Support of MTD at 12 (Dkt. 80).  Those shortages paralyzed the production of giants like GM and Ford, and their ripple effects continue to this day. *Id.*  The Lightning Defendants were

not even parties to the *Delman* action and these judicially noticeable facts were not even before the state court in that case.

Plaintiffs' second argument, that *Delman* somehow supports an inference of scienter on the part of the Gig3 Defendants and Lightning's predecessor entity is similarly incorrect. (Plaintiffs do not even attempt to suggest that *Delman* shows scienter on the part of the *Lightning Defendants*.)  All SPAC sponsors have a financial incentive to seek out a merger target, and *Delman* acknowledged that "Gig3 fell within these structural norms."  *Delman,* 2023 WL 29325, at *2.  Neither *Delman* nor Plaintiffs establish that the use of a SPAC creates an inference of scienter under federal law.  It is well-settled in the Tenth Circuit that "the desire not to jeopardize a company's business plan is a motive shared by most companies, and thus would not ordinarily support an inference of fraudulent intent[.]"  *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1268 (10th Cir. 2001) (no scienter where defendants allegedly concealed litigation to enhance their own stock values); *Level 3 Commc'ns*, 667 F.3d at 1346 (affirming dismissal with prejudice; motive to refinance company debt at more favorable rates "most plausibly reflected nothing more than a general desire to further the corporation's interests").

In this case, the net insight provided by *Delman* is zero.  The only telling fact is Plaintiffs' tacit acknowledgment that their actual allegations are insufficient under federal law.  Their resort to interlocutory orders, billed as "findings," of a state court will not salvage their deficient complaint.  Courts in this district have held the same when faced with much more persuasive "authority" than what Plaintiffs advance here.  *See United Food v. Pilgrim's Pride Corp.*, 2022 WL 13683161, at *2 (D. Colo. Oct. 21, 2022) (Moore, J.) (denying plaintiffs' motion to amend judgment dismissing Section 10(b) claim on grounds of new evidence from criminal trials based on same underlying bid-rigging allegations; "The Court finds the new allegations stemming from the testimony at the Second Criminal Trial fall well

5

short of remedying the Complaint's failure to plead falsity, a necessary element of a securities

fraud claim.").

Respectfully submitted,

Dated: January 12, 2023          FRESHFIELDS BRUCKHAUS DERINGER US LLP


/s/ Boris Feldman
Boris Feldman
Doru Gavril
Rebecca Lockert
Olivia Rosen
Freshfields Bruckhaus Deringer US LLP
855 Main Street
Redwood City, CA 94063
(650) 618-9250
boris.feldman@freshfields.com

*Attorneys for Defendants Lightning eMotors,
Inc., Timothy R. Reeser, Teresa P.
Covington, and Robert Fenwick-Smith*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2023, I caused to be electronically filed the foregoing LIGHTNING DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all registered participants.


<u>*/s/ Boris Feldman*</u>
Boris Feldman