**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 21-cv-02774-RMR-KAS
Consolidated with No. 21-cv-03215-RMR-KAS

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER, and
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO,
GIGFOUNDERS LLC,
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella entered on February 20, 2024, ECF No. 111, addressing the Motion to Dismiss Plaintiffs' Consolidated Complaint filed by Defendants Lightning eMotors, Inc. ("Lightning"), Timothy R. Reeser, Teresa P. Covington, and Robert Fenwick-Smith (collectively, the "Lightning Defendants") at ECF No. 99 and the Motion to Dismiss Consolidated Complaint with Incorporated Memorandum of Law filed by Defendants GigAcquisitions3, LLC ("GigAcquisitions3"), GigFounders, LLC ("GigFounders"), GigCapital Global ("GigCapital"), Avi S. Katz, Raluca Dinu, Neil Miotto, Brad Weightman, John Mikulsky, Andrea Betti-Berutto, and Peter Wang (collectively, the "Gig3 Defendants") at ECF No. 101. Magistrate Judge Starnella recommends that the motions to dismiss be granted.

Plaintiffs timely filed an objection to the Recommendation at ECF No. 114. The Lightning Defendants and the Gig3 Defendants filed responses at ECF Nos. 115 and 116, respectively. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiffs' objection, adopts the Recommendation, and dismisses Plaintiffs' claims without prejudice.

## I. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

## II. ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiffs first object to the Recommendation to the extent that Magistrate Judge Starnella concluded that the complaint does not adequately allege that the statements Plaintiffs challenge regarding Lightning's supply chain, revenue visibility, ability to scale, and relationship with Amazon were false or misleading at the time they were made. Plaintiffs contend that Magistrate Judge Starnella improperly limited her analysis of the alleged supply chain statements to just those statements made on May 17, 2021, and June 17, 2021, which explicitly reference either supply of batteries or chassis (and, as a result, also improperly analyzed the statements concerning revenue visibility, scalability, and Amazon as a key customer). *See* ECF No. 114 at 9–10, 13–14, 18. Contrary to Plaintiffs' contention, however, Magistrate Judge Starnella surveyed the range of purported misstatements alleged in the complaint and concluded that "while Plaintiffs provide generalized argument about Defendants' alleged supply chain issues as a whole, they only provide sufficiently specific argument with respect to battery and chassis issues." ECF No. 111 at 26–27. Consequently, Magistrate Judge Starnella found that "Plaintiffs have not adequately alleged what specific supply chain issues, if any, there may have been beyond batteries and chassis." *Id*. at 27. Plaintiffs' Objection merely repeats the same error. Instead of providing "sufficiently specific argument" as to why statements about Lightning's supply chain were misleading, Plaintiffs simply cite to

several other alleged misstatements "detailed in the Complaint" and assert that such statements were materially false or misleading "because they ignored or misrepresented the critical shortages in battery supply and the inability of Lightning's four existing battery suppliers to provide sufficient batteries for Lightning to scale production as promised." ECF No. 114 at 9. Reviewing the Plaintiffs' arguments, and considering the motion to dismiss *de novo*, the Court agrees with the Recommendation's finding that Plaintiffs' supply chain allegations fail because they lack *particularized, contemporaneous* facts to support their speculation about Lightning's supplier network or procurement costs. *See* ECF No. 111 at 27–28. "In the absence of such detail, it is not possible to conclude that statements . . . were false or materially misleading at the time they were made." *Wolfe v. AspenBio Pharma, Inc.*, No. 11-cv-00165-REB-KMT, 2012 WL 4040344, at *8 (D. Colo. Sep. 13, 2012).

Plaintiffs' remaining arguments on this issue amount to little more than disagreement with Magistrate Judge Starnella's findings regarding the alleged misstatements and do not identify any error in the Recommendation. Having considered the applicable case law, the parties' arguments, and the Recommendation, the Court agrees with the thorough and thoughtful analysis of Magistrate Judge Starnella. For the reasons articulated in the Recommendation, the Court finds that Plaintiffs have failed to adequately allege that the statements regarding Lightning's customers, supply chain, and revenue visibility were false and/or materially misleading when made. Accordingly, Plaintiffs' objection on this issue is overruled.

Plaintiffs secondarily object to Magistrate Judge Starnella's conclusion that statements regarding the Gig Defendants' plan to form a "mentor-investor" relationship and long-term partnership with Lightning are likewise inactionable because Plaintiffs have not adequately alleged that such statements were false or misleading when made. Plaintiffs argue that the Magistrate Judge recommended dismissal based on the "mistaken belief" that "Plaintiffs had pled only that 'none of Gig3's representatives on Lightning's Board . . . remained directors beyond October 2021.'" ECF No. 114 at 20. It is Plaintiffs who are mistaken, however. The Recommendation discussed the complaint's allegations in detail—including the supposedly "critical fact" that the vote to reclassify Defendants Katz and Dinu took place "only three business days" after the Merger closed. *Id.* (emphasis omitted); *see* ECF No. 111 at 21–22 (noting that the deal closed on May 6, 2011, and "[o]n May 11, 2021, the newly-formed Board of Lightning eMotors voted to change the multi-year terms of Defendants Katz and Dinu's directorships to be one year, like Defendant Miotto."). Magistrate Judge Starnella did not overlook this fact, but rather properly concluded that the Lightning Board's actions immediately following the Merger say nothing about the Gig3 Defendants' intentions months earlier. ECF No. 111 at 22–23; *see also id.* at 21 ("Plaintiffs have not directed the Court's attention to contemporaneous facts to plausibly show that Gig3's representatives did not intend to have a lasting partnership with the company.").[2] Reviewing this issue *de novo*, the Court

[2] To the extent that Plaintiffs suggest that the Gig3 Defendants had a duty to "update," *see* ECF No. 114 at 20–21, the Court notes that the complaint does not allege that the Gig3 Defendants learned at some point between March 31 and May 11, 2021, that their tenures on the Board would be shortened, and there is no duty to update in any event.

agrees with Magistrate Judge Starnella's conclusion that the complaint's allegations regarding the mentor-investor relationship statements do not suffice to state a claim under the applicable pleading requirements for claims under Section 10(b) of the 1934 Act *or* claims under Section 11 of the 1933 Act. Accordingly, Plaintiffs' objection on this issue is overruled.

Finally, Plaintiffs object that the Magistrate Judge wrongly recommended dismissal of Plaintiffs' scheme liability claims because they are based on misstatements, in contravention of *Lorenzo v. SEC*, 587 U.S. __, 139 S. Ct. 1094 (2019), and *Malouf v. SEC*, 933 F.3d 1248 (10th Cir. 2019). *See* ECF No. 114 at 21–22. However, Magistrate Judge Starnella correctly determined that because the Complaint does not adequately allege a false statement, it also does not adequately allege a fraudulent or deceitful scheme based on those same statements. *See Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 902 (N.D. Cal. 2022) (noting that even under *Lorenzo*, where 10b-5(a) and (c) claims are based on the same misstatements as a deficient subsection (b) claim, they "fail[] for the same reasons. . . . Just as Plaintiffs have failed to plausibly allege that any of the statements in the complaint were false or misleading, they do not allege any false or misleading conduct."). Additionally, the Recommendation correctly observed—and Plaintiffs do not dispute—that the alleged conduct underlying Plaintiffs' scheme claim could not have been part of a fraudulent or deceitful scheme because it was disclosed to

---

*See Erber v. Williams Cos., Inc.*, No. 16-CV-131-JHP-FHM, 2017 WL 930828, at *4 (N.D. Okla. Mar. 8, 2017), *aff'd*, 889 F.3d 1153 (10th Cir. 2018).

investors. *See* ECF No. 111 at 51. Accordingly, the Court perceives no error on this issue, and Plaintiffs' objection is overruled.

## III. CONCLUSION

For the reasons set forth above and in the Recommendation, the Court grants Defendants' motions to dismiss and dismisses Plaintiffs' claims without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should only attach to a dismissal when plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues"). Given the nature of the pleading deficiencies at issue, the Court—without commenting on the merits of a potential motion for leave to amend—will not preclude Plaintiffs from filing a motion for leave to amend.

Accordingly, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 114, is OVERRULED;
2. The Recommendation, ECF No. 111, is ADOPTED;
3. The Defendants' Motions to Dismiss, ECF Nos. 99 and 101, are GRANTED; and
4. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

DATED: March 26, 2024

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge