**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
      Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

      Defendants.

---

**STIPULATION OF SETTLEMENT**

---

4886-7845-8051.v5

This Stipulation of Settlement (the "Stipulation") is made and entered into, through their respective counsel, by and among: (a) lead plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams (the "Federal Plaintiffs") in the Federal Action,[1] on behalf of themselves and the Federal Class; (b) Richard Delman (the "State Plaintiff," and together with Federal Plaintiffs, the "Plaintiffs") in the State Action,[2] on behalf of himself and the State Class; (c) Defendants Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning" or "Lightning eMotors"), Teresa P. Covington, Robert Fenwick-Smith, and Timothy R. Reeser (collectively with Lightning, the "Lightning Defendants"); and (d) Defendants GigAcquisitions3, LLC, Avi S. Katz, Raluca Dinu, Neil Miotto, John J. Mikulsky, Andrea Betti-Berutto, and Peter Wang (collectively, the "State Defendants") and Defendants GigFounders, LLC, GigCapital Global,[3] and Brad Weightman (collectively, with the State Defendants, the "GigCapital3 Defendants," and with the Lightning Defendants, the "Defendants").  This Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice all Released Claims (as defined below), upon and subject to the terms and conditions hereof, subject to the approval of this Court pursuant to Fed. R. Civ. P. 23(e).

---

[1]  "Federal Action" means *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS, pending in the United District Court for the District of Colorado (the "Federal Court").  All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV herein.

[2]  "State Action" means *Delman v. GigAcquisitions3, LLC, et al.*, C.A. No. 2021-0679-LWW, pending in the Court of Chancery of the State of Delaware (the "State Court").

[3]  There is no entity organized under the name GigCapital Global that is affiliated with any other Defendant.  Nothing herein should be construed as an admission that an entity with the name GigCapital Global exists.

- 1 -

## I.     SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

### 1.     Summary of Claims and the Complaints

The Federal and State Actions (together, the "Actions") relate to the initial public offering of a special purpose acquisition vehicle, GigCapital3, Inc. ("GigCapital3"), and its acquisition of electric vehicle manufacturer Lightning Systems to form Lightning eMotors, Inc. (the "Business Combination").  The Federal Action alleges that Defendants violated the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") by conducting a scheme to defraud, including by making material misrepresentations and omissions to investors in GigCapital3 and Lightning regarding GigCapital3's IPO, the Business Combination, and Lightning eMotors' operations in the first and second quarters of 2021.  The State Action alleges breach of fiduciary duty and unjust enrichment claims against the State Defendants under Delaware law due to alleged misstatements and omissions regarding the Business Combination.

### 2.     The Federal Action

On October 15, 2021, plaintiff Johnny R. Shafer filed the initial class action complaint in the Federal Action against Defendants Lightning eMotors, Timothy R. Reeser, and Teresa P. Covington. ECF 1.  On December 17, 2021, the Federal Court consolidated a related complaint, *Cohen v. Lightning eMotors*, No. 21-cv-3215-STV, with the Federal Action.  ECF 36.  On April 22, 2022, the Court appointed the Federal Plaintiffs as lead plaintiffs and Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as lead counsel ("Lead Counsel").  ECF 48.

On May 20, 2022, the Federal Plaintiffs filed their Consolidated Complaint for Violation of the Federal Securities Laws (the "Federal Complaint") against Defendants Lightning eMotors, Timothy R. Reeser, Teresa P. Covington, Robert Fenwick-Smith, GigAcquisitions3, LLC,

GigFounders, LLC, GigCapital Global, Avi S. Katz, Raluca Dinu, Neil Miotto, Brad Weightman, Andrea Betti-Berutto, Peter Wang, and John J. Mikulsky.   ECF 52.   The Federal Complaint challenges statements regarding GigCapital3's intent to employ a "Mentor-Investor" approach with its eventual target post-merger, statements regarding Lightning Systems' projections, and statements regarding Lightning's supply chain and production capacity, and alleges a scheme to defraud.  *Id*.

The Federal Complaint alleged claims for violations of:

(i)      Sections 11 and 15 of the Securities Act, on behalf of themselves and other stockholders of Lightning eMotors, who purchased or otherwise acquired publicly traded securities issued pursuant to GigCapital3's Form S-1 Registration Statement declared effective on May 5, 2020 with the Securities and Exchange Commission ("SEC"), as amended by Post-Effective Amendment No. 1, filed on May 13, 2020;

(ii)     Sections 14(a) and 20(a) of the Exchange Act, on behalf of themselves and other stockholders of GigCapital3 as of the March 15, 2021 record date (the "Record Date") that were entitled to vote on the Business Combination to acquire Lightning Systems; and

(iii)    Sections 10(b) and 20(a) of the Exchange Act, on behalf of themselves and all other persons that purchased or otherwise acquired Lightning eMotors Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby.

On February 20, 2024, following briefing on Defendants' renewed motions to dismiss (ECFs 99, 101, 104, 105, 107), Magistrate Judge Starnella issued a report and recommendation recommending the dismissal of the Federal Complaint.  ECF 111.  On March 26, 2024, the Court adopted the report and recommendation over the Federal Plaintiffs' objection, dismissing the Federal Complaint without prejudice and granting Federal Plaintiffs leave to file a motion to amend.  ECF

- 3 -

118.  In light of this Settlement, Federal Plaintiffs did not file a motion to amend or an amended complaint.

### 3.        The State Action

On August 4, 2021, Richard Delman, represented by Grant & Eisenhofer, P.A. ("State Counsel," and with Lead Counsel, "Plaintiffs' Counsel"), filed a putative class action in the Court of Chancery of Delaware against the State Defendants.  *Delman v. GigAcquisitions3, LLC*, No. 2021-0679 (Del. Ch.), ECF 1 (the "State Complaint").  State Plaintiff alleges that the State Defendants impaired GigCapital3 stockholders' redemption rights, including through proxy solicitation materials that inflated Lightning's value and contained false and misleading revenue growth projections, among other misrepresentations and omissions.  The State Action asserts breach of fiduciary duty and unjust enrichment claims under Delaware law on behalf of holders of GigCapital3 common stock during the time period from the March 15, 2021 Record Date through May 6, 2021, inclusive (the "Closing Date").

On January 4, 2023, Vice Chancellor Will denied the State Defendants' motion to dismiss and upheld the State Complaint, and the State Action proceeded into discovery.

### 4.        Mediation and Further Efforts to Resolve the Litigation

During the course of the Actions, the Parties engaged the services of David M. Murphy, Esq. of Phillips ADR, a highly qualified mediator experienced in complex shareholder litigation (the "Mediator").  In connection with an initial mediation session that took place in March 2023, the Parties provided to the Mediator, and exchanged with each other, confidential mediation statements setting forth their respective positions regarding the Federal Action and the State Action, as well as a related derivative action captioned *Uvaydov v. Fenwick-Smith, et al.*, C.A. No. 2023-0137 (Del. Ch.).

- 4 -

Following the March 2023 mediation and continued discussion in the weeks thereafter, the Parties failed to reach a global resolution and litigation continued.   Nonetheless, over the subsequent approximately 12 months, the Mediator continued to work with the Parties and conferred with Lead Counsel and counsel for one or more Defendants on multiple occasions.

In December 2023, a receiver, Cordes & Company LLP (the "Receiver"), was appointed for Lightning by the Larimer County District Court, State of Colorado in the action *Cupola Infrastructure Income Fund L.L.L.P. v. Lightning eMotors, Inc., et al.*, No. 2023CV31015 (the "Receivership").   The Receiver then entered into a purchase agreement, pursuant to which substantially all of Lightning's assets were sold.

In March 2024, following significant developments in the Actions and Lightning's entry into Receivership, the Parties agreed to renew mediation efforts in earnest.   After several weeks of conversation with the Mediator, the Mediator issued a "mediator's proposal" to settle all claims at issue for $13.35 million, subject to resolution of certain remaining non-monetary terms.   On May 1, 2024, the Mediator informed the Parties that the Mediator's proposal had been accepted.   Over the course of the next few weeks, the Parties continued to negotiate certain non-monetary terms of any settlement agreement, submitting certain terms to the Mediator for a binding, non-appealable decision when the Parties' negotiations reached an impasse.   The Parties ultimately agreed to a binding Settlement Term Sheet that reflected the material terms of the Settlement, with the understanding that such terms would thereafter be embodied in the terms of a customary Stipulation of Settlement (and accompanying exhibits) that would be submitted to the Federal Court for its approval.   This Stipulation (together with the exhibits hereto) reflects the Parties' superseding, final and binding agreement to settle, subject to Court approval.

- 5 -

## II.   PLAINTIFFS' INVESTIGATION AND THE BENEFITS OF SETTLEMENT

Lead Counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in the Federal Action, and State Counsel represents that it has done the same thing in the State Action.  Among other things, Lead Counsel and State Counsel both represent that they have analyzed public filings, records, analyst reports, news reports, spoken to former employees of Lightning eMotors, reviewed filings in actions brought by and against Defendants and in Lightning eMotors' Receivership proceedings, obtained expert analysis on certain key issues, and State Counsel has reviewed confidential internal documents and discovery responses from Defendants.  State Counsel also received and reviewed over 7,600 documents comprising over 55,000 pages produced by the State Defendants in discovery.  Plaintiffs' Counsel were also provided certain confidential information concerning Lightning eMotors in connection with the mediation efforts.  Plaintiffs' Counsel further researched and analyzed the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants and the potential defenses thereto.

Based on their investigation and review, Plaintiffs and Plaintiffs' Counsel in both Actions have concluded that the terms and conditions of this Stipulation are fair, reasonable, adequate, and in the best interests of the Settlement Class, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the Settlement Class will receive from settlement of the Actions; (b) the risks, costs, and uncertainties of further litigation; (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (d) Plaintiffs' Counsel's experience in the prosecution of similar actions.

- 6 -

### III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continued to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  All of the Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability to any Plaintiff or member of the Settlement Class under the Securities Act, the Exchange Act, or Delaware law as alleged in the Actions.  Specifically, Defendants expressly have denied, and continue to deny, among other things, each and every claim alleged by Plaintiffs in the Actions, including any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions, or that any alleged misstatements or omissions were made.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions or that they could have alleged as part of the Actions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Actions.

Defendants state that they are entering into this Stipulation and Settlement solely to eliminate the distraction, burden, and expense of further protracted litigation.  Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Actions be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.  Neither this Stipulation, nor any of its terms shall in any event be construed as or deemed to be, evidence of, or an admission or concession on the part of any Defendant with respect

4886-7845-8051.v5

to any claim, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

## IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Federal Action or State Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their undersigned attorneys, subject to Court approval, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (including Unknown Claims) as against the Released Defendant Parties (as defined below) and all of the Released Defendants' Claims (including Unknown Claims) shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

### 1.     Definitions

As used in this Stipulation, the following terms shall have the following meanings:

1.1     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Claims Administrator.

1.2     "Claim" means a claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.3     "Claims Administrator" means Gilardi & Co. LLC or such other entity as the Federal Court shall appoint to administer the Settlement.

- 8 -

1.4    "Class Period" means the period from May 18, 2020 through August 16, 2021, inclusive.

1.5    "Defendants' Counsel" means the Lightning Defendants' Counsel and the GigCapital3 Defendants' Counsel.

1.6    "Effective Date of Settlement" or "Effective Date" means the first date upon which all of the events and conditions set forth in ¶10.1 below have been met and have occurred, or have been expressly waived in writing.

1.7    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.

1.8    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP, or its respective successor(s).

1.9    "Federal Class" shall mean: (i) with respect to claims brought pursuant to Sections 11 and 15 of the Securities Act, all persons who purchased or otherwise acquired publicly traded securities issued pursuant to GigCapital3's Form S-1 Registration Statement declared effective on May 5, 2020 with the SEC, as amended by Post-Effective Amendment No. 1, filed on May 13, 2020; (ii) with respect to claims brought pursuant to Sections 14(a) and 20(a) of the Exchange Act, all stockholders of GigCapital3 as of the March 15, 2021 Record Date that were entitled to vote on GigCapital3's proposed transaction to acquire Lightning Systems; and (iii) with respect to claims brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, all persons that purchased or otherwise acquired Lightning eMotors Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby.  Excluded from the Federal Class are the Excluded Persons, as defined in ¶1.32 herein.

- 9 -

1.10    "Fee and Expense Award" means any attorneys' fees and expenses (including any award to any Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995) awarded by the Federal Court as described in ¶5.1, and "Fee and Expense Application" has the same meaning as given it in ¶5.1.

1.11    "Final" means, with respect to the Judgment or an order of the Federal Court dismissing or declining to dismiss the Federal Action with prejudice (*see* ¶¶10.1(d)-(e), 10.2), when the last of the following shall occur:

(a)    the expiration of the time to file a motion for reconsideration, motion for rehearing, motion to vacate, motion to alter or amend, appeal, petition for writ of certiorari or similar request for relief, other than as contemplated by subsection (c) of this ¶1.11;

(b)    if a motion to alter or amend is filed or if there is an appeal from the Judgment or order, immediately after: (i) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or order, or the date the Judgment or order is finally affirmed on appeal, such that no further judicial review or appeal is permitted, whether by reason of affirmation by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of the Stipulation; or (ii) the expiration of the time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or order; or (iii) if certiorari or other form of review is granted, the date of final affirmance of the Judgment or order following review pursuant to that grant; and

- 10 -

(c)     provided, however, that any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay or preclude the Judgment from becoming Final.

1.12    "GigCapital3 Defendants' Counsel" means the law firm of DLA Piper LLP (US), or any successor counsel to any or all of the GigCapital3 Defendants should DLA Piper LLP (US) no longer be providing counsel to any or all of the GigCapital3 Defendants in connection with the matters herein.

1.13    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.14    "Individual Defendants" means, collectively, Andrea Betti-Berutto, Teresa P. Covington, Raluca Dinu, Robert Fenwick-Smith, Avi S. Katz, Neil Miotto, John J. Mikulsky, Timothy R. Reeser, Peter Wang, and Brad Weightman.

1.15    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.16    "Lightning Defendants' Counsel" means the law firm of Freshfields Bruckhaus Deringer US LLP or any successor counsel to any or all of the Lightning Defendants should Freshfields Bruckhaus Deringer US LLP no longer be providing counsel to any or all of the Lightning Defendants in connection with the matters herein.

- 11 -

1.17    "Lightning Securities" means the publicly traded securities of Lightning listed on the New York Stock Exchange under the symbols "GIK," "GIK.WS," "GIK.U," while Lightning was known as GigCapital3, Inc., and "ZEV" and "ZEV.WS" following the close of the Business Combination on May 6, 2021.

1.18    "Net Settlement Fund" means the Settlement Fund less any: (i) court-awarded attorneys' fees; (ii) Notice and Administration Costs; (iii) required Taxes; (iv) court-awarded litigation expenses; and (v) other fees, expenses or deductions approved by the Federal Court.

1.19    "Notice" means the Notice of: (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Expenses, which is to be sent to members of the Settlement Class, substantially in the form attached hereto as Exhibit A-1.

1.20    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administrating the Settlement, including, but not limited to, the claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.21    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.22    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability, partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, association, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency

thereof, and any business or legal entity, and any of the foregoing Person's spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives or assignees.

1.23    "Plan of Allocation" means the proposed plan described in the Notice or any alternate plan approved by the Federal Court whereby the Net Settlement Fund (as defined above in ¶1.18) shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and the Released Defendant Parties shall have no responsibility therefor or liability with respect thereto.

1.24    "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim, substantially in the form attached hereto as Exhibit A-2.

1.25    "Recognized Claim" means a valid and timely Claim for a *pro rata* distribution from the Net Settlement Fund that an Authorized Claimant is entitled to under the Plan of Allocation.

1.26    "Released Claims" means any and all claims (including "Unknown Claims," as defined in ¶1.38), demands, losses, rights, damages, and causes of action of any nature and description whatsoever, whether in law or in equity, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, local, territorial, common, or foreign law, whether class or individual in nature, by Federal Plaintiffs, State Plaintiff, or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, that (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or

- 13 -

omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to the purchase, acquisition, or redemption of any Lightning Securities during the Class Period. "Released Claims" does not, however, include claims to enforce the Settlement, nor does it include any claims that have been or may be brought derivatively on behalf of any entity Defendant.

1.27    "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims as defined at ¶1.38, below), demands, losses, rights, and causes of actions of any nature whatsoever by the Released Defendant Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in any way to the institution, prosecution, assertion, settlement, or resolution of either of the Actions (except for any claims to enforce the Settlement).

1.28    "Released Defendant Parties" means: (i) Defendants; (ii) each Individual Defendant's Immediate Family Members; (iii) each entity Defendant's respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including, without limitation, financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustors, trust beneficiaries, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such; and (iv) any entity in which a Defendant has a controlling interest.

1.29    "Released Plaintiff Parties" means Plaintiffs, each and every Settlement Class Member, Plaintiffs' Counsel, and each and all of their respective past or present trustees, executors,

administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited liability companies, in their capacities as such; and the Immediate Family Members, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family Members. Released Plaintiff Parties do not include any Person who would otherwise be a Settlement Class Member but who timely and validly requests exclusion from the Settlement Class.

1.30    "Settlement" means the settlement between Plaintiffs and Defendants on the terms set forth in this Stipulation.

1.31    "Settlement Amount" means the sum of $13,350,000.  The Settlement Amount will be allocated equally to resolve each Action.

1.32    "Settlement Class" and "Settlement Class Members" mean members of the Federal Class and/or the State Class.  Excluded from the Settlement Class (the "Excluded Persons") are: (i) Defendants; (ii) the officers and directors of Lightning eMotors during the Class Period, as well as their Immediate Family Members and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the PIPE Investor and Convertible Note Investors as defined in Lightning eMotors' Form S-1 and incorporated Proxy Statement dated March 26, 2021, filed with the SEC.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion therefrom in accordance with the requirements set forth by the Federal Court.

4886-7845-8051.v5

1.33    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon after the Settlement Amount is deposited into the Escrow Account pursuant to ¶3.1.

1.34    "Settlement Hearing" means the hearing scheduled by the Federal Court to determine whether: (i) the Settlement is fair, reasonable, and adequate; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Plaintiffs' Counsel's request for an award of attorneys' fees and expenses on behalf of Lead Counsel and State Counsel, including awards to Plaintiffs, is reasonable.

1.35    "State Class" means all record and beneficial holders of GigCapital3 common stock who held such stock during the time period from the Record Date through the Closing Date, except for any Excluded Persons, as defined in ¶1.32 herein, and except for the underwriters in GigCapital3's IPO, who were Nomura Securities International, Inc. ("Nomura"), Oppenheimer & Co. Inc. ("Oppenheimer") and Odeon Capital Group LLC and holders of GigCapital3 common stock who exercised their right to redeem all of their shares in connection with the Business Combination.

1.36    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.37    "Taxes" means: (i) any taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses and costs incurred in the maintenance, operation, administration, or disbursement of the Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants and

- 16 -

mailing and distribution expenses related to filing or failing to file any state, federal, or other applicable tax return.

1.38 "Unknown Claims" means: (i) any and all Released Claims of every nature and description against the Released Defendant Parties that any Plaintiff or Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such Person, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Defendant Parties, or might have affected such party's decision(s) with respect to this Settlement or the releases of the Released Defendant Parties; and (ii) any claims against the Released Plaintiff Parties that any Released Defendant Party does not know or suspect to exist in their, his, her, or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Plaintiff Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any federal, state, local, territorial, common, or foreign law, which is or has an effect which is similar, analogous, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter

- 17 -

discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

**2.      Scope and Effect of Settlement**

2.1      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) both Actions against Defendants; (ii) any and all Released Claims as against all Released Defendant Parties; and (iii) any and all Released Defendants' Claims as against all Released Plaintiff Parties.

2.2      Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to

- 18 -

have, and by operation of the Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, relinquished, waived, released, and discharged all Released Claims against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or shares in the Net Settlement Fund.

(a)     Upon the Effective Date of this Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and anyone else claiming through or on their behalf, in their capacities as such, will be permanently and forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendant Parties, whether or not a Settlement Class Member executes and delivers a Proof of Claim or shares in the Net Settlement Fund.

(b)     Upon the Effective Date of this Settlement, each of the Released Defendant Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel, each Settlement Class Member, and all of the other Released Plaintiff Parties from each and every one of the Released Defendants' Claims.

(c)     Upon the Effective Date, to the fullest extent permitted by law, all Released Defendant Parties shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any other Released Defendant Party for the recovery of any amounts

- 19 -

paid or owed to the Released Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Federal Action or State Action, including both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in any federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

(d)     The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

**3.     The Settlement Consideration**

3.1     In consideration of the full and final settlement of the claims asserted in the Actions and of the releases specified in ¶2.2(a) herein, Defendants shall deposit or cause to be deposited the Settlement Amount into the Escrow Account, in accordance with instructions to be provided by the Escrow Agent, within ten (10) business days of entry of the Notice Order by the Federal Court.  No later than the date of entry of the Notice Order by the Federal Court, the Escrow Agent shall provide to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (a) wire transfer instructions (including bank name and ABA routing number, address, account name, and number), (b) payment address, and (c) a complete and executed Form W-9 or other similar form for the Settlement Fund that reflects a valid tax identification number.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  The account funds, less any amounts incurred for notice, administration, and/or Taxes, plus any accrued interest thereon on a *pro*

- 20 -

*rata* basis, shall revert to the Person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶10.2-10.4 herein.

3.2     If the entire Settlement Amount is not timely paid into the Escrow Account in accordance with ¶3.1 above, Plaintiffs shall have the right to terminate and cancel this Settlement on behalf of themselves and the Settlement Class, but only if: (i) Plaintiffs' Counsel have notified Defendants' Counsel in writing of Plaintiffs' Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not paid into the Escrow Account within two (2) business days after Plaintiffs' Counsel have provided such written notice.

3.3     The Escrow Agent shall deposit the Settlement Amount plus any accrued interest into the segregated Escrow Account maintained by the Escrow Agent.

3.4     Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims.  Defendants and Defendants' Counsel shall have no obligation under this Stipulation or the Settlement to pay any additional amounts, and upon payment of the Settlement Amount to the Escrow Agent in accordance with ¶3.1 above, Defendants shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages alleged or incurred by Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the Actions.  Any award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 herein shall be paid exclusively from the Settlement Fund; any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs, or interest shall be between or among Plaintiffs' Counsel only.

Defendants and Defendants' Counsel shall have no obligation with respect to any payment to any Plaintiffs' Counsel of fees, expenses, costs, or interest.

3.5    The Settlement Fund, net of any Taxes, shall be used to pay: (i) the Notice and Administration Costs of the Settlement referred to in ¶4.2 herein; (ii) any Fee and Expense Award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 herein; and (iii) the remaining administration expenses referred to in ¶4.2 herein and any other attorney and administrative costs, fees, payments, or awards subsequently approved by the Federal Court.  The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶7 herein.  Any portions of the Settlement Fund required to be held in escrow before the Effective Date shall be held in the Escrow Account by the Escrow Agent for the Settlement Fund.  The Settlement Fund shall be deemed to be in the custody of the Federal Court and shall remain subject to the jurisdiction of the Federal Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or otherwise disposed of pursuant to this Stipulation and/or further order of the Federal Court.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Federal Court.  The Escrow Agent shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be

4886-7845-8051.v5

borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility, liability, or obligation for any loss suffered by, or fluctuation in value of, the Settlement Fund.

(a)     For the purpose of §1.468B of the Internal Revenue Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described below) shall be consistent with this paragraph, and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(b)     All Taxes shall be promptly paid out of the Settlement Fund by the Escrow Agent without prior order from the Federal Court.  The Escrow Agent shall also be obligated to, and shall be responsible for, causing the withholding from distribution to Settlement Class Members of any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)).  Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund.  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(c)     Except to the extent that Plaintiffs' Counsel are acting in their capacity as Escrow Agent, neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the

- 23 -

Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and tax expenses (including, without limitation, Taxes payable by reason of any such indemnification).

**4.      Administration**

4.1     The Claims Administrator shall administer and calculate the claims that shall be allowed and shall oversee distribution of the Settlement Fund subject to such supervision of Plaintiffs' Counsel and/or the Federal Court as the circumstances may require.   Any Claims Administrator retained shall be required to agree to be subject to, and shall be deemed to be subject to, the jurisdiction of the Federal Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation.  None of the Released Defendant Parties shall have any role in, or responsibility for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other Person in connection with, as a result of, or arising out of, such administration.  The Claims Administrator will not make any distributions to Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶10.1 herein have been satisfied.

4.2     Notwithstanding the fact that the Effective Date has not yet occurred, Plaintiffs' Counsel may pay from the Settlement Fund, without further approval from Defendants, reasonable

Notice and Administration Costs incurred, including, without limitation, the actual costs of notice and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted Claims, provided that Plaintiffs' Counsel shall obtain the consent of Defendants' Counsel if these costs and expenses exceed $500,000.  No Released Defendant Party shall have any responsibility for, or any liability with respect to, notice to the Settlement Class or any Notice and Administration Costs, except that: (a) Defendant Lightning eMotors shall be responsible for serving notice required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall pay any and all costs associated with providing such notice; and (b) within ten (10) business days of entry of the Notice Order by the Federal Court, Lightning eMotors shall obtain and provide to Plaintiffs' Counsel or the Claims Administrator a list of the record holders of Lightning Securities for purposes of providing notice to Settlement Class Members.  Defendants shall have no obligation to provide or obtain any other stockholder information, including, without limitation, any NOBO lists or DTCC participant lists, in connection with providing notice to the Settlement Class.

### 5.      Fee and Expense Application

5.1      Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Federal Court on behalf of all Plaintiffs' Counsel for a collective award from the Settlement Fund of: (i) attorneys' fees and the payment of litigation expenses incurred by all Plaintiffs' Counsel in connection with the prosecution of the Actions, plus interest on both amounts at the same rate and period as earned on the Settlement Fund (until paid); and (ii) an award to Plaintiffs in connection with their representation of the Settlement Class. Plaintiffs' Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Plaintiffs

4886-7845-8051.v5

other than what is set forth in this Stipulation. Attorneys' fees, expenses, and interest as may be awarded by the Federal Court shall be paid solely from the Settlement Fund to Plaintiffs' Counsel, and shall be payable immediately upon entry by the Federal Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or the potential for appeal therefrom or any collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter distribute such fees among other Plaintiffs' Counsel, subject to each Plaintiffs' Counsel's (including their respective partners, shareholders, and/or firms) several obligation to repay those amounts to the Settlement Fund plus accrued interest at the same rate as is earned by the Settlement Fund if and when, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶10.3 herein. In such event, Plaintiffs' Counsel shall, within ten (10) business days from the event requiring repayment of the fee or expense award, refund to the Settlement Fund the portion of the Fee and Expense Award paid to them, along with interest, as described above. Furthermore, all Plaintiffs' Counsel (including their respective partners, shareholders, and/or firms) agree that they remain subject to the continuing jurisdiction of the Federal Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph.

5.2     The procedure for and the allowance or disallowance by the Federal Court of any applications by Plaintiffs' Counsel for an award of attorneys' fees and/or expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application shall be considered by the Federal Court separate and apart from its

- 26 -

consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation.  Neither the Fee and Expense Application nor any dispute between or among Plaintiffs' Counsel regarding the distribution of any award of attorneys' fees and expenses or otherwise shall have any effect on the terms of the Stipulation or the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs or Plaintiffs' Counsel, nor any appeals from such awards.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on the Federal Court's or any appellate court's ruling with respect to the Fee and Expense Application.  Any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate or cancel this Stipulation or the Settlement of the Actions, or affect or delay the finality of the Judgment approving this Settlement.

5.3     The Released Defendant Parties and Defendants' Counsel shall have no responsibility for, and no liability with respect to, the allocation among Plaintiffs' Counsel or any other Person who may assert some claim thereto of any Fee and Expense Award that the Federal Court may make in the Federal Action.

5.4     The Released Defendant Parties and Defendants' Counsel shall have no responsibility for, and no liability with respect to, any payment of attorneys' fees or expenses (including Taxes) to Plaintiffs' Counsel or any other Person who receives payment from the Net Settlement Fund.

**6.     Distribution to Authorized Claimants**

6.1     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in

- 27 -

the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Federal Court approves.

6.2     The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that it, or any particular plan of allocation be approved by the Federal Court.  The Plan of Allocation is a matter separate and apart from the Settlement between the Parties and any decision by the Federal Court concerning the Plan of Allocation or change to the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Federal Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation.  The Released Defendant Parties will take no position with respect to the proposed Plan of Allocation or such plan of allocation as may be approved by the Federal Court.  No Released Defendant Party shall have any responsibility for, interest in, involvement with or liability, obligation or responsibility for the application of any court-approved plan of allocation, the review, determination, administration, calculation or challenge of claims, the payment or withholding of Taxes, or any loss incurred in connection therewith.

6.3     Fifty percent (50%) of the Net Settlement Fund shall be allocated to the Federal Class, and fifty percent (50%) shall be allocated to the State Class. Each Authorized Claimant that is a member of the Federal Class shall be allocated a *pro rata* share of 50% of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.  Each Authorized Claimant that is a member of the State Class shall be allocated a *pro rata* share of 50% of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.  Notwithstanding the prior two sentences,

- 28 -

any member of the State Class who is also a member of the Federal Class shall not participate in any distribution to members of the Federal Class to the extent that his, her, or its distribution as a member of the State Class exceeds his, her, or its *pro rata* distribution as a member of the Federal Class.  Subject to and notwithstanding the other provisions in this paragraph, the payment to any member of the State Class shall be the greater of the *pro rata* amount to which the State Class member would be entitled as either: (a) a member of the State Class; or (b) a member of the Federal Class.  The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Once the Judgment becomes Final and all conditions set forth in ¶10.1 herein have been satisfied, Defendants shall not be entitled to get back any of the settlement monies or interest earned thereon.  The settlement claims process will be administered by an independent Claims Administrator selected by Plaintiffs' Counsel and approved by the Court.  Defendants will have no involvement in or responsibility for reviewing submitted Claims.

> **7.     Administration of the Settlement**

7.1     Within ninety (90) calendar days after such time as set by the Federal Court to mail the Notice to Settlement Class Members, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Federal Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) or received (if submitted online).  Any Proof of Claim submitted in any other manner shall be deemed to have been

submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

7.2     Except as otherwise ordered by the Federal Court, all Settlement Class Members who fail to submit a Proof of Claim within such period, or such other period as may be ordered by the Federal Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.   Notwithstanding the foregoing, Plaintiffs' Counsel have the discretion (but not the obligation) to accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, subject to the review and supervision of Plaintiffs' Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each such Claim shall be allowed, subject to review by the Federal Court pursuant to ¶7.5, below.

7.4     Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.   The Claims Administrator, subject to the review and supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the

4886-7845-8051.v5

Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Federal Court if the claimant so desires and complies with the requirements of ¶7.5 below.

7.5     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶7.4 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Federal Court.  If a dispute concerning a Claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the claimant's request for review to the Federal Court.

7.6     Each claimant shall be deemed to have submitted to the jurisdiction of the Federal Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement.

7.7     No Person shall have any claim against Defendants, the Released Defendant Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Plaintiffs' Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, any plan of allocation approved by the Federal Court, or any further order of the Federal Court.

4886-7845-8051.v5

7.8     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice, or such other plan of allocation that is approved by the Federal Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Counsel's discretion, to distribute to Settlement Class Members.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s) serving the public interest designated by Plaintiffs' Counsel and unaffiliated with any Party or their counsel.

7.9     Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel reasonably deems to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10    All proceedings with respect to the administration, processing, and determination of claims on the Net Settlement Fund and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Federal Court, but shall not in any event delay or affect the finality of the Judgment.

7.11    The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date has occurred

- 32 -

and after: (i) all Claims have been processed, and all claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Claims have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired.

### 8. The Notice Order and Notice Program

8.1    Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel shall request (by motion or otherwise) that the Federal Court enter the Notice Order, substantially in the form annexed hereto as Exhibit A.

8.2    In accordance with the schedule set forth in the Notice Order, Plaintiffs' Counsel will cause the Claims Administrator to send copies of the Notice and Proof of Claim to all security holders of record identified on the Claims Administrator's list, either by mail or, in the case of those security holders who have consented to receiving electronic notice, by such electronic means. The Notice and Proof of Claim shall also be posted on the case-specific website to be established by the Claims Administrator, as set forth in the Notice Order. In accordance with the schedule set forth in the Notice Order, Plaintiffs' Counsel shall also cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

8.3    Plaintiffs' Counsel shall request that the Federal Court hold the Settlement Hearing to consider approval of the Settlement of the Actions, the proposed Plan of Allocation, and the Fee and

- 33 -

Expense Application on a date that falls not earlier than one hundred (100) calendar days after entry of the Notice Order.

8.4     Plaintiffs' Counsel shall request that the postmark deadline for objecting to and/or submitting exclusions from this Settlement be set at least sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Notice Order.

8.5     Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written request for exclusion ("Request for Exclusion") to the Claims Administrator on or before the opt-out date, in the manner specified in the Notice Order.  A Request for Exclusion is valid only if it is signed by the Settlement Class Member(s) requesting exclusion in that request. Group opt-outs, including "mass" or "class" opt-outs, are not permitted.   Upon receiving any Request(s) for Exclusion, the Claims Administrator shall promptly notify Plaintiffs' Counsel and Defendants' Counsel of such Request(s) for Exclusion.

8.6     Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Federal Action, whether or not he, she, or it timely submits a Proof of Claim.

8.7     No later than ten (10) calendar days following the filing of this Stipulation in the Federal Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715.  Defendant Lightning eMotors shall pay any and all costs associated with providing such notice.

**9.     Terms of Judgment**

9.1     If the Settlement contemplated by this Stipulation is approved by the Federal Court following the Settlement Hearing, (a) Lead Counsel shall request that the Federal Court promptly

- 34 -

enter a Judgment, substantially in the form annexed hereto as Exhibit B, and (b) State Counsel, within five (5) calendar days of the date on which that Judgment becomes Final, shall request that the State Court dismiss the State Action and all claims asserted therein with prejudice.

**10.    Effective Date of Settlement, Waiver or Termination**

10.1    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)    the Federal Court has entered the Notice Order, substantially in the form of Exhibit A;

(b)    the Settlement Amount has been deposited into the Escrow Account pursuant to ¶3.1;

(c)    Defendants have not validly and timely exercised their option to terminate the Settlement pursuant to ¶10.3;

(d)    entry by the Federal Court of the Judgment, substantially in the form of Exhibit B, and the Judgment has become Final, which Judgment shall, as conditions of the Settlement, include among other things: (i) a bar order that permanently bars, enjoins, and restrains, to the fullest extent permitted by law, any and all claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement arising out of, relating to or concerning facts, statements, misstatements, or omissions that were or could have been alleged in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or

- 35 -

forums, except, for the avoidance of doubt, with respect to any claims brought derivatively on behalf of Lightning eMotors; and (ii) final certification of the Settlement Class; and

(e)     entry of an order by the State Court dismissing the State Action with prejudice, and such order has become Final.

10.2     Plaintiffs and Defendants, through their respective counsel, shall, in their separate discretions, but in all events subject to ¶5.2 herein, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (i) the Federal Court's final non-appealable refusal to enter the Notice Order in any material respect; (ii) the Federal Court's final non-appealable refusal to approve this Stipulation or any material part of it; (iii) the Federal Court's non-appealable refusal to enter the Judgment in any material respect; (iv) the date on which the Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (v) if the Federal Court or the State Court issues an order declining to dismiss the Federal Action or the State Action, respectively, with prejudice, the date on which that order has become Final.  No order, or modification or reversal on appeal of any order concerning: (i) the Plan of Allocation; (ii) the amount of any attorneys' fees, costs, expenses, and interest awarded to Plaintiffs' Counsel or any award to any Plaintiff; or (iii) settlement or approval of settlement of any companion derivative suits to the Actions, shall constitute grounds for cancellation or termination of the Stipulation.

10.3     Defendants shall have the right (but not the obligation), in their sole discretion, to terminate this Settlement if a particular confidential threshold is reached with respect to opt-outs from this Settlement, provided, however, that Plaintiffs' Counsel shall have the opportunity to seek and obtain retractions of any Request for Exclusion until the deadline for such retractions has passed

- 36 -

as set forth in the Supplemental Agreement.  The Parties have entered into a separate Supplemental Agreement (the "Supplemental Agreement") describing the procedure and threshold, which shall be binding as if set forth herein.  The Supplemental Agreement will not be filed with the Federal Court unless a dispute arises as to its terms, or as otherwise ordered by the Federal Court, nor shall the Supplemental Agreement or any of its terms otherwise be disclosed unless ordered by the Federal Court.  If the Federal Court requires that the Supplemental Agreement be filed, the Parties shall request that it be submitted *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Federal Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the confidential threshold.  In the event of a valid termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶10.4, 11.1, 13.4.  Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in each Action as of May 1, 2024.  In such event, the fact and terms of the Settlement shall not be admissible in any either trial of either Action, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' Fee and Expense Award referred to in ¶5.1 herein), less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount, shall be returned to the Party or Parties that paid the

Settlement (as directed in writing by Defendants' Counsel), within ten (10) business days from the date of the event causing such termination.

10.4    Except for Lightning eMotors, each Defendant warrants and represents as to himself, herself, or itself only, that he, she, or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments of the Settlement Amount are actually transferred or made pursuant to ¶3.1 herein.  This representation is made by each respective Defendant, other than Lightning eMotors, and not by Defendants' Counsel.  In the event of a Final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund or any portion thereof, by or on behalf of any Defendant, to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Plaintiffs' Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and any judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect.  Alternatively, Plaintiffs' Counsel may elect to terminate the entire settlement as to all Defendants and all of the releases given and the Judgments entered in favor of the Defendants pursuant to the Settlement shall be null and void and the Parties shall be restored to their litigation positions as of May 1, 2024, and the Settlement Fund shall be promptly returned.

4886-7845-8051.v5

**11.     No Admission of Wrongdoing**

11.1     Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.   Neither the Settlement Term Sheet, this Stipulation (whether or not consummated) nor any of its terms, provisions, exhibits and prior drafts, nor the Plan of Allocation, nor any negotiations or proceedings related or taken pursuant to the execution of the Settlement Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Released Defendant Party as evidence of, or construed as, or deemed to be supporting any presumption, concession, or admission by any Released Defendant Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that was or could have been asserted in the Actions or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or any liability, negligence, fault or other wrongdoing of any kind of any Defendant and/or any Released Defendant Party, or in any way referred to for any other reason as against any Defendant and/or Released Defendant Party, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Federal Court and becomes effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor of or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

- 39 -

(b)     shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable under the Federal Complaint, the State Complaint, or any subsequent operative complaint filed in the Federal Action or the State Action would not have exceeded the Settlement Fund; and

(c)     Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, Released Plaintiff Parties, and/or Released Defendant Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## 12.     Class Certification

12.1     The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Federal Action as a class action pursuant to Fed. R. Civ. P. 23(e), and to the certification of the Settlement Class, including to the appointment of Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel.  In the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues.  In such event, Defendants reserve all rights to object to and oppose class certification or challenge the standing of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in either Action or that any plaintiff has standing.

- 40 -

13.     **Miscellaneous Provisions**

13.1     All of the exhibits attached hereto are material and integral parts hereof and are hereby fully incorporated by reference as though fully set forth herein.  In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to this Stipulation, the terms of this Stipulation shall govern.

13.2     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or any Settlement Class Member against the Released Defendant Parties with respect to the Released Claims.  The Settlement comprises all Released Claims and shall not be deemed an admission by any Party as to the merits of any claim or defense.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought or maintained by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, and Defendants agree that based upon the publicly available information at the time, the Actions were filed and maintained in good faith, with adequate bases in fact, and were not frivolous.  The Parties agree that no Party or their counsel violated Fed. R. Civ. P. 11 or any similar law or statute during the prosecution, defense, or settlement of the Actions and the proposed Judgment shall contain such a finding.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation among experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims and defenses.

13.3     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors in interest.

13.4     Any agreements made and orders entered during the course of either Action relating to the confidentiality of information shall survive this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

13.5     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.6     Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

13.7     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority and jurisdiction of the Federal Court, and the Federal Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation, and enforcing the terms of this Stipulation.  All Parties submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

13.8     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

13.9     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement as between Plaintiffs and Defendants concerning the Settlement of the Actions, and this Stipulation and its exhibits supersede any prior contemporaneous written or oral agreements or understandings between the Parties.   All Parties acknowledge that no other representations,

- 42 -

warranties, covenants, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits or the Supplemental Agreement, or to induce any Party to enter into such agreements, other than the representations, warranties, and covenants contained and memorialized in such documents.

13.10   This Stipulation may be executed in one or more counterparts and the signatures may be made by facsimile or electronically.

13.11   This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

13.12   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto, including any and all Released Defendant Parties and any and all Released Plaintiff Parties and any corporation, partnership, or other entity into or which any Party hereto may merge, consolidate, or reorganize. No assignment shall relieve any Party hereto of obligations hereunder.

13.13   Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the Plaintiffs' claims or causes of action against any Defendants in the Actions, or referred to in this Stipulation, has been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

13.14   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of Colorado without regard to conflicts of laws, except to the extent that federal law requires that federal law of the United States governs.

4886-7845-8051.v5

13.15   Any dispute or controversy among the Parties arising out of, relating to, involving, or in connection with the construction, interpretation, operation, effect, or validity of this Stipulation, or all documents necessary to effectuate it, shall be heard and determined exclusively in a court of suitable jurisdiction in the State of Colorado.  The Parties agree and consent to submit themselves to personal jurisdiction and venue in any such dispute or controversy and that they will not attempt to deny or defeat such personal jurisdiction or venue by motion or other request for leave from any court.

13.16   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Parties, and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.17   All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

13.18   Plaintiffs, Defendants, and their counsel shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or any other similar or applicable rule, code, or statute with respect to any claims or defenses in the Actions.  The Parties agree that throughout the course of this litigation, all Parties and their counsel complied with, as applicable, the provisions of Rule 11 of the Federal Rules of Civil Procedure, the Private Securities

- 44 -

Litigation Reform Act of 1995, the Securities Litigation Uniform Standards Act of 1998, and all applicable ethics requirements, and the Judgment shall contain such a finding.

13.19   Except in the event of the filing of a valid Termination Notice pursuant to ¶10.2 or ¶10.3 of this Stipulation, Plaintiffs' Counsel and Defendants' Counsel agree to cooperate in good faith and reasonably with one another in seeking Federal Court approval of the Notice Order, and of the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Federal Court of the Settlement, and to obtain dismissal with prejudice of the State Action by the State Court, in accordance with the terms of this Stipulation.

13.20   Pending approval of the Federal Court of this Stipulation, all proceedings in the Actions shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

13.21   If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.

13.22   Whether or not the Stipulation and Settlement are approved by the Federal Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall, pursuant to the mediation privilege and any related rules, keep all non-public negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Settlement, the Settlement Term Sheet, the Stipulation, and/or the Supplemental Agreement confidential, except to the extent that disclosure is required by law or as may be agreed by the Parties, and except that all Parties may disclose that the Settlement was negotiated under the

- 45 -

auspices of David M. Murphy, Esq. as mediator and was the result of, and based on, the terms of the Mediator's proposal.

13.23   Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work-product privilege.

13.24   Plaintiffs and Defendants and their respective counsel agree that they will not make any public disparaging statements about the other Party, the other Party's counsel, or their current or former officers, directors, or employees.

13.25   Any failure by any of the Parties to insist upon the strict performance by the other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Party to this Stipulation.

13.26   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party's obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent or contemporaneous, under this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 1, 2024.

- 46 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
HILLARY B. STAKEM
HEATHER G. GEIGER


*Hillary B Stakem*
        HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
hstakem@rgrdlaw.com
hgeiger@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.


        MICHAEL I. FISTEL, JR.

40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

Lead Counsel for Lead Plaintiffs

- 47 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
HILLARY B. STAKEM
HEATHER G. GEIGER


HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
hstakem@rgrdlaw.com
hgeiger@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.


MICHAEL I. FISTEL, JR.

40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

Lead Counsel for Lead Plaintiffs

- 47 -

GRANT & EISENHOFER P.A.
MICHAEL J. BARRY

_____
MICHAEL J. BARRY

123 Justison Street, 7th Floor
Wilmington, DE 19801
Telephone: 302/622-7000
302/622-7100 (fax)
mbarry@gelaw.com

Counsel for Plaintiff Richard Delman

FRESHFIELDS BRUCKHAUS
 DERINGER US LLP
BORIS FELDMAN

_____
BORIS FELDMAN

855 Main Street
Redwood City, CA 94063
Telephone: 650/618-9250
boris.feldman@freshfields.com

Attorneys for Defendants Lightning eMotors,
Inc., Timothy Richard Reeser, Robert Fenwick-
Smith, and Teresa P. Covington

DLA PIPER LLP (US)
MELANIE E. WALKER

_____
MELANIE E. WALKER

- 48 -

GRANT & EISENHOFER P.A.
MICHAEL J. BARRY

_____

MICHAEL J. BARRY

123 Justison Street, 7th Floor
Wilmington, DE 19801
Telephone: 302/622-7000
302/622-7100 (fax)
mbarry@gelaw.com

Counsel for Plaintiff Richard Delman

FRESHFIELDS BRUCKHAUS
  DERINGER US LLP
BORIS FELDMAN

_____
BORIS FELDMAN

855 Main Street
Redwood City, CA 94063
Telephone:  650/618-9250
boris.feldman@freshfields.com

Attorneys for Defendants Lightning eMotors,
Inc., Timothy Richard Reeser, Robert Fenwick-
Smith, and Teresa P. Covington

DLA PIPER LLP (US)
MELANIE E. WALKER

_____

MELANIE E. WALKER

- 48 -

GRANT & EISENHOFER P.A.
MICHAEL J. BARRY

_____
MICHAEL J. BARRY

123 Justison Street, 7th Floor
Wilmington, DE 19801
Telephone: 302/622-7000
302/622-7100 (fax)
mbarry@gelaw.com

Counsel for Plaintiff Richard Delman

FRESHFIELDS BRUCKHAUS
  DERINGER US LLP
BORIS FELDMAN

_____
BORIS FELDMAN

855 Main Street
Redwood City, CA 94063
Telephone:  650/618-9250
boris.feldman@freshfields.com

Attorneys for Defendants Lightning eMotors,
Inc., Timothy Richard Reeser, Robert Fenwick-
Smith, and Teresa P. Covington

DLA PIPER LLP (US)
MELANIE E. WALKER

_____
MELANIE E. WALKER

- 48 -

2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone:  310/595-3000
melanie.walker@dlapiper.com

Attorneys for Defendants GigAcquisitions3, LLC, GigFounders, LLC, GigCapital Global, Avi S. Katz, Raluca Dinu, Neil Miotto, Brad Weightman, John Mikulsky, Andrea Betti-Berutto, and Peter Wang

- 49 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com
