# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
　　Individually and On Behalf of All Others Similarly Situated,

　　Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

　　Defendants.

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE SETTLEMENT CLASS**

**EXHIBIT A**

---

4888-4314-8743.v3

WHEREAS, this action, styled *Johnny R. Shafer, et al. v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS (D. Colo.) (the "Federal Action") is pending before this Court and a parallel action is pending before the Delaware Court of Chancery styled *Richard Delman v. GigAcquisitions3, LLC, et al.*, C.A. No. 2021-0679-LWW (Del. Ch.) (the "State Action") (together, the "Actions" or "Litigation");

WHEREAS, the lead plaintiffs in this action, David P. Sarro, Kevin L. Tye, and Jess Q. Williams (together, "Federal Plaintiffs"), and Richard Delman ("State Plaintiff" and together with the Federal Plaintiffs, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, on the one hand, and defendants Lightning eMotors, Inc. ("Lightning"), Timothy R. Reeser, Teresa P. Covington, Robert Fenwick-Smith, GigAcquisitions3, LLC, GigFounders, LLC, GigCapital Global, Avi S. Katz, Raluca Dinu, Neil Miotto, Brad Weightman, John J. Mikulsky, Andrea Betti-Berutto, and Peter Wang (together, "Defendants," and with Plaintiffs, the "Parties"), on the other, by and through their counsel of record, have determined to settle all claims asserted against Defendants in the Actions with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated July 1, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of these Actions, in accordance with the Stipulation, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Parties and for dismissal of the Actions with prejudice upon, and subject to, the terms and conditions set forth therein;

- 1 -

4888-4314-8743.v3

WHEREAS, the Court having read and considered: (i) Plaintiffs' unopposed motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶6 below).

2.      The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of serious, informed, extensive arm's-length, and non-collusive negotiations overseen by an experienced mediator; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) eliminates the risks to the Parties of continued litigation; (v) does not provide preferential treatment to Plaintiffs or to segments of the Settlement Class; and (vi) warrants notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      For purposes of the Settlement only, and preliminarily, for purposes of this Order, the Actions shall proceed as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a Settlement Class consisting of the Federal Class and State Class. The Federal Class includes: (i) all persons who purchased or otherwise acquired publicly

4888-4314-8743.v3

traded securities issued pursuant to GigCapital3, Inc.'s Form S-1 Registration Statement declared effective on May 5, 2020 with the SEC, as amended by Post-Effective Amendment No. 1, filed on May 13, 2020; (ii) all stockholders of GigCapital3 as of the March 15, 2021 Record Date that were entitled to vote on GigCapital3's proposed transaction to acquire Lightning Systems; and (iii) all persons that purchased or otherwise acquired Lightning Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby.  The State Class includes: all record and beneficial holders of GigCapital3 common stock who held such stock during the time period from the Record Date through the Closing Date.  Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Lightning during the Class Period, as well as their Immediate Family Members and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; (iv) the PIPE Investor and Convertible Note Investors as defined in Lightning's Form S-1 and incorporated Proxy Statement dated March 26, 2021, filed with the SEC; and (v) with respect to the State Class, the underwriters in GigCapital3's IPO, who were Nomura Securities International, Inc., Oppenheimer & Co. Inc. and Odeon Capital Group LLC and holders of GigCapital3 common stock who exercised their right to redeem all of their shares in connection with the Business Combination.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a timely request for exclusion in accordance with the requirements set forth in the Notice.

- 3 -

4.      For purposes of the Settlement only, and preliminarily, for purposes of this Order: (i) Plaintiffs are hereby certified as Class Representatives; and (ii) Plaintiffs' Counsel are appointed as Class Counsel.

5.      With respect to the Settlement Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Actions.

6.      A hearing shall be held before this Court on _____, 2024, at ___ _.m. MDT (the "Settlement Hearing"), at the Alfred A. Arraj United States Courthouse, 901 19th Street,

- 4 -

Denver, CO 80294 to: (i) determine whether the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as provided in ¶1.15 of the Stipulation should be entered dismissing the Actions against Defendants with prejudice, and to determine whether the release by the Settlement Class of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute any Released Claims or Released Defendants' Claims extinguished by the Settlement; (iii) determine whether the proposed Plan of Allocation should be approved; (iv) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Plaintiffs' Counsel and Plaintiffs; (v) hear any objections by Settlement Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel and Plaintiffs; and (vi) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing or decide to hold the Settlement Hearing telephonically or by videoconference without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7. The Court approves the form, substance, and requirements of: (a) the Notice of: (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Expenses ("Notice"); (b) Proof of Claim and Release

4888-4314-8743.v3

form ("Claim Form"); and (c) Summary Notice, substantially in the forms attached hereto as Exhibits A-1, A-2, and A-3 respectively.

8. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9. Not later than _____, 2024 (a date ten (10) business days from entry of this Order), Lightning shall provide or cause to be provided to Plaintiffs' Counsel or the Claims Administrator a list of the record holders of Lightning Securities (consisting of the stockholder names, last known addresses, and any email addresses, if available) in electronic form.

10. Not later than _____, 2024 (a date twenty-one (21) calendar days from the entry of this Order) (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto, to either be mailed by first-class mail or, in the case of those who have consented to receiving electronic notice, by such electronic means, to all Settlement Class Members who can be identified with reasonable effort and to be posted on the case-specific website www.LightningeMotorsSecuritiesSettlement.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

11. Not later than _____, 2024 (a date seven (7) calendar days following the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

- 6 -

4888-4314-8743.v3

12.     Not later than _____, 2024 (a date seven (7) calendar days prior to the Settlement Hearing), Plaintiffs shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Lightning Securities during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either forward copies of the Notice and Claim Form to their beneficial owners or to provide the Claims Administrator with lists of the names and last known addresses or email addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Claim Form promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Claim Form to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice and Claim Form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Claim Form to beneficial owners.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

14.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement

- 7 -

4888-4314-8743.v3

and its terms and conditions, including notice of the Fee and Expense Application and the Plan of Allocation, meet the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the rules of this Court, and other applicable law, and constitute due and sufficient notice to all Persons entitled thereto.

15.     All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund, except that Defendant Lightning shall be responsible for serving notice required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall pay any and all costs associated with providing such notice.

16.     All Settlement Class Members (except Persons who validly and timely request exclusion in response to the Notice being provided pursuant to this Order) shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Claim Form or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

17.     Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than _____, 2024 (a date ninety (90) calendar days from the

- 8 -

4888-4314-8743.v3

Notice Date).  Any Settlement Class Member who submits a Claim Form shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.  Any Settlement Class Member who does not submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court.  Notwithstanding the foregoing, Plaintiffs' Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

18.     The Claim Form submitted by each Settlement Class Member must: (i) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (iv) be signed under penalty of perjury.  Any person executing the Claim Form that is acting in a representative capacity must include a certification of his or her current authority to act on

- 9 -

behalf of the claimant.  As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the Claim submitted.

19.    Any Settlement Class Member that opts out of the Settlement Class or otherwise has settled claims with Defendants for claims arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Claim Form or having another person or entity submit a Claim Form on its behalf.

20.    Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class Member who or which does not enter an appearance will be represented by Plaintiffs' Counsel.

21.    Any person or entity who purchased or otherwise acquired Lightning Securities during the Class Period may, upon request, be excluded or "opt out" of the Settlement Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2024 (a date thirty (30) calendar days prior to the Settlement Hearing).  A Request for Exclusion must: (i) provide the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) list the number and type of Lightning Securities purchased or acquired, the date of each purchase or acquisition of Lightning Securities, and the price paid; and (iii) state that the Person wishes to be excluded from the Settlement Class.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise

- 10 -

4888-4314-8743.v3

accepted by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or acquired Lightning Securities during the Class Period who does not timely request exclusion from the Settlement Class shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding and shall be bound by the Stipulation.

22.    Plaintiffs' Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible but in no event later than five (5) business days of receipt thereof and in any event at least fourteen (14) calendar days before the Settlement Hearing.

23.    As provided in the Stipulation, Defendant Lightning shall timely serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq*. ("CAFA"). Defendant Lightning is solely responsible for the costs of the CAFA notice and administering the CAFA notice.

24.    Any Settlement Class Member may appear at the Settlement Hearing and show cause, if he, she, they, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why

- 11 -

4888-4314-8743.v3

attorneys' fees, together with costs, charges, and expenses should not be awarded; provided that any such Settlement Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the District of Colorado and mails copies thereof by first-class mail to each of the following: Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; DLA Piper LLP (US), Melanie E. Walker, 2000 Avenue of the Stars, Suite 400 North Tower, Los Angeles, CA 90067; and Freshfields Bruckhaus Deringer US LLP, Boris Feldman, 855 Main Street, Redwood City, CA 94063, no later than _____, 2024 (a date thirty (30) calendar days prior to the Settlement Hearing), or as the Court may otherwise direct. Any Settlement Class Member who does not make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges, and expenses to Plaintiffs' Counsel or Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objections their intention to appear at the Settlement Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class

- 12 -

4888-4314-8743.v3

Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

25.    Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including all of the objecting Settlement Class Member's purchases, acquisitions, and any sales of Lightning Securities on the NYSE during the Class Period, the number and type of Lightning Securities purchased, acquired, or sold, as well as the dates and prices of each such purchase, acquisition, or sale; and (iv) identify all other class action settlements the objector and his, her, their, or its counsel has previously objected to in the prior five years.  The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has complied with the above requirements.

26.    Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the award of fees, costs, charges, and expenses to Plaintiffs' Counsel or Plaintiffs in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the

- 13 -

Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses by Plaintiffs' Counsel or Plaintiffs.

27.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds are either distributed or returned pursuant to the Stipulation or further order(s) of the Court.

28.    All papers in support of the Settlement, Plan of Allocation, and any application for attorneys' fees, costs, charges, and expenses by Plaintiffs' Counsel or Plaintiffs shall be filed and served no later than _____, 2024 (forty-five (45) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2024 (a date seven (7) calendar days prior to the Settlement Hearing).

29.    The Released Defendant Parties shall have no responsibility, liability, or obligation for the Plan of Allocation or any application for attorneys' fees, costs, charges, or expenses submitted by Plaintiffs' Counsel or Plaintiffs, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Litigation.

- 14 -

4888-4314-8743.v3

30.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel, and any application for attorneys' fees, costs, charges, and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or costs, charges, and expenses.

31.    All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.

32.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.

33.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Settlement Class Member, either directly, representatively, or

- 15 -

4888-4314-8743.v3

in any other capacity, shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

34.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendments thereto (except as expressly provided in the Stipulation and this Order) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties.  In any such event, the Parties shall be deemed to have reverted to their respective Litigation positions as of May 1, 2024.

IT IS SO ORDERED.

DATED _____

_____
THE HONORABLE REGINA M. RODRIGUEZ
UNITED STATES DISTRICT JUDGE

- 16 -

4888-4314-8743.v3