# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
     Individually and On Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

     Defendants.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| RICHARD DELMAN, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
|      v. | )   C.A. No. 2021-0679-LWW |
| | ) |
| GIGACQUISITIONS3, LLC, AVI KATZ, | ) |
| RALUCA DINU, NEIL MIOTTO, JOHN | ) |
| MIKULSKY, ANDREA BETTI-BERUTTO, | ) |
| and PETER WANG, | ) |

4881-2231-2394.v3

|  | ) |
| Defendants. | ) |
|  | ) |

---

**NOTICE OF: (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

**EXHIBIT A-1**

---

**TO:   ALL PERSONS AND ENTITIES WHO:**

**(i)     PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED SECURITIES ISSUED PURSUANT TO GIGCAPITAL3, INC.'S FORM S-1 REGISTRATION STATEMENT DECLARED EFFECTIVE ON MAY 5, 2020 WITH THE SECURITIES AND EXCHANGE COMMISSION, AS AMENDED BY POST-EFFECTIVE AMENDMENT NO. 1, FILED ON MAY 13, 2020;**

**(ii)    ALL STOCKHOLDERS OF GIGCAPITAL3, INC. AS OF THE MARCH 15, 2021 RECORD DATE THAT WERE ENTITLED TO VOTE ON GIGCAPITAL3, INC.'S PROPOSED TRANSACTION TO ACQUIRE LIGHTNING SYSTEMS;**

**(iii)   PURCHASED OR OTHERWISE ACQUIRED GIGCAPITAL3, INC. OR LIGHTNING EMOTORS SECURITIES DURING THE PERIOD FROM MAY 18, 2020 THROUGH AUGUST 16, 2021, INCLUSIVE, AND WERE DAMAGED THEREBY; OR**

**(iv)   WERE RECORD AND BENEFICIAL HOLDERS OF GIGCAPITAL3, INC. COMMON STOCK WHO HELD SUCH STOCK DURING THE TIME PERIOD FROM THE RECORD DATE (MARCH 15, 2021) THROUGH THE CLOSING DATE (MAY 6, 2021) (THE "SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS.**

THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT JUNK MAIL, AN ADVERTISEMENT, OR SOLICITATION FROM A LAWYER.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF

4881-2231-2394.v3

CLAIM AND RELEASE FORM ("PROOF OF CLAIM" OR "CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact GigCapital Global, Lightning eMotors, Inc., or any other Defendant in the litigation or their counsel. All questions should be directed to the Claims Administrator or Plaintiffs' Counsel (*see* page __ below).

This Notice of: (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Expenses ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Colorado (the "Court"). The purpose of this Notice is to inform you of the $13.35 million global settlement (the "Settlement") reached in the above-captioned class action lawsuits (the "Actions"); your rights with respect to the Settlement; and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the Plan of Allocation, as well as the application for fees and expenses by Plaintiffs' Counsel and Plaintiffs, as set forth in the Stipulation of Settlement dated July 1, 2024 (the "Stipulation") by and among lead plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams (together, "Federal Plaintiffs"); Richard Delman ("State Plaintiff" and together with Federal Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined above); and defendants Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning" or "Lightning eMotors"), Timothy R. Reeser, Teresa P. Covington, Robert Fenwick-Smith, Avi S. Katz, Raluca Dinu, Neil Miotto, Brad Weightman, John J. Mikulsky, Andrea Betti-Berutto, Peter Wang, GigAcquisitions3, LLC, GigFounders, LLC, and GigCapital Global (collectively, "Defendants"), by their respective counsel.[1] This Notice describes what steps you may take in relation to the Settlement and the Actions.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Actions as to the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Actions and of your rights in connection therewith. Defendants have: (i) denied all claims and wrongdoing asserted in the Actions and any liability arising out of the conduct alleged therein; and (ii) asserted various defenses. No trial has yet occurred in these Actions and no findings of fact, fault, or liability have been made as to any of the parties.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | Submitting a claim is the only way to be potentially eligible to receive a payment from the Net Settlement Fund. **Proofs of Claim must be postmarked or submitted online on or before _____,** |

---

[1] The Stipulation can be viewed and/or downloaded at www.LightningeMotorsSecuritiesSettlement.com. Unless otherwise indicated, all capitalized terms used herein have the same meaning as the terms defined in the Stipulation. The singular forms of nouns and pronouns include the plural and vice versa.

- 2 -

| | |
|---|---|
| | **2024.** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.  This is the only option that potentially allows you to ever be part of any other lawsuit against any of the Defendants or any other Released Defendant Parties concerning the Released Claims.<br><br>**Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense requests unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class.<br><br>**Objections must be *received* by the Court and counsel on or before _____, 2024.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024** | You may ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2024**.  If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING** | If you do nothing, you will receive no payment.  You will, however, still be a member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Actions. |

## SUMMARY OF THIS NOTICE

**Description of the Litigation**

This Notice relates to a proposed settlement of claims in two pending class actions brought by investors in GigCapital3 and/or Lightning eMotors securities.  The Federal Action alleges that Defendants violated the federal securities laws by making false and misleading statements and omissions regarding, among other things, Lightning's growth and revenue projections, supply chain capabilities, and ability to scale during the Class Period.  The State Action alleges that certain Defendants violated Delaware state law by impairing GigCapital3 stockholders' redemption rights, including through false and misleading proxy solicitation materials.  A more detailed description of the Actions is set forth on pages __ below.  Defendants deny each and every claim and contention alleged in the Actions and deny any misconduct or wrongdoing whatsoever.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined on page _ below.

- 3 -

4881-2231-2394.v3

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $13.35 million settlement fund has been established (the "Settlement Amount"). The Settlement Amount and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel and Plaintiffs (the "Net Settlement Fund"), will be evenly divided between the Federal Class and State Class, and distributed to Settlement Class Members in accordance with a plan of allocation that is approved by the Court. To the extent that a particular purchase or acquisition of Lightning Securities (defined below) qualifies for inclusion in both the Federal Class and the State Class, the purchase or acquisition shall be eligible for a distribution, if any, via the State Class only. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __ below. Based on Plaintiffs' estimate of the number of GigCapital3 Units, warrants, and shares,[2] and Lightning eMotors warrants and shares (collectively, the "Lightning Securities") that were allegedly damaged during the Class Period, the average distribution in the Federal Action is approximately $0.09 per share of common stock and $0.02 per warrant, and approximately $1.60 per share of common stock in the State Action, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that the foregoing average recovery per Unit, share, or warrant is only an estimate**. A Settlement Class Member may receive more or less than this estimated amount, and a Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Settlement Class Member's claims as compared to the total claims of all Federal or State Class members, as applicable, who submit acceptable Proofs of Claim. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Cases**

The Parties disagree on both liability and damages and do not agree on the amount of damages per security, if any, that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any injury or damages. The issues on which the Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws or under Delaware law; (2) whether Defendants have valid defenses to any such claims of liability; (3) whether Defendants made any materially false or misleading statements or omissions; (4) whether, to the extent Defendants made any materially false or misleading statements or omissions, they did so knowingly or with reckless disregard to the truth; (5) whether any loss to Lightning investors materialized from the alleged

---

[2]     On April 28, 2023, Lightning eMotors, Inc. effected a 1-for-20 reverse stock split of its common stock, listed on the NYSE under ticker symbol "ZEV." All figures in the Plan of Allocation regarding Lightning eMotors common stock, including (but not limited to) the price per share and number of shares traded, are in the pre-reverse split terms unless otherwise specified.

- 4 -

4881-2231-2394.v3

disclosure of the truth; (6) whether Lightning investors suffered any damage from the alleged fraud or breach of fiduciary duties; (7) whether Defendants were unjustly enriched; (8) the appropriate economic model for determining the amount by which the prices of Lightning Securities were artificially inflated (if at all) during the Class Period; (9) the amount, if any, by which the prices of Lightning Securities were artificially inflated during the Class Period; and (10) the effect of market forces on the prices of the Lightning Securities at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Actions were filed, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of the Actions on a wholly contingent basis and have advanced the expenses of the Actions in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel not to exceed 33-1/3% of the Settlement Amount, plus expenses not to exceed $225,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may request an award not to exceed $10,000 in the aggregate pursuant to 15 U.S.C. §77z-1(a)(4) and 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class. If the amounts requested are approved by the Court, the average cost per allegedly damaged Lightning Security will be approximately $0.03 per common share and $0.006 per warrant in the Federal Action, and $0.55 per common share in the State Action. Any fees and expenses awarded by the Court, or any award to Plaintiffs, shall be paid solely from the Settlement Fund.

**Further Information**

For further information regarding the Actions, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-726-1695, via email at info@LightningeMotorsSecuritiesSettlement.com, or visit the website www.LightningeMotorsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class:

Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; Michael I. Fistel, Jr., Johnson Fistel, LLP, 40 Powder Springs Street, Marietta, GA 30064, 1-470-632-6000; and Michael J. Barry, Grant & Eisenhofer P.A., 123 Justison Street, 7th Floor, Wilmington, DE 19801.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be

- 5 -

4881-2231-2394.v3

achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Furthermore, the immediate cash benefit to the Settlement Class should be considered against the likelihood of collecting a judgment, should Plaintiffs prove successful in litigation, given that Lightning's operations have ceased, its assets have substantially all been sold through receivership proceedings, and its securities have been delisted from the New York Stock Exchange ("NYSE").

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Actions. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions. Defendants' sole reason for entering into the Settlement is to eliminate the time, expense, distraction, and inherent uncertainty of further protracted litigation.

## BASIC INFORMATION

| 1. | **Why did I get this Notice package?** |
|---|---|

The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased, otherwise acquired, or held Lightning Securities during the period from May 18, 2020 through August 16, 2021, inclusive (the "Class Period"). The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how the Actions may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator, selected by Plaintiffs and approved by the Court, will make payments pursuant to the Settlement after any objections and appeals are resolved.

This Notice explains the class action lawsuits, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Federal Action was filed and is being litigated in the United States District Court for the District of Colorado, and the case is known as *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS (the "Federal Action"). The Federal Action has been assigned to U.S. District Judge Regina M. Rodriguez. The State Action was filed and is being litigated in the Court of Chancery of the State of Delaware, and the case is known as *Delman v. GigAcquisitions3, LLC, et al.*, C.A. No. 2021-0679-LWW (the "State Action"). The State Action has been assigned to the Vice Chancellor Lori W. Will. The Court for the Federal Action is overseeing the Settlement for both Actions. The individuals representing the Settlement Class are the "Plaintiffs" and the companies and individuals they sued and which have now settled are called the "Defendants."

- 6 -

4881-2231-2394.v3

| 2. | What is this lawsuit about? |
|---|---|

During the Class Period, defendant Lightning eMotors manufactured and sold fully electric vehicles and powertrains.  Defendant GigCapital3 was a publicly traded "blank check" company, also known as a special purpose acquisition company, or "SPAC," that brought Lightning eMotors public through a business combination (the "Business Combination").  GigCapital3's Units, warrants, and common stock traded on the NYSE under the symbols GIK.U, GIK.WS, and GIK, respectively.  Following the close of the Business Combination on May 6, 2021, when GigCapital3 became known as Lightning eMotors, its common stock and warrants traded on the NYSE under the symbols ZEV and ZEV.WS.

### A.    The Federal Action

On October 15, 2021, the initial class action complaint was filed in the Federal Action against defendants Teresa P. Covington, Lightning eMotors, Inc., and Timothy R. Reeser.

On April 22, 2022, the Court appointed the Federal Plaintiffs as lead plaintiffs and approved Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson Fistel, LLP ("Johnson Fistel") as lead counsel.

On May 20, 2022, the Federal Plaintiffs filed a Consolidated Complaint for Violation of the Federal Securities Laws (the "Federal Complaint").

The Federal Complaint alleged that the registration statement and related offering documents for GigCapital3's May 18, 2020 initial public offering, which were filed with the U.S. Securities and Exchange Commission ("SEC"), contained false and misleading statements about the GigCapital3 board of directors' long-term commitment to GigCapital3's purported "Mentor-Investor" business strategy, in violation of Sections 11 and 15 of the Securities Act of 1933 ("Securities Act").  The Securities Act claims were brought on behalf of all Persons (excluding Defendants, the PIPE Investor and Convertible Notes Investors in Lightning, and certain other related parties) who purchased or acquired publicly traded securities issued pursuant to GigCapital3's Form S-1 Registration Statement declared effective on May 5, 2020 with the SEC, as amended by Post-Effective Amendment No. 1, filed on May 13, 2020 (the "Registration Statement").

The Federal Complaint also alleged that Defendants issued false and misleading statements to investors about GigCapital3's Mentor-Investor strategy as well as Lightning's ability to scale its operations, supply chain strength, and revenue prospects in soliciting proxies from GigCapital3 stockholders to gain their approval for the Business Combination with Lightning.  These actions were alleged to have violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and claims for such violations are brought on behalf of all stockholders of GigCapital3 as of March 15, 2021 (the "Record Date") that were entitled to vote on the proposed Business Combination.

- 7 -

Finally, the Federal Complaint alleged that the foregoing actions, along with certain Defendants' continued issuance of false and misleading public statements to Lightning investors regarding Lightning's operations, ability to scale, and supply chain in the first and second quarters of 2021 violated Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. These claims were brought on behalf of all persons that purchased or otherwise acquired Lightning Securities during the period from May 18, 2020 through August 16, 2021, inclusive (the "Class Period"), and were damaged thereby.

The Federal Complaint alleged that as a result of Defendants' misrepresentations and omissions, the prices of Lightning Securities were artificially inflated during the Class Period. It alleges that, at the end of the Class Period, Lightning announced that it was not on track to produce the 500 electric vehicles for 2021 it had projected and was withdrawing its prior financial guidance for 2021. Additionally, Lightning stated that defendants Avi Katz, Raluca Dinu, and Neil Miotto would not be running for re-election to the Lightning Board at the October 7, 2021 stockholders' meeting, which the Federal Complaint alleges was contrary to GigCapital3's purported Mentor-Investor strategy, which called for continued involvement of GigCapital3 board members in Lightning for two to five years following the close of the Business Combination. The Federal Complaint alleges that as a result of these disclosures, the artificial inflation left Lightning Securities' prices and the prices dropped significantly, damaging the Settlement Class Members.

On July 13, 2022, Defendants filed two separate motions to dismiss the Federal Complaint. Federal Plaintiffs filed their omnibus opposition on August 17, 2022, and Defendants filed their respective replies in support of their motions to dismiss on September 7, 2022. On January 10, 2023, Federal Plaintiffs filed a notice of supplemental authority notifying the Court of Vice Chancellor Will's decision to deny certain Defendants' motion to dismiss in the State Action.

On February 21, 2023, Federal Plaintiffs and Defendants jointly moved to stay the case pending a potential resolution at mediation. The same day, the Court granted the stay and denied Defendants' motions to dismiss without prejudice. Litigation continued when the global mediation did not result in a settlement.

On June 14, 2023, Defendants re-filed their motions to dismiss. Those motions were fully briefed as of July 19, 2023. On February 20, 2024, Magistrate Judge Kathryn Starnella issued a Report and Recommendation that the motions to dismiss be granted and Federal Plaintiffs' claims be dismissed without prejudice (the "Report and Recommendation"). On March 5, 2024, Federal Plaintiffs filed an objection to the Report and Recommendation. On March 26, 2024, this Court adopted the Report and Recommendation over Federal Plaintiffs' objection, dismissing the Federal Complaint without prejudice and allowing Federal Plaintiffs to seek leave to amend their claims.

On April 11, 2024 and May 10, 2024, Federal Plaintiffs filed notices informing Defendants and the Court of their intent to seek leave to amend the Federal Complaint. This Settlement was reached prior to Federal Plaintiffs filing that proposed amendment.

- 8 -

4881-2231-2394.v3

Defendants have denied, and continue to deny, the Federal Complaint's allegations and that they violated the federal securities laws in any respect.  Defendants contend that they made no false or misleading statements, and they made full and accurate disclosures of all information required to be disclosed by law.  Defendants also contend that Federal Plaintiffs are, and on amendment would be, unable to meet their burden to plead and prove falsity and scienter, and that their claim for damages is speculative.

### B.     The State Action

On August 4, 2021, State Plaintiff filed a Verified Class Action Complaint in the State Action against defendants Avi Katz, Raluca Dinu, Neil Miotto, John Mikulsky, Andrea Betti-Berutto, Peter Wang, and GigAcquisitions3, LLC (the "State Complaint").

The State Complaint alleges that the State Defendants impaired GigCapital3 stockholders' redemption rights, including by issuing false proxy solicitation materials containing inflated valuations of Lightning and knowingly false revenue growth projections, among other misrepresentations and omissions.  The State Action asserts Delaware breach of fiduciary duty and unjust enrichment claims on behalf of holders of GigCapital3 common stock during the time period from the Record Date (March 15, 2021) through the Closing Date (May 6, 2021).

On August 31, 2021, the State Defendants filed a motion to dismiss the State Complaint.  On October 15, 2021, the State Defendants filed their opening brief in support of their motion to dismiss the State Action.  On December 3, 2021, State Plaintiff filed his answering brief opposing the motion to dismiss.  On January 13, 2022, the State Defendants filed their reply brief in support of their motion to dismiss.  On February 25, 2022, State Plaintiff filed a motion requesting a sur-reply to the motion to dismiss which was granted on February 28, 2022 and filed on March 1, 2022.  On September 23, 2022, Vice Chancellor Will of the Delaware Court of Chancery heard oral argument on the motion to dismiss.

On January 4, 2023, the State Defendants' motion to dismiss was denied.  The State Defendants answered the State Complaint on January 18, 2023, denying all material allegations of the State Complaint and asserting multiple defenses.

Fact discovery commenced shortly thereafter.  To date, the State Plaintiff has received and reviewed over 7,600 documents, comprising over 55,000 pages, produced by the State Defendants in discovery, as well as confidential internal documents and discovery responses from Defendants.

The State Defendants have denied, and continue to deny, the allegations against them, including that they violated Delaware law.  The State Defendants contend that they made no false or misleading statements, and that they made full and accurate disclosures of all information required to be disclosed by law.

- 9 -

4881-2231-2394.v3

### C.    The Settlement

During the course of the Actions, the Parties agreed to explore a global resolution of the Actions and engaged the services of David M. Murphy, Esq. of Phillips ADR, a highly qualified mediator experienced in complex shareholder litigation (the "Mediator"). In connection with the mediation, the Parties provided to the Mediator, and exchanged with each other, confidential mediation statements setting forth their respective litigation positions. Although the Parties negotiated in good faith at an in-person mediation session on March 28, 2023 and in continued discussion afterward, the Parties ultimately failed to reach a global resolution and elected to continue the Actions.

In March 2024, following significant developments in the Actions and Lightning's entry into receivership, the Parties agreed to renew mediation efforts. After several weeks of conversation with the Mediator, the Mediator issued a "mediator's proposal" to settle all claims at issue for $13.35 million, subject to resolution of certain remaining non-monetary terms. On May 1, 2024, the Mediator informed the Parties that the Mediator's proposal had been accepted. On May 13, 2024, the Parties agreed to a Settlement Term Sheet. The agreement-in-principle included, among other things, the Parties' agreement to settle the Actions in return for a cash payment of $13.35 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Parties.

On _____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

Based on their extensive investigation, discovery, prosecution, and mediation of the Actions, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' oversight of the prosecution of the Actions and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Actions pursuant to the terms and provisions of the Stipulation, after considering, among other things, (i) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (ii) the significant risks and costs of continued litigation and trial; and (iii) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

Defendants have denied, and continue to deny, any and all allegations of fault, liability, or wrongdoing or causing any damages and any liability under the federal securities laws or Delaware law. Among other things, Defendants expressly have denied, and continue to deny, making any false or misleading statement or omission. Defendants have further denied that any allegedly false or misleading statement or omission was made with scienter. Defendants have further expressly denied, and continue to deny, that the prices of Lightning Securities were artificially inflated; that

- 10 -

4881-2231-2394.v3

any Settlement Class Member, including Plaintiffs, suffered any damages; or that any Settlement Class Member, including Plaintiffs, was harmed by any conduct alleged in the Actions or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to the claims alleged in the Actions.

Neither the Settlement nor any of the terms of the Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any liability or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.

**THE COURT HAS NOT DETERMINED WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR TO THE SETTLEMENT CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

| **3.** | **Why is there a settlement?  What if there were no settlement?** |
|---|---|

Neither Court has decided the merits of the Actions in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the burden, expense, and uncertainty of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

If there was no Settlement and Plaintiffs failed to plead or establish any essential legal or factual element of the claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**WHO IS IN THE SETTLEMENT**

| **4.** | **How do I know if I am a member of the Settlement Class?** |
|---|---|

The Court directed that everyone who fits one of these categories is a Settlement Class Member: (i) all persons who purchased or otherwise acquired publicly traded securities issued pursuant to GigCapital3, Inc.'s Form S-1 Registration Statement declared effective on May 5, 2020 with the SEC, as amended by Post-Effective Amendment No. 1, filed on May 13, 2020; (ii) all stockholders of GigCapital3, Inc. as of the March 15, 2021 Record Date that were entitled to vote on GigCapital3's proposed transaction to acquire Lightning Systems; (iii) all persons that purchased or otherwise acquired Lightning eMotors Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby (the "Federal Class"); and (iv) all record and beneficial holders of GigCapital3 common stock who held such stock during the time period from the Record Date through the Closing Date (the "State Class").  "Settlement Class" means members

- 11 -

of the Federal Class and/or the State Class.  Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Lightning eMotors during the Class Period, as well as their Immediate Family Members and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; (iv) the PIPE Investor and Convertible Note Investors as defined in Lightning eMotors' Form S-1 and incorporated Proxy Statement dated March 26, 2021, filed with the SEC; and (v) with respect to the State Class, the underwriters in GigCapital3's IPO, who were Nomura Securities International, Inc., Oppenheimer & Co. Inc. and Odeon Capital Group LLC and holders of GigCapital3 common stock who exercised their right to redeem all of their shares in connection with the Business Combination.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, **2024**.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-726-1695, via email at info@LightningeMotorsSecuritiesSettlement.com, or you can fill out and return, via mail or online, the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Actions, Defendants have agreed to pay (or cause to be paid) $13.35 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved attorneys' fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.  Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid

- 12 -

Proofs of Claim that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proofs of Claim. The only securities that are included in the Settlement are GigCapital3's Units, warrants, and common stock (ticker symbols GIK.U, GIK.WS, and GIK) and Lightning eMotors common stock and warrants (ticker symbols ZEV and ZEV.WS).

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.LightningeMotorsSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024**. The Proof of Claim may be submitted online at www.LightningeMotorsSecuritiesSettlement.com.

| **9.** | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2024, at ___ _.m. MST**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined below) in these Actions. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means any and all claims (including "Unknown Claims," as defined below), demands, losses, rights, damages, and causes of action of any nature and description whatsoever, whether in law or in equity, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, that have been or could have been asserted in either of the Actions or could in the future be asserted

- 13 -

4881-2231-2394.v3

in any forum, whether foreign or domestic, whether arising under federal, state, local, territorial, common, or foreign law, whether class or individual in nature, by Federal Plaintiffs, State Plaintiff, or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, that (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to the purchase, acquisition, or redemption of any Lightning Securities during the Class Period.  "Released Claims" does not, however, include claims to enforce the Settlement, nor does it include any claims that have been or may be brought derivatively on behalf of any entity Defendant.

- "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims as defined below), demands, losses, rights, and causes of action of any nature whatsoever by the Released Defendant Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in any way to the institution, prosecution, assertion, settlement, or resolution of either of the Actions (except for any claims to enforce the Settlement).

- "Released Defendant Parties" means: (i) Defendants; (ii) each Individual Defendant's Immediate Family Members; (iii) each entity Defendant's respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including, without limitation, financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustors, trust beneficiaries, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such; and (iv) any entity in which a Defendant has a controlling interest.

- "Released Plaintiff Parties" means Plaintiffs, each and every Settlement Class Member, Plaintiffs' Counsel, and each and all of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited liability companies, in their capacities as such; and the Immediate Family Members, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family Members.  Released Plaintiff Parties do not include any

- 14 -

4881-2231-2394.v3

Person who would otherwise be a Settlement Class Member but who timely and validly requests exclusion from the Settlement Class.

- "Unknown Claims" means: (i) any and all Released Claims of every nature and description against the Released Defendant Parties that any Plaintiff or Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such Person, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Defendant Parties, or might have affected such party's decision(s) with respect to this Settlement or the releases of the Released Defendant Parties; and (ii) any claims against the Released Plaintiff Parties that any Released Defendant Party does not know or suspect to exist in their, his, her, or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Plaintiff Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of California Civil Code §1542, which provides:

  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

  and any and all provisions, rights, and benefits conferred by any federal, local, territorial, state, common, or foreign law, which is or has an effect which is similar, analogous, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of

- 15 -

4881-2231-2394.v3

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want to receive a payment from this Settlement, or you want to keep the right to potentially sue Defendants and the other Released Defendant Parties on your own about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a signed and dated letter by mail stating that you "request exclusion from the Settlement Class in the *Lightning eMotors Securities Settlement*." Your letter must include your purchases or acquisitions of Lightning Securities during the Class Period, including the date(s), the number and type of Lightning Securities purchased or acquired, and price(s) paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and in the case of entities, the name and telephone number of the appropriate contact person, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

> *Lightning eMotors Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> EXCLUSIONS
> P.O. Box 5100
> Larkspur, CA  94977-5100

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in the Actions.

- 16 -

**12.    If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in these Actions to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

**13.    If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself, you will not get money from the proposed Settlement.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.

<b>WHO REPRESENTS THE SETTLEMENT CLASS</b>

**14.    Who are the lawyers in this case?**

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP, Johnson Fistel, LLP, and Grant & Eisenhofer, P.A. represent the Settlement Class Members, including you.  These lawyers are called Plaintiffs' Counsel.

**15.    How will the lawyers be paid?**

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel not to exceed 33-1/3% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $225,000, in connection with the Actions, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek up to $10,000 in the aggregate for their time and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

<b>OBJECTING TO THE SETTLEMENT</b>

You can tell the Court that you do not agree with the Settlement or any part of it.

**16.    How do I tell the Court that I object to the proposed Settlement?**

If you are a Settlement Class Member, you may object to the proposed Settlement, the proposed Plan of Allocation, and/or the fee and expense applications of Plaintiffs' Counsel or Plaintiffs.  For any objection to be considered, you must file a written statement with the Clerk of the Court and send a copy to Plaintiffs' Counsel and Defendants' Counsel at the addresses listed below so that it is **received by _____, 2024**.  Any objection must: (i) state the name, address, and telephone number of the objector and must be signed by the objector, even if the objector is

- 17 -

represented by counsel; (ii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove the objector's membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and any sales of Lightning Securities on the NYSE during the Class Period, the number and type of Lightning Securities purchased, acquired, or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, or sale; and (iv) identify all other class action settlements in which you or your counsel have filed objections in the past five years. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

| CLERK OF THE COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO<br><br>Clerk of the Court<br>Alfred A. Arraj United States Courthouse<br>901 19th Street, Room A105<br>Denver, CO 80294 | ROBBINS GELLER RUDMAN & DOWD LLP<br><br>Ellen Gusikoff Stewart<br>655 W. Broadway,<br>Suite 1900<br>San Diego, CA 92101 | DLA PIPER LLP (US)<br><br>Melanie E. Walker<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA 90067<br><br>FRESHFIELDS BRUCKHAUS DERINGER US LLP<br><br>Boris Feldman<br>855 Main Street<br>Redwood City, CA 94063 |

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 17. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at _____ **.m. MST, on _____, 2024**, in the Courtroom of the Honorable Regina M. Rodriguez, at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair,

- 18 -

4881-2231-2394.v3

reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel and Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. **In order to determine whether the date and time of the Settlement Hearing has changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.LightningeMotorsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, will be posted to the Settlement website, www.LightningeMotorsSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the phone number for accessing the telephonic conference or the website for accessing the video conference will be posted to the Settlement website, www.LightningeMotorsSecuritiesSettlement.com**. If you want to attend the hearing, either in person or telephonically, if permitted, you should check the Settlement website, www.LightningeMotorsSecuritiesSettlement.com, or contact Plaintiffs' Counsel beforehand to be sure that the date and/or time has not changed.

| 18. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 19. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense applications, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Lightning eMotors Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2024**, and addressed to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

- 19 -

4881-2231-2394.v3

**IF YOU DO NOTHING**

| 20. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and/or the Released Defendant Parties about the Released Claims in the Actions.

**GETTING MORE INFORMATION**

| 21. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in the Actions, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-726-1695 or via email at info@LightningeMotorsSecuritiesSettlement.com.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement related papers filed in the litigation, which are posted on the Settlement website at www.LightningeMotorsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Colorado, during regular business hours. For a fee, all papers filed in the litigation are also available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

| 22. | How will my claim be calculated? |
|---|---|

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members.

As discussed above, the Settlement provides $13.35 million in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest or income it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Settlement Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Claims Administrator – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the

- 20 -

4881-2231-2394.v3

Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.LightningeMotorsSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Net Settlement Fund proceeds equitably among Settlement Class Members based on their respective alleged economic losses resulting from the federal securities law violations alleged in the Federal Action and the violations of Delaware law alleged in the State Action. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Settlement Class Members who purchased or otherwise acquired Lightning Securities during the period from May 18, 2020 through August 16, 2021, inclusive. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Loss of all Authorized Claimants – *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

For purposes of determining the amount an Authorized Claimant may recover under the Plan, Plaintiffs' Counsel conferred with their damages consultant and the Plan reflects an assessment of claims in both the State Action and Federal Action.

**STATE CLAIMS**

In order to have a State Class Recognized Loss Amount under the Plan of Allocation, you must have held ZEV common stock (defined for purposes of the State Class calculations as common stock of GigCapital3 common stock (GIK), the common stock portion of GigCapital3 Units (GIK.U), and Lightning eMotors common stock (ZEV)), as of March 15, 2021 (the "Record Date"), and continued to hold that stock through at least market-close on May 6, 2021 (the "Closing Date").

Based on the formulas set forth in the Plan of Allocation, a "State Class Recognized Loss Amount" will be calculated for each share of ZEV common stock that was held at close on May 6, 2021 that is listed in a valid and timely Claim Form and for which adequate documentation is provided. If, as calculated, a State Class Recognized Loss Amount is a negative number, that number shall be set to zero. A State Class claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its State Class Recognized Loss Amounts.

- 21 -

4881-2231-2394.v3

**CALCULATION OF STATE CLASS RECOGNIZED LOSS AMOUNTS**

For each share of ZEV common stock purchased between May 14, 2020 and March 15, 2021, and:

A.    Sold or redeemed before the close of trading on the Closing Date of May 6, 2021,[3] the State Class Recognized Loss Amount for each such share shall be zero.

B.    Sold at a price below $10.1019 from May 7, 2021 through June 28, 2024, the State Class Recognized Loss Amount for each such share shall be the Redemption Price of $10.1019 minus the sale price.  If sold from May 7, 2021 through June 28, 2024 at a price of $10.1019 or greater, the State Class Recognized Loss Amount for each such share shall be zero.

C.    Held as of the close of trading on June 28, 2024, the State Class Recognized Loss Amount for each such share shall be $10.0655, calculated as the Redemption Price of $10.1019 minus $0.0364, the closing price on June 28, 2024.

**<u>FEDERAL CLAIMS</u>**

All purchases and acquisitions of ZEV common stock[4] and ZEV warrants[5] (together, "ZEV Securities") during the Class Period (May 18, 2020 through and including August 16, 2021) are potentially eligible for compensation based on claims asserted under Section 10(b) of the Exchange

---

[3]    Any transactions in ZEV common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4]    For purposes of the Federal Class calculations, "ZEV common stock" will refer to shares of Lightning eMotors common stock (ZEV), GigCapital3 common stock (GIK), and the common stock portion of GigCapital3 Units (GIK.U).  Each Unit purchased before July 2, 2020 will be treated as a share of GigCapital3 common stock where the transaction price will be calculated as the GigCapital3 Unit price per Unit multiplied by 0.94.  Each Unit purchased on or after July 2, 2020 will be treated as a share of GigCapital3 common stock where the transaction price per share will be calculated as the GigCapital3 Unit price per Unit multiplied by the ratio of the closing stock price to the closing Unit price.  If the closing prices for Units and common stock are not available on the transaction date, the most recent date with available prices will be used.

[5]    For purposes of the Federal Class calculations, "ZEV warrants" will refer to Lightning eMotors warrants (ZEV.WS), GigCapital3 warrants (GIK.WS), and the warrant portion of GigCapital3 Units. Each Unit purchased before July 2, 2020 will be treated as 0.75 of a GigCapital3 warrant and the transaction price per warrant will be the GigCapital3 Unit price per Unit multiplied by 0.08.  Each Unit purchased on or after July 2, 2020 will be treated as 0.75 of a GigCapital3 warrant where the transaction price per warrant will be calculated as the GigCapital3 Unit price multiplied by the ratio of the closing warrant price to the closing Unit price.  If the closing prices for Units and warrants are not available on the transaction date, the most recent date with available prices will be used.

- 22 -

Act.  In addition, certain purchases of ZEV Securities during the Class Period – shares or warrants that were purchased in or traceable to the May 14, 2020 IPO of GigCapital3, Inc. (the "IPO") – are also potentially eligible for compensation based on claims asserted under Section 11 of the Securities Act.  Further, certain purchases and acquisitions of ZEV common stock are eligible for compensation based on Section 14 of the Exchange Act.

**Section 10(b) Claims**

For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Federal Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period that artificially inflated the price of ZEV Securities.  Federal Plaintiffs allege that corrective information released to the market on August 16, 2021 after market-close impacted the market price of ZEV Securities on August 17, 2021 in a statistically significant manner and removed alleged artificial inflation from the ZEV Securities' prices.  Accordingly, in order to have a compensable Section 10(b) loss in this Settlement, shares of ZEV common stock or ZEV warrants must have been purchased or acquired during the Class Period and held through August 16, 2021.

Section 10(b) Recognized Loss Amounts for transactions in ZEV common stock and warrants are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the prices of the respective ZEV Securities at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase/acquisition price and sale price.

**Section 14(a) Claims**

Claims under Section 14(a) of the Exchange Act are asserted with regard to Defendants' alleged negligent preparation, review, and dissemination of the allegedly false and misleading Proxy Statement.  Federal Plaintiffs allege members of the Settlement Class were deprived of their right to be presented with accurate proxy materials while asked to vote on GigCapital3's proposed acquisition of Lightning Systems.  In order to have a compensable loss in this Settlement under Section 14(a) of the Exchange Act, a claimant must have: (i) purchased ZEV common stock between December 10, 2020 and March 15, 2021; and (ii) sold those shares on or after March 16, 2021 (the "14(a) Class Period").

**Section 11 Claims**

Claims under Section 11 of the Securities Act are asserted with respect to shares of ZEV common stock and ZEV warrants purchased or otherwise acquired during the Class Period pursuant or traceable to the IPO.  Because the IPO was an initial offering of the security on May 14, 2020, all shares and warrants of ZEV Securities purchased from May 14, 2020, through May 6, 2021 are traceable to the IPO and potentially eligible for recovery under Section 11 of the Securities Act.

4881-2231-2394.v3

The statutory formula for the calculation of damages under Section 11 of the Securities Act serves as the basis for the calculation of the "Securities Act Loss Amounts" under the Plan of Allocation. The formulas stated below, which were developed by Plaintiffs' damages expert, track that statutory formula. For purposes of the statutory calculations, May 20, 2022, the date of the filing of the Federal Complaint, is considered to be the "date of suit" and June 28, 2024, is considered to be the "date of judgment."

### CALCULATION OF FEDERAL CLASS RECOGNIZED LOSS AMOUNTS

For purposes of determining whether a claimant has a Federal Class Recognized Loss, purchases, acquisitions, and sales of ZEV common stock and warrants, respectively, will first be matched on a First In/First out ("FIFO") basis.

The Federal Class Recognized Loss Amount for each purchase or acquisition of ZEV common stock and ZEV warrant during the Class Period is the maximum of: (a) the Section 10(b) Recognized Loss Amount, if any; (b) the Section 11 Recognized Loss Amount, if any; and (c) the Section 14 Recognized Loss Amount, if any. To the extent that the calculation of a claimant's Federal Class Recognized Loss Amount results in a negative number, that number shall be set to zero.[6]

A Federal Class claimant's "Federal Class Recognized Claim" under the Plan of Allocation will be the sum of his, her, their, or its Federal Class Recognized Loss Amounts.

**Common Stock Calculations**

#### Section 10(b) Recognized Loss Amounts

For each share of ZEV common stock purchased or otherwise acquired during the Class Period and:

A.    Sold before August 17, 2021, the Section 10(b) Recognized Loss Amount for each such share shall be zero.

B.    Sold during the period from August 17, 2021 through November 12, 2021, the Section 10(b) Recognized Loss Amount for each such share shall be *the least of*:

    a. $1.35; or

    b. the actual purchase/acquisition price of each such share *minus* the average closing price from August 17, 2021 up to the date of sale as set forth in **Table 1** below; or

---

[6]    Any transactions in ZEV Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4881-2231-2394.v3

c.  the purchase/acquisition price *minus* the sale price.

C.  Held as of the close of trading on November 12, 2021, the Section 10(b) Recognized Loss Amount for each such share shall be *the lesser of*:

a.  $1.35; or

b.  the actual purchase/acquisition price of each such share *minus* $8.46.[7]

**Section 11 Recognized Loss Amounts**

For each share of ZEV common stock purchased or otherwise acquired in the May 14, 2020 IPO through May 6, 2021 and:

A.  Sold before May 20, 2022, the Section 11 Recognized Loss Amount for each such share shall be the purchase/acquisition price per share (not to exceed the issue price at the Offering of $9.40 per share) *minus* the sale price per share.[8]

B.  Sold from May 20, 2022 through the close of trading on June 28, 2024, the Section 11 Recognized Loss Amount for each such share shall be the purchase/acquisition price per share (not to exceed the issue price at the Offering of $9.40 per share) *minus* the sale price per share (not to be less than $3.68 per share, the closing price on May 20, 2022).

C.  Retained through the close of trading on June 28, 2024, the Section 11 Recognized Loss Amount for each such share shall be the purchase/acquisition price per share (not to exceed the issue price at the Offering of $9.40 per share) *minus* $3.68 per share, the closing price on May 20, 2022.

---

[7]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Section 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ZEV common stock during the "90-day look-back period," August 17, 2021 through November 12, 2021. The mean (average) closing price for ZEV common stock during this 90-day look-back period was $8.46.

[8]  For any GigCapital3 Unit sold as a GigCapital3 Unit (not converted into common stock and warrants), the Section 11 Recognized Loss Amount for each such Unit shall be the purchase/acquisition price per Unit (not to exceed the issue price at the Offering of $10.00 per share) *minus* the sale price per Unit.

- 25 -

## Section 14 Recognized Loss Amounts

For each share of ZEV common stock purchased or otherwise acquired between December 10, 2020 and March 15, 2021, and sold on or after March 16, 2021, the Section 14 Recognized Loss Amount is equal to the lesser of: (a) $1.35; or (b) the $10.1019 redemption price *minus* sale price.

**Warrant Calculations**

## Section 10(b) Recognized Loss Amounts

**1.      For each ZEV warrant purchased or otherwise acquired during the Class Period and:**

A.      Sold before August 17, 2021, the Section 10(b) Recognized Loss Amount for each such warrant shall be zero.

B.      Sold during the period from August 17, 2021 through November 12, 2021, the Section 10(b) Recognized Loss Amount for each such warrant shall be *the least of*:

a.  $0.32; or

b.  the actual purchase/acquisition price of each such warrant *minus* the average closing price from August 17, 2021 up to the date of sale as set forth in **Table 1** below; or

c.  the purchase/acquisition price *minus* the sale price.

C.      Held as of the close of trading on November 12, 2021, the Section 10(b) Recognized Loss Amount for each such warrant shall be *the lesser of*:

a.  $0.32; or

b.  the actual purchase/acquisition price of each such warrant *minus* $1.56.[9]

---

[9]      As noted above, consistent with the requirements of the Exchange Act, Section 10(b) Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ZEV warrants during the "90-day look-back period," August 17, 2021 through November 12, 2021. The mean (average) closing price for ZEV warrants during this 90-day look-back period was $1.56.

- 26 -

4881-2231-2394.v3

## Section 11 Recognized Loss Amounts

**1.      For each ZEV warrant purchased or otherwise acquired in the May 14, 2020 IPO through May 6, 2021 and:**

A.      Sold before May 20, 2022, the Section 11 Recognized Loss Amount for each such warrant shall be the purchase/acquisition price per warrant (not to exceed the issue price at the Offering of $0.80 per warrant) *minus* the sale price per warrant;

B.      Sold from May 20, 2022 through the close of trading on June 28, 2024, the Section 11 Recognized Loss Amount for each such warrant shall be the purchase/acquisition price per warrant (not to exceed the issue price at the Offering of $0.80 per warrant) *minus* the sale price per warrant (not to be less than $0.48 per warrant, the closing price on May 20, 2022);

C.      Retained through the close of trading on June 28, 2024, the Section 11 Recognized Loss Amount for each such warrant shall be the purchase/acquisition price per warrant (not to exceed the issue price at the Offering of $0.80 per warrant) *minus* $0.48 per warrant, the closing price on May 20, 2022.

## ADDITIONAL PROVISIONS

All purchases, acquisitions, and sales shall exclude any fees, taxes, and commissions.

Purchases, acquisitions, and sales of ZEV Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of ZEV Securities shall not be deemed a purchase, acquisition, or sale for the purposes of calculating an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares or warrants of such ZEV Securities unless: (i) the donor or decedent purchased or otherwise acquired such shares/warrants of ZEV Securities; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares/warrants of ZEV Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of ZEV common stock.  The date of a "short sale" is deemed to be the date of sale of ZEV common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero and the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

ZEV common stock is the only security eligible for recovery under the Plan of Allocation with regard to the State Class.  ZEV common stock, ZEV warrants, and ZEV Units are the only securities eligible for recovery under the Plan of Allocation with regard to the Federal Class.  Option Contracts are not securities eligible to participate in the Settlement.  With respect to shares of ZEV common stock purchased or sold through the exercise of an option, the purchase/sale date of the

- 27 -

4881-2231-2394.v3

ZEV common stock is the exercise date of the option and the purchase/sale price of the ZEV common stock is the exercise price of the option.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  If any Authorized Claimant's Recognized Claim calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant, however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing the Actions.

If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund after a reasonable amount of time following the date of the initial distribution, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be donated to a non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Plaintiffs' Counsel, and approved by the Court.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with determinations made by the Claims Administrator regarding your Claim Form.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants'

4881-2231-2394.v3

Counsel, any of the other Settlement Class Members, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. ***Plaintiffs, Plaintiffs' Counsel, Defendants and their respective counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith***.

Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund.  However, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing the Actions unless they have timely and validly sought exclusion.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Settlement Class Member or claimant.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

## **TABLE 1**

**ZEV Common Stock and Warrants**
**Average Closing Prices**
**August 17, 2021 – November 12, 2021**

| Date | ZEV Common Stock Average Closing Price Between August 17, 2021 and Date Shown | ZEV Warrants Average Closing Price Between August 17, 2021 and Date Shown | Date | ZEV Common Stock Average Closing Price Between August 17, 2021 and Date Shown | ZEV Warrants Average Closing Price Between August 17, 2021 and Date Shown |
|---|---|---|---|---|---|
| 8/17/2021 | 8.00 | 1.44 | 10/1/2021 | 8.64 | 1.57 |
| 8/18/2021 | 7.99 | 1.42 | 10/4/2021 | 8.64 | 1.57 |
| 8/19/2021 | 7.81 | 1.36 | 10/5/2021 | 8.63 | 1.57 |
| 8/20/2021 | 7.74 | 1.33 | 10/6/2021 | 8.61 | 1.56 |
| 8/23/2021 | 7.71 | 1.30 | 10/7/2021 | 8.59 | 1.56 |
| 8/24/2021 | 7.68 | 1.29 | 10/8/2021 | 8.57 | 1.56 |
| 8/25/2021 | 7.64 | 1.28 | 10/11/2021 | 8.55 | 1.56 |
| 8/26/2021 | 7.61 | 1.27 | 10/12/2021 | 8.54 | 1.55 |
| 8/27/2021 | 7.60 | 1.27 | 10/13/2021 | 8.53 | 1.55 |
| 8/30/2021 | 7.70 | 1.31 | 10/14/2021 | 8.52 | 1.55 |
| 8/31/2021 | 7.82 | 1.35 | 10/15/2021 | 8.50 | 1.55 |
| 9/1/2021 | 7.92 | 1.37 | 10/18/2021 | 8.49 | 1.55 |
| 9/2/2021 | 7.99 | 1.39 | 10/19/2021 | 8.48 | 1.55 |

- 29 -

| Date | ZEV Common Stock Average Closing Price Between August 17, 2021 and Date Shown | ZEV Warrants Average Closing Price Between August 17, 2021 and Date Shown | Date | ZEV Common Stock Average Closing Price Between August 17, 2021 and Date Shown | ZEV Warrants Average Closing Price Between August 17, 2021 and Date Shown |
|---|---|---|---|---|---|
| 9/3/2021 | 8.08 | 1.42 | 10/20/2021 | 8.47 | 1.54 |
| 9/7/2021 | 8.15 | 1.43 | 10/21/2021 | 8.46 | 1.54 |
| 9/8/2021 | 8.20 | 1.44 | 10/22/2021 | 8.44 | 1.54 |
| 9/9/2021 | 8.27 | 1.46 | 10/25/2021 | 8.43 | 1.54 |
| 9/10/2021 | 8.36 | 1.48 | 10/26/2021 | 8.41 | 1.53 |
| 9/13/2021 | 8.42 | 1.49 | 10/27/2021 | 8.40 | 1.53 |
| 9/14/2021 | 8.45 | 1.50 | 10/28/2021 | 8.40 | 1.53 |
| 9/15/2021 | 8.48 | 1.51 | 10/29/2021 | 8.39 | 1.53 |
| 9/16/2021 | 8.51 | 1.51 | 11/1/2021 | 8.40 | 1.54 |
| 9/17/2021 | 8.55 | 1.52 | 11/2/2021 | 8.40 | 1.54 |
| 9/20/2021 | 8.56 | 1.53 | 11/3/2021 | 8.41 | 1.54 |
| 9/21/2021 | 8.57 | 1.53 | 11/4/2021 | 8.41 | 1.54 |
| 9/22/2021 | 8.59 | 1.53 | 11/5/2021 | 8.42 | 1.55 |
| 9/23/2021 | 8.61 | 1.54 | 11/8/2021 | 8.44 | 1.55 |
| 9/24/2021 | 8.62 | 1.55 | 11/9/2021 | 8.44 | 1.55 |
| 9/27/2021 | 8.63 | 1.56 | 11/10/2021 | 8.45 | 1.56 |
| 9/28/2021 | 8.64 | 1.56 | 11/11/2021 | 8.46 | 1.56 |
| 9/29/2021 | 8.65 | 1.56 | 11/12/2021 | 8.46 | 1.56 |
| 9/30/2021 | 8.64 | 1.56 | | | |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, during the Class Period, you purchased or otherwise acquired Lightning Securities for the beneficial interest of an individual or entity other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record, up to a maximum of $0.03 per Notice and Claim Form emailed or

- 30 -

4881-2231-2394.v3

mailed by you, plus postage at the rate used by the Clams Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Lightning eMotors Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170
www.LightningeMotorsSecuritiesSettlement.com

DATED: _____

                BY ORDER OF THE COURT
                UNITED STATES DISTRICT COURT
                DISTRICT OF COLORADO

4881-2231-2394.v3