# EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
     Individually and On Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

     Defendants.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

RICHARD DELMAN,

     Plaintiff,

     v.     ) C.A. No. 2021-0679-LWW

GIGACQUISITIONS3, LLC, AVI KATZ,
RALUCA DINU, NEIL MIOTTO, JOHN
MIKULSKY, ANDREA BETTI-BERUTTO,

4874-6060-3850.v3

and PETER WANG,                                )
                                                                    )
                            Defendants.            )

---

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

---

4874-6060-3850.v3

I.    **GENERAL INSTRUCTIONS**

1.    To recover as a member of the Settlement Class based on your claims in the actions titled *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS (D. Colo.) (the "Federal Action") and *Delman v. GigAcquisitions3, LLC, et al.*, C.A. No. 2021-0679-LWW (Del. Ch.) (the "State Action," and together with the Federal Action, the "Actions"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Actions (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Lightning eMotors Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170
Online Submissions: www.LightningeMotorsSecuritiesSettlement.com

---

[1]    This Claim Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.LightningeMotorsSecuritiesSettlement.com.

- 1 -

4874-6060-3850.v3

Do not mail or deliver your Claim Form to the Court, the Parties to the Actions, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a member of the Settlement Class (as defined below and in the Notice of: (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Expenses (the "Notice")), DO NOT submit a Claim Form.

4.      If you are a member of the Settlement Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Federal Court. The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.     CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you: (i) purchased or otherwise acquired publicly traded securities issued pursuant to GigCapital3, Inc.'s Form S-1 Registration Statement declared effective on May 5, 2020 with the Securities and Exchange Commission ("SEC"), as amended by Post-Effective Amendment No. 1, filed on May 13, 2020; (ii) were a stockholder of

GigCapital3, Inc. ("GigCapital3") as of the March 15, 2021 Record Date that were entitled to vote on GigCapital3's proposed transaction to acquire Lightning eMotors, Inc. ("Lightning" or "Lightning eMotors"); (iii) purchased or otherwise acquired GigCapital3 or Lightning eMotors Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby; or (iv) were stockholders of GigCapital3 during the time period from the Record Date through the May 6, 2021 Closing Date (the "Settlement Class").  Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of Lightning during the Class Period, as well as their Immediate Family Members and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; (iv) the PIPE Investor and Convertible Note Investors as defined in Lightning's Form S-1 and incorporated Proxy Statement dated March 26, 2021, filed with the SEC; and (v) with respect to the State Class, the underwriters in GigCapital3's IPO, who were Nomura Securities International, Inc., Oppenheimer & Co. Inc. and Odeon Capital Group LLC and holders of GigCapital3 common stock who exercised their right to redeem all of their shares in connection with the Business Combination.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth in the Notice.

Use Part I of this Claim Form entitled "Claimant Identification" to identify  each purchaser, acquirer, or seller of record ("nominee"), if different from the beneficial purchaser, acquirer, or seller of the Lightning Securities which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRER(S), OR SELLER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S), OR SELLER(S) OF THE LIGHTNING SECURITIES UPON WHICH THIS CLAIM IS BASED.

- 3 -

All joint purchasers, acquirers, or sellers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Claim Form should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions

- 4 -

4874-6060-3850.v3

in electronic files.  All such claimants MUST also submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies.   If you wish to submit your Claim Form electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Claim Form should be submitted for each separate legal entity (*see* above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for.  Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner).  The third-party filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been  properly  submitted  unless  the  Claims Administrator  issues  to  the  claimant  a  written acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.

### III.    CLAIM FORM

Use Part II of this Claim Form entitled "Schedule of Transactions in Lightning Securities," to supply all required details of your transaction(s) in Lightning Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your holdings, purchases, or acquisitions and ***all*** of your sales of Lightning Securities, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

4874-6060-3850.v3

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Lightning Securities, and the date of a "short sale" is deemed to be the date of sale of Lightning Securities.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Lightning Securities.  If any such documents are not in your possession,  please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.   Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN LIGHTNING SECURITIES**.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

- 6 -

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

*Shafer v. Lightning eMotors, Inc., et al.*

Civil Action No. 1:21-cv-02774-RMR-KAS

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2024

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN LIGHTNING SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

- 7 -

4874-6060-3850.v3

PART II:      SCHEDULE OF TRANSACTIONS IN LIGHTNING SECURITIES

A.      Purchases of GigCapital3, Inc. Units between May 14, 2020 and May 6, 2021, inclusive:

| Trade Date (MM-DD-YYYY) | Number of Units Purchased | Total Purchase Price |
|---|---|---|
| 1. | 1. | 1. |
| 2. | 2. | 2. |
| 3. | 3. | 3. |

B.      Purchases of GigCapital3, Inc. common stock between May 14, 2020 and May 6, 2021, inclusive:

| Trade Date (MM-DD-YYYY) | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. | 1. | 1. |
| 2. | 2. | 2. |
| 3. | 3. | 3. |

C.      Purchases of GigCapital3, Inc. warrants between May 14, 2020 and May 6, 2021, inclusive:

- 8 -

4874-6060-3850.v3

|  | Trade Date (MM-DD-YYYY) | Number of Warrants Purchased | Total Purchase Price |
|---|---|---|---|
| 1. | | 1. | 1. |
| 2. | | 2. | 2. |
| 3. | | 3. | 3. |

D.    Purchases of Lightning eMotors, Inc. common stock between May 7, 2021 and November 12, 2021, inclusive:[2]

|  | Trade Date (MM-DD-YYYY) | Number of Shares Purchased | Total Purchase Price |
|---|---|---|---|
| 1. | | 1. | 1. |
| 2. | | 2. | 2. |
| 3. | | 3. | 3. |

E.    Purchases of Lightning eMotors, Inc. warrants between May 7, 2021 and November 12, 2021, inclusive:

|  | Trade Date (MM-DD-YYYY) | Number of Warrants Purchased | Total Purchase Price |
|---|---|---|---|
| 1. | | 1. | 1. |
| 2. | | 2. | 2. |
| 3. | | 3. | 3. |

F.    Sales of GigCapital3, Inc. Units between May 14, 2020 and May 6, 2021, inclusive:

---

[2]    Information requested about your purchases on August 17, 2021, through and including the close of trading on November 12, 2021, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period are not eligible for a recovery because they were made outside the Class Period.

- 9 -

SALES

| Trade Date(s) of Shares (List Chronologically) | | | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | | Proof of Sales Enclosed? |
|---|---|---|---|---|---|---|
| MM | DD | YYYY | | $ | .00 | ○Y ○N |
| 1. | / / | | | $ | .00 | ○Y ○N |
| 2. | / / | | | $ | .00 | ○Y ○N |
| 3. | / / | | | $ | .00 | ○Y ○N |
| 4. | / / | | | $ | .00 | ○Y ○N |

G.    Sales of GigCapital3, Inc. warrants between May 14, 2020 and May 6, 2021, inclusive:

SALES

| Trade Date(s) of Shares (List Chronologically) | | | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | | Proof of Sales Enclosed? |
|---|---|---|---|---|---|---|
| MM | DD | YYYY | | $ | .00 | ○Y ○N |
| 1. | / / | | | $ | .00 | ○Y ○N |
| 2. | / / | | | $ | .00 | ○Y ○N |
| 3. | / / | | | $ | .00 | ○Y ○N |
| 4. | / / | | | $ | .00 | ○Y ○N |

H.    Sales of GigCapital3, Inc. common stock between May 14, 2020 and May 6, 2021, inclusive:

SALES

| Trade Date(s) of Shares (List Chronologically) | | | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | | Proof of Sales Enclosed? |
|---|---|---|---|---|---|---|
| MM | DD | YYYY | | $ | .00 | ○Y ○N |
| 1. | / / | | | $ | .00 | ○Y ○N |
| 2. | / / | | | $ | .00 | ○Y ○N |
| 3. | / / | | | $ | .00 | ○Y ○N |
| 4. | / / | | | $ | .00 | ○Y ○N |

I.    Sales of Lightning eMotors, Inc. common stock between May 7, 2021 and November 12, 2021, inclusive:

SALES

| Trade Date(s) of Shares (List Chronologically) | | | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | | Proof of Sales Enclosed? |
|---|---|---|---|---|---|---|
| MM | DD | YYYY | | $ | .00 | ○Y ○N |
| 1. | / / | | | $ | .00 | ○Y ○N |
| 2. | / / | | | $ | .00 | ○Y ○N |
| 3. | / / | | | $ | .00 | ○Y ○N |
| 4. | / / | | | $ | .00 | ○Y ○N |

- 10 -

4874-6060-3850.v3

J.    Sales of Lightning eMotors, Inc. warrants between May 7, 2021 and November 12, 2021, inclusive:

| SALES | | | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | | |
| | M M  D D  Y Y Y Y | | | |
| 1. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 2. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 3. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |
| 4. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐ . 0 0 | ○Y ○N |

K.    Number of shares of GigCapital3, Inc. common stock held at the close of trading on March 15, 2021:

Proof Enclosed?
☐☐☐☐☐☐☐☐  ○Y  ○N

L.    Number of shares of GigCapital3, Inc. common stock held at the close of trading on May 6, 2021:

Proof Enclosed?
☐☐☐☐☐☐☐☐  ○Y  ○N

M.    Number of shares of Lightning eMotors, Inc. common stock held at the close of trading on August 16, 2021:

Proof Enclosed?
☐☐☐☐☐☐☐☐  ○Y  ○N

N.    Number of Lightning eMotors, Inc. warrants held at the close of trading on August 16, 2021:

Proof Enclosed?
☐☐☐☐☐☐☐☐  ○Y  ○N

O.    Number of shares of Lightning eMotors, Inc. common stock held at the close of trading on November 12, 2021:

Proof Enclosed?
☐☐☐☐☐☐☐☐  ○Y  ○N

- 11 -

P.    Number of shares of Lightning eMotors, Inc. warrants held at the close of trading on November 12, 2021:

Proof Enclosed?

☐☐☐☐☐☐☐☐    ○ Y
○ N

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE___.   FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Colorado with respect to my (our) claim as a member of the Settlement Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Actions, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Lightning Securities during the Class Period and know of no other Person having done so on my (our) behalf.

- 12 -

4874-6060-3850.v3

## V.    RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release from the "Released Claims" (as defined below) each and all of the "Released Defendant Parties" (as defined below).

2.    "Released Claims" means any and all claims (including "Unknown Claims," as defined below), demands, losses, rights, damages, and causes of action of any nature and description whatsoever, whether in law or in equity, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, local, territorial, common, or foreign law, whether class or individual in nature, by Federal Plaintiffs, State Plaintiff, or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, that (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to the purchase, acquisition, or redemption of any Lightning Securities during the Class Period.  "Released Claims" does not, however, include claims to enforce the Settlement, nor does it include any claims that have been or may be brought derivatively on behalf of any entity Defendant.

3.    "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims as defined below), demands, losses, rights, and causes of actions of any nature

- 13 -

4874-6060-3850.v3

whatsoever by the Released Defendant Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in any way to the institution, prosecution, assertion, settlement, or resolution of either of the Actions (except for any claims to enforce the Settlement).

4.    "Released Defendant Parties" means: (i) Defendants; (ii) each Individual Defendant's Immediate Family Members; (iii) each entity Defendant's respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including, without limitation, financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustors, trust beneficiaries, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such; and (iv) any entity in which a Defendant has a controlling interest.

5.    "Unknown Claims" means: (i) any and all Released Claims of every nature and description against the Released Defendant Parties that any Plaintiff or Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such Person, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Defendant Parties, or might have affected such party's decision(s) with respect to this Settlement or the releases of the Released Defendant Parties; and (ii) any claims against the Released Plaintiff Parties that any Released Defendant Party does not know or suspect to exist in their, his, her, or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the Settlement and release of the Released Plaintiff

Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**;

and any and all provisions, rights, and benefits conferred by any federal, state, local, territorial, common, or foreign law, which is or has an effect which is similar, analogous, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed

- 15 -

to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

6.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Lightning Securities during the Class Period and the number of shares of GigCapital3, Inc. common stock held by me (us) at the close of trading on March 15, 2021 and May 6, 2021, and the number of Lightning eMotors, Inc. warrants and shares of common stock at the close of trading on August 16, 2021 and November 12, 2021.

9.    (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

- 16 -

4874-6060-3850.v3

Executed this _____ day of _____ in _____
                                                    (Month/Year)                              (City/State/Country)

_____                    _____
(Sign your name here)                                  (Sign your name here)

_____                    _____
(Type or print your name here)                         (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, *e.g.*,                (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)       Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*Lightning eMotors Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170
www.LightningeMotorsSecuritiesSettlement.com

- 17 -

4874-6060-3850.v3