**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS
      Consolidated with 1:21-cv-3215-RMR-KAS

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
      Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

      Defendants.

---

**PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES AND EXPENSES AND AWARD TO FEDERAL PLAINTIFFS IN CONNECTION
WITH THEIR REPRESENTATION OF THE SETTLEMENT CLASS**

---

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................ 1

II.     PLAINTIFFS' COUNSEL ARE ENTITLED TO A REASONABLE
        PERCENTAGE OF THE COMMON FUND ........................................... 3

III.    THE "*JOHNSON* FACTORS" SUPPORT THE REQUESTED FEE ...................... 3

        A.    The Amount Involved and the Results Obtained ......................................... 4

        B.    The Customary Fees in this District ............................................. 5

        C.    The Time and Labor Required ..................................................... 6

              1.    The Amount of Time and Labor Dedicated by Plaintiffs'
                    Counsel Justifies the Requested Fee ............................................... 6

              2.    A Lodestar Cross-Check Supports the Fee Request ...................... 7

        D.    The Novelty and Difficulty of the Legal and Factual Questions .................. 8

        E.    The Skill Required and the Experience, Reputation, and Ability of
              Plaintiffs' Counsel ......................................................... 10

        F.    The Contingent Nature of the Fee ............................................. 11

        G.    The Preclusion of Other Employment by Plaintiffs' Counsel .................... 12

        H.    The Undesirability of the Actions ............................................ 13

IV.     THE REACTION OF THE SETTLEMENT CLASS TO THE REQUESTED
        FEE FURTHER SUPPORTS ITS REASONABLENESS ................................... 13

V.      PLAINTIFFS' COUNSEL ARE ENTITLED TO AN AWARD OF THEIR
        REASONABLE LITIGATION EXPENSES ........................................... 14

VI.     THE AWARDS FOR FEDERAL PLAINTIFFS SHOULD BE APPROVED .......... 14

VII.    CONCLUSION .................................................................. 15

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980)................................................................................. 3

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.*,
  8 F.3d 722 (10th Cir. 1993)............................................................... 8, 14

*Delman v. GigAcquisitions3, LLC*,
  288 A.3d 692 (Del. Ch. 2023) ............................................................. 10

*In re Crocs, Inc. Sec. Litig.*,
  No. 07-cv-02412-PAB-KLM,
  2014 WL 4670886 (D. Colo. Sept. 18, 2014).................................*passim*

*In re Genworth Fin. Sec. Litig.*,
  210 F. Supp. 3d 837 (E.D. Va. 2016).................................................... 9

*In re Molycorp Inc. Sec. Litig.*,
  No. 1:12-cv-00292-RM-KMT,
  2017 WL 11598681 (D. Colo. June 16, 2017).................................. 8, 15

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
  No. 01-cv-01451-REB-CBS,
  2006 WL 8429707 (D. Colo. Sept. 29, 2006).................................. 7, 10

*In re Thornburg Mortg., Inc. Sec. Litig.*,
  912 F. Supp. 2d 1178 (D.N.M. 2012) ................................................. 10

*Johnston v. Camino Nat. Res., LLC*,
  No. 19-cv-02742-CMA-SKC,
  2021 WL 2550165 (D. Colo. June 22, 2021).................................... 6, 15

*Lanham v. Katz*,
  No. 23-cv-00507-NYW-NRN,
  2024 WL 1719454 (D. Colo. Apr. 22, 2024)......................................... 15

*Lucas v. Kmart Corp.*,
  No. 99-cv-01923-JLK-CBS,
  2006 WL 2729260 (D. Colo. July 27, 2006)......................................... 12

*Lucken Fam. Ltd. P'ship, LLLP v. Ultra Res., Inc.*,
  No. 09-cv-01543-REB-KMT,
  2010 WL 5387559 (D. Colo. Dec. 22, 2010)..................................... 5, 15

**Page**

*Millsap v. McDonnell Douglas Corp.*,
    No. 94-CV-633-H(M),
    2003 WL 21277124 (N.D. Okla. May 28, 2003) ...................................................... 13

*Mo. v. Jenkins by Agyei*,
    491 U.S. 274 (1989) .............................................................................................. 5, 8

*Nakkhumpun v. Taylor*,
    No. 12-cv-01038-CMA-CBS,
    2016 WL 11724397 (D. Colo. June 13, 2016) ...................................................... 5, 15

*Or. Laborers Emp. Pen. Tr. Fund v. Maxar Techs. Inc.*,
    No. 19-cv-0124-WJM-SKC,
    2024 WL 98387 (D. Colo. Jan. 1, 2024) ............................................................... 4, 13

*Paulson v. McKowen*,
    No. 19-cv-02639-PAB-NYW,
    2023 WL 2528783 (D. Colo. Mar. 15, 2023) ............................................................. 5

*Peace Officers' Ann. & Benefit Fund of Ga. v. DaVita Inc.*,
    No. 17-cv-0304-WJM-NRN,
    2021 WL 2981970 (D. Colo. July 15, 2021) ..................................................... 4, 9, 14

*Shaw v. Interthinx, Inc.*,
    No. 13-cv-01229-REB-NYW,
    2015 WL 1867861 (D. Colo. Apr. 22, 2015) ........................................................... 3, 5

*Tuten v. United Airlines, Inc.*,
    41 F. Supp. 3d 1003 (D. Colo. 2014) ...................................................................... 12

*United Food & Com. Workers Union v. Advanced Emissions Sols., Inc.*,
    No. 14-cv-0143-CMA-KMT,
    2017 WL 11368197 (D. Colo. Feb. 10, 2017) ...................................................... 6, 15

*Vaszlavik v. Storage Corp.*,
    No. 95-B-2525,
    2000 WL 1268824 (D. Colo. Mar. 9, 2000) ......................................................... 11, 14

*Voulgaris v. Array Biopharma, Inc.*,
    60 F.4th 1259 (10th Cir. 2023) ..........................................................................*passim*

**Page**

*Voulgaris v. Array Biopharma Inc.*,
    No. 17-cv-02789-KLM,
    2021 WL 6331178 (D. Colo. Dec. 3, 2021),
    *aff'd*, 60 F.4th 1259 (10th Cir. 2023) ..............................................................*passim*

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(4) ............................................................................................. 14
    §78u-4(b)(2) ............................................................................................... 9

**SECONDARY AUTHORITIES**

H.R. Conf. Rep. No. 104-369, at 35 (1995),
    reprinted in 1995 U.S.C.C.A.N. 730 ......................................................... 14

Edward Flores & Svetlana Starykh,
    *Recent Trends in Securities Class Action Litigation, 2023 Full-Year Review*
    (NERA Jan. 23, 2024) ............................................................................... 12

Laarni T. Bulan & Laura E. Simmons,
    *Securities Class Action Settlements: 2023 Review and Analysis*,
    (Cornerstone Research 2024) ...................................................................... 4

Lead Counsel respectfully submit this motion for an award of attorneys' fees and expenses to Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Johnson Fistel, LLP ("Johnson Fistel"), Grant & Eisenhofer, P.A. ("G&E"), Michael Klausner, and Greenwich Legal Associates LLC ("GLA") (G&E, Klausner, and GLA are counsel in the State Action), and an award to Federal Plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams in connection with their representation of Settlement Class Members[1] in the Federal Action. Pursuant to D.C.COLO.L.Civ.R. 7.1(a), Lead Counsel have conferred with Defendants' Counsel who take no position on this motion.

## I.    INTRODUCTION

Plaintiffs' Counsel skillfully litigated these highly complex Actions for almost three years and achieved a commendable result for the Settlement Class.  The $13.35 million all-cash recovery was achieved through the skill, experience, and effective advocacy of Plaintiffs' Counsel in the face of highly complex legal and factual issues, considerable risk, and aggressive defenses.  It was reached only after Plaintiffs' Counsel conducted a thorough investigation into the Settlement Class's claims, including analyzing voluminous public documents and other information; working with investigators to obtain former employee accounts supporting a detailed, 257-paragraph complaint in the Federal Action (and reopening that investigation to support amendment following a "without prejudice" dismissal); conducting extensive legal research regarding the various claims asserted in the Actions and defenses thereto; opposing Defendants' motions to dismiss (successfully in the

---

[1]    Unless noted, capitalized terms are defined in the Stipulation of Settlement, ECF 127.

- 1 -

State Action); consulting with experts regarding causation and damages; undertaking discovery in the State Action, including analyzing more than 55,000 pages of documents; and engaging in hard-fought, arm's-length settlement negotiations which resulted in a "mediator's recommendation" accepted by all Parties.  For this, Plaintiffs' Counsel request an attorneys' fee award of one-third of the Settlement Amount ($4.45 million), and payment of litigation expenses of $225,000, plus interest on both amounts at the same rate and for the same time period as that earned on the Settlement Fund.

In awarding fees, courts in the Tenth Circuit consider several factors, including the quality and quantity of work as reflected in the results obtained.  Here, the Settlement provides an immediate cash benefit, eliminating the real possibility of no recovery at all or of the costs of litigation diminishing any future recovery.  And it is an excellent result.  The Settlement constitutes greater than 13.3% of estimated recoverable damages, which is more than 2.5 times the 5.3% median recovery in similar securities cases.  Since fee awards are designed to align counsel's interests with the class's, the amount requested here is warranted given the significant recovery obtained despite many obstacles. Plaintiffs' Counsel have devoted more than 4,600 hours without pay, constituting a lodestar of $3,822,126.00 (for which they seek a 1.16x multiple), in order to obtain this very favorable Settlement.  Plaintiffs' Counsel's fee request fair and falls squarely in line with Tenth Circuit precedent awarding fees in similar, complex class actions.

Separately, Federal Plaintiffs collectively seek an award of $7,500 in connection with their time and effort in representing Settlement Class Members.  Federal Plaintiffs support

- 2 -

their application with declarations setting forth the basis for the awards, which are comparable to or lower than awards in similar cases.

## II.    PLAINTIFFS' COUNSEL ARE ENTITLED TO A REASONABLE PERCENTAGE OF THE COMMON FUND

Under the common-fund doctrine, "'a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'"[2] *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1263 (10th Cir. 2023) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). "[A]wards of attorneys' fees from a common fund should 'serve to encourage skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons, and to discourage future alleged misconduct of a similar nature.'" *Voulgaris v. Array Biopharma Inc.*, No. 17-cv-02789-KLM, 2021 WL 6331178, at *11 (D. Colo. Dec. 3, 2021), *aff'd*, 60 F.4th 1259. "'The Tenth Circuit favors the common fund approach . . . because a percentage of the common fund is less subjective than the lodestar plus multiplier approach, matches the marketplace most closely, and is the better suited approach when class counsel were retained on a contingent fee basis . . . .'" *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *5 (D. Colo. Apr. 22, 2015).

## III.    THE "*JOHNSON* FACTORS" SUPPORT THE REQUESTED FEE

Courts consider the "*Johnson* factors" in setting an appropriate fee percentage:

---

[2]    Internal citations are omitted and emphasis is added throughout unless otherwise indicated.

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Array Biopharma*, 60 F.4th at 1263 n.1.  Because "'rarely are all of the *Johnson* factors applicable,'" "a court need not specifically address each Johnson factor."  *Or. Laborers Emp. Pen. Tr. Fund v. Maxar Techs. Inc.*, No. 19-cv-0124-WJM-SKC, 2024 WL 98387, at *3 (D. Colo. Jan. 1, 2024).

### A.    The Amount Involved and the Results Obtained

Among the *Johnson* considerations, a critical factor is monetary results achieved. *Peace Officers' Ann. & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-0304-WJM-NRN, 2021 WL 2981970, at *2 (D. Colo. July 15, 2021).

Here, through their extensive efforts, Plaintiffs' Counsel obtained a $13.35 million recovery for the Settlement Class.  Considering that the combined damages in the Actions are estimated by Lead Counsel's damages expert to be about $100 million, this recovery constitutes greater than 13.3% of total recoverable damages.  *See* Joint Declaration of Hillary B. Stakem, Michael I. Fistel Jr. and Michael J. Barry ("Joint Decl."), ¶96, submitted herewith.  This is more than two and one-half times the 5.3% median recovery in securities cases settled between 2014 and 2023 with damages between $75 and $149 million.  *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2023 Review*

- 4 -

*and Analysis*, at 6, Fig. 5 (Cornerstone Research 2024).[3]   In evaluating proposed settlements, courts have found smaller percentage recoveries to be reasonable and supportive of comparable percentage fees.  *See, e.g., Paulson v. McKowen*, No. 19-cv-02639-PAB-NYW, 2023 WL 2528783, at *7 (D. Colo. Mar. 15, 2023) (awarding net 33-1/3% fee; noting 6.4% recovery was "in line with median settlement values of 7.6%"); *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02412-PAB-KLM, 2014 WL 4670886, at *4-*5 (D. Colo. Sept. 18, 2014) (settlement of dismissed action represented "1.3%" of the amount of achievable damages; 30% fee).

### B.    The Customary Fees in this District

An appropriate court-awarded fee is intended to approximate what counsel would receive if they were bargaining for their services in the open marketplace.  *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).  In complex cases such as this one, "[t]he customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Fam. Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010); *accord Interthinx*, 2015 WL 1867861, at *6.  Thus, Plaintiffs' Counsel's request for attorneys' fees of one-third of the common fund is consistent with precedent in this District. *See Array Biopharma*, 2021 WL 6331178, at *12, *14 (awarding 33-1/3% fee); *Nakkhumpun v. Taylor*, No. 12-cv-01038-CMA-CBS, 2016 WL 11724397, at *5 (D. Colo.

---

[3]    Available   at   www.cornerstone.com/wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-and-Analysis.pdf.

June 13, 2016) (33% fee); *United Food & Com. Workers Union v. Advanced Emissions Sols., Inc.*, No. 14-cv-0143-CMA-KMT, 2017 WL 11368197, at \*1 (D. Colo. Feb. 10, 2017) (same); *Johnston v. Camino Nat. Res., LLC*, No. 19-cv-02742-CMA-SKC, 2021 WL 2550165, at \*2 (D. Colo. June 22, 2021) (awarding 40% fee).

### C.  The Time and Labor Required

#### 1.  The Amount of Time and Labor Dedicated by Plaintiffs' Counsel Justifies the Requested Fee

The amount of time and labor Plaintiffs' Counsel dedicated to the prosecution and settlement of the Actions also supports the reasonableness of their fee request.  As detailed in the Joint Declaration, Plaintiffs' Counsel vigorously prosecuted these Actions for approximately three years.  *Id.,* §III.  The cases were settled only after Plaintiffs' Counsel, among other things: (i) oversaw and participated in the extensive initial investigations, including numerous non-party witness interviews; (ii) identified, retained, and consulted with experts in, among other things, class damages; (iii) briefed multiple comprehensive motions to dismiss and, in the Federal Action, objections; (iv) conducted an extensive follow on investigation in support of a proposed second amended complaint ("SAC") in the Federal Action; (v) litigated multiple motions to lift the seal in a derivative action pending in Delaware (*Uvaydov v. Fenwick-Smith*, No. 2023-0137-LWW (Del. Ch.)) in an effort to utilize nonpublic allegations set forth in a related, redacted complaint; (vi) undertook extensive discovery in the State Action, including analyzing more than 55,000 pages of documents; (vii) analyzed filings in other actions brought by and against Defendants and in Lightning's Receivership proceedings; (viii) reviewed confidential Lightning documents provided by Defendants in connection with mediation; and (ix) engaged in vigorous and protracted

settlement negotiations with Defendants' Counsel.  These significant efforts over a three-year period paved the way for Plaintiffs' Counsel to obtain a substantial recovery for the Settlement Class, and they should now be appropriately compensated for their efforts.[4]

### 2.    A Lodestar Cross-Check Supports the Fee Request

While the Court is "not required to perform a lodestar cross-check," *Array Biopharma*, 60 F.4th at 1265, a cross-check also supports the reasonableness of the requested fee.  The requested fee award ($4.45 million before interest) is 1.16 times Plaintiffs' Counsel's $3,822,126.00 lodestar.  This modest multiplier is reasonable and is in line with (or lower than) multipliers routinely awarded in this District.  *See, e.g., id.* at 1266 (2.8 multiplier 'consistent with the typical range of multipliers routinely approved by courts in this District and the Tenth Circuit'"); *Crocs*, 2014 WL 4670886, at *4 (collecting authority approving multipliers ranging from 2.5 to 4.6); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.,* No. 01-cv-01451-REB-CBS, 2006 WL 8429707, at *4 (D. Colo. Sept. 29, 2006) ("[L]ead counsel who create a common fund for the benefit of a class are rewarded with fees that often are at least two times the reasonable lodestar figure, and in some cases reach as high as five to ten times the lodestar figure.").

Plaintiffs' Counsel's hourly rates are also appropriate in this complex securities action.  The Tenth Circuit has noted that courts should look to rates of "counsel litigating a

---

[4]    Additionally, Lead Counsel have performed and will continue to perform work in connection with the administration of the Settlement.  No additional compensation will be sought for that work.

complex securities class action on a contingent basis." *Array Biopharma*, 60 F.4th at 1266;

*see also Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla*., 8 F.3d

722, 726 (10th Cir. 1993) ("The delay in payment of fees may be remedied 'by the

application of current rather than historic hourly rates.'") (quoting *Jenkins*, 491 U.S. at 283-

84).  Here, Plaintiffs' Counsel's rates range from $750 to $1,600 for partners/counsel and

$375 to $725 for associates.  *See* accompanying Declaration of Hillary B. Stakem Filed on

Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of

Attorneys' Fees and Expenses; Declaration of Michael I. Fistel, Jr. Filed on Behalf of

Johnson Fistel, LLP in Support of Application for Award of Attorneys' Fees and Expenses;

Affidavit of Michael J. Barry Filed on Behalf of Grant & Eisenhofer, P.A. in Support of

Application for Award of Attorneys' Fees and Expenses; Affidavit of Michael Klausner in

Support of Application for Award of Attorneys' Fees and Expenses; and Affidavit of Michele

S. Carino Filed on Behalf of Greenwich Legal Associates LLC in Support of Application for

Award of Attorneys' Fees and Expenses.  These rates are comparable to those approved in

other securities class actions in this District.  *See, e.g., Array Biopharma*, 60 F.4th at 1266

(finding 2021 "rates charged in this case ($455 to $1050) were 'generally consistent' with

those approved in similar cases"); *In re Molycorp Inc. Sec. Litig*., No. 1:12-cv-00292-RM-

KMT, 2017 WL 11598681, at *1-*2 (D. Colo. June 16, 2017); ECF 253, ¶4, and ECF 253-1

(attorney rates up to $955 per hour as of 2017).

### D.     The Novelty and Difficulty of the Legal and Factual Questions

The complexity of the Actions, which include claims under the Securities Exchange

Act of 1934, Securities Act of 1933, and state law, demanded exceptional skill from

Plaintiffs' Counsel and supports the fee request.  Indeed, "[l]itigating an action under the PSLRA is not a simple undertaking, especially given the specificity required to plead such claims."  *Crocs*, 2014 WL 4670886, at *3.  "[S]ecurities class actions present inherently complex and novel issues, which are constantly evolving."  *Array Biopharma*, 2021 WL 6331178, at *13.  This is particularly true here.

*First*, in the Federal Action, Lead Counsel developed the critical allegations through independent effort, including a detailed and far-reaching investigation.  These allegations – although initially found not to satisfy the PSLRA – were distinct from those set forth in the State Action and other related litigation.  Notably, these factual allegations were not the result of any SEC inquiry.  *See* ECF 115-2 at 2.  Lead Counsel's independent work, which was in the process of being incorporated into the proposed SAC, helped drive a favorable settlement.  *See In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016).

*Second*, assuming Federal Plaintiffs successfully repled the falsity of Defendants' statements in their SAC, they still faced the possibility of dismissal for failure to plead a "strong inference" of Defendants' scienter with respect to their Exchange Act claims.  *See* 15 U.S.C. §78u-4(b)(2).  Thus, the outcome of any renewed motions to dismiss was far from assured, and Defendants' forthcoming arguments and defenses increased the complexity and risk of this action.  *See Array Biopharma*, 2021 WL 6331178, at *13. "Importantly, the risk that Lead Counsel 'would recover no compensation for their extensive efforts was not merely hypothetical, especially where, as here, Plaintiffs were subject to the PSLRA's heightened pleading standard and faced the immediate possibility of an adverse decision.'"  *DaVita*, 2021 WL 2981970, at *4.

*Third*, if Plaintiffs succeeded in overcoming each defense that Defendants could raise regarding liability, Plaintiffs also faced risks in establishing causation and damages. Ultimately, proving the existence and amount of damages would be the purview of competing experts with no guarantee that the dispute would be decided in Plaintiffs' favor. *See In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1242 (D.N.M. 2012).

*Fourth*, State Counsel broke new ground in defeating Defendants' motion to dismiss, with at least one leading defense firm calling the court's opinion "novel." *See Delman v. GigAcquisitions3, LLC*, 288 A.3d 692 (Del. Ch. 2023); https://www.skadden.com/insights/publications/2023/01/in-novel-spac-ruling-court-questions-fundamental (visited Oct. 2, 2024). Counsel's innovative advocacy therefore was a significant factor driving the Settlement and the recovery for the Settlement Class.

*Lastly*, "Plaintiffs also faced other risks inherent in most complex litigation, such as obtaining and maintaining class certification, having to defend and/or succeed against post-judgment appeals, and expert credibility concerns at trial." *Array Biopharma*, 2021 WL 6331178, at *7. Because the "class likely would not have obtained any relief without the assistance of counsel with a high level of skill and expertise," this factor should carry "significant weight" in supporting the requested fee. *Qwest*, 2006 WL 8429707, at *4.

### E.    The Skill Required and the Experience, Reputation, and Ability of Plaintiffs' Counsel

Plaintiffs' Counsel are among the nation's preeminent law firms in securities litigation and for many years have successfully litigated securities actions on behalf of large classes of investors. *See* https://www.johnsonfistel.com/; https://www.rgrdlaw.com/; https://www.gelaw.com/.

The quality of opposing counsel is also important in evaluating the quality of services rendered by Plaintiffs' Counsel. *See Crocs*, 2014 WL 4670886, at *3. During the course of the Actions, Defendants have been represented by experienced and skilled defense counsel, DLA Piper LLP (US) and Freshfields Bruckhaus Deringer US LLP, which spared no effort in the defense of their clients' claims. In the face of this formidable opposition, Plaintiffs' Counsel developed their cases so as to persuade Defendants to agree to a substantial $13.35 million Settlement.

## F.    The Contingent Nature of the Fee

Courts in this District have found that "the risk of non-recovery" weighs heavily in considering an award of attorneys' fees. See *Vaszlavik v. Storage Corp*., No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000).

Plaintiffs' Counsel here have prosecuted these Actions for three years and have borne all the associated risks present in securities class actions. From the outset, Plaintiffs' Counsel understood that they were embarking on complex, expensive, and lengthy litigation, which would require a significant investment of attorney time and expenses, with no guarantee of ever being compensated. They also understood that Defendants would (and, in fact, did) retain large and highly experienced corporate defense firms to defend them. In undertaking this risk, Plaintiffs' Counsel were obligated to, and did, ensure that sufficient resources were dedicated to the prosecution of these Actions. When the cases settled, Plaintiffs were undertaking expensive discovery in the State Action, and undertaking the follow on investigation and drafting a SAC in the Federal Action, which would have certainly led to another comprehensive round of briefing on motions to dismiss.

- 11 -

As was the case here, litigation of these cases can be extremely protracted and yet salaries, leases, and other expenses must be paid, while counsel waits for years to be paid, if at all.  For example, in a case handled by co-Lead Counsel, Robbins Geller, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc*., No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller litigated the case through trial and appeal for 14 years before reaching a settlement. Nevertheless, in every case the risk of losing and not being paid at all remains, as approximately half of motions to dismiss are granted in securities class actions.  *See* Edward Flores & Svetlana Starykh, *Recent Trends in Securities Class Action Litigation, 2023 Full-Year Review*, at 16 (NERA Jan. 23, 2024), available at https://www.nera.com/content/dam/nera/publications/2024/PUB_2023_Full-Year_Sec_Trends_0123.pdf.  Thus, there existed a real risk that Plaintiffs' Counsel (and the Settlement Class) would invest substantial resources and efforts and receive nothing at all.  *See Tuten v. United Airlines, Inc*., 41 F. Supp. 3d 1003, 1009 (D. Colo. 2014) ("Class Counsel took the case on a contingent basis, which permits a higher recovery to compensate for the risk of recovering nothing for their work.").

## G.     The Preclusion of Other Employment by Plaintiffs' Counsel

As demonstrated by the over 4,600 hours incurred in prosecuting the Actions, Plaintiffs' Counsel were precluded from other employment due to their litigation of the Actions.  Accordingly, this factor weighs in favor of approving the fee request.  *See Lucas v. Kmart Corp.*, No. 99-cv-01923-JLK-CBS, 2006 WL 2729260, at *6 (D. Colo. July 27, 2006) ("Large-scale class actions . . . necessarily require a great deal of work, and a concomitant inability to take on other cases.").

### H.    The Undesirability of the Actions

Securities class actions have often been recognized as "undesirable" due to the financial burden on counsel, and the time demands required to litigate cases of such size and complexity. *See, e.g., Millsap v. McDonnell Douglas Corp.*, No. 94-CV-633-H(M), 2003 WL 21277124, at *12 (N.D. Okla. May 28, 2003); *accord Maxar*, 2024 WL 98387, at *8.

## IV.    THE REACTION OF THE SETTLEMENT CLASS TO THE REQUESTED FEE FURTHER SUPPORTS ITS REASONABLENESS

Courts in this District recognize the significance of class member reaction to the request for attorneys' fees and expenses. *See Crocs,* 2014 WL 4670886, at *5. Over 27,900 copies of the notice of the proposed Settlement were mailed or emailed to potential Settlement Class Members and nominees, advising them Plaintiffs' Counsel would be requesting an award of attorneys' fees not to exceed one-third of the Settlement Amount and expenses not to exceed $225,000, plus interest earned on both amounts. *See* accompanying Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date, ¶11 and Ex. A (Notice at 4). As of the filing of this motion, no Settlement Class Member has objected to these requests, supporting their reasonableness. *See Crocs,* 2014 WL 4670886, at *5. Moreover, Plaintiffs fully support the Settlement and Plaintiffs' Counsel's request for fees and expenses. *See* Declaration of David P. Sarro ("Sarro Decl."), ¶3; Declaration of Kevin L. Tye ("Tye Decl."), ¶3; Declaration of Jess Q. Williams ("Williams Decl."), ¶3, Affidavit of Richard Delman, ¶3.

## V.    PLAINTIFFS' COUNSEL ARE ENTITLED TO AN AWARD OF THEIR REASONABLE LITIGATION EXPENSES

"As with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred." *Vaszlavik*, 2000 WL 1268824, at *4.  Here, Plaintiffs' Counsel request an award of litigation expenses in the amount of $225,000 incurred in connection with the prosecution of the Actions on behalf of the Settlement Class.[5]  A large portion of these expenses were used to pay for Plaintiffs' investigation, online research, experts, and mediation efforts.  *See* Joint Decl., ¶¶111-113.  These expenses and others were directly related to the prosecution of the Actions and are all the type of expenses that would be paid by a fee-paying client.  *See* *Bratcher*, 8 F.3d at 725-26 (expenses properly awarded if charges would normally be billed to client); *DaVita*, 2021 WL 2981970, at *4 (awarding similar expenses).  To date, no objections have been received regarding this expense request.  Accordingly, Plaintiffs' Counsel respectfully request an expense award of $225,000, plus interest on such amount at the same rate as earned by the Settlement Fund.

## VI.    THE AWARDS FOR FEDERAL PLAINTIFFS SHOULD BE APPROVED

In enacting the PSLRA, Congress acknowledged the importance of awarding appropriate reimbursement to class representatives.  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 735 ("plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the court[] discretion to award fees"); 15 U.S.C. §78u-4(a)(4) (permitting

---

[5]    Plaintiffs' Counsel's total expenses exceed $334,900, but they seek only $225,000.

such awards).  As a result, courts in this District routinely approve such awards.  *See Nakkhumpun*, 2016 WL 11724397, at *5 (awarding $3,500); *Advanced Emissions*, 2017 WL 11368197, at *1 (awarding $5,000); *MolyCorp,* 2017 WL 11598681, at *2 ($10,000 to three plaintiffs); *see also Lanham v. Katz*, No. 23-cv-00507-NYW-NRN, 2024 WL 1719454, at *5 (D. Colo. Apr. 22, 2024) (in action related hereto, awarding $1,500 per plaintiff).

Here, as set forth in their declarations, the requested collective award of $7,500 is more than justified by Federal Plaintiffs' efforts on behalf of Settlement Class Members and represents merely 0.056% of the Settlement Amount.  *See* Sarro Decl., ¶4; Tye Decl., ¶4; Williams Decl., ¶4; *Camino Nat. Res.*, 2021 WL 2550165, at *2 ($42,000 award was 0.46% of settlement); *Ultra Res.,* 2010 WL 5387559, at *6 (awarding 0.09% of fund).

## VII.    CONCLUSION

For these reasons, Lead Counsel respectfully request the Court approve Lead Counsel's request for an award of attorneys' fees and expenses, and the representative plaintiff awards.

DATED:  October 4, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
ELLEN GUSIKOFF STEWART
HILLARY B. STAKEM
HEATHER G. GEIGER


s/ Hillary B. Stakem
HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
elleng@rgrdlaw.com
hstakem@rgrdlaw.com
hgeiger@rgrdlaw.com

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

Lead Counsel for Lead Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com