## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
     Individually and On Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

     Defendants.

---

## DECLARATION OF HILLARY B. STAKEM FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

---

4883-7001-6233.v6

I, HILLARY B. STAKEM, declare as follows:

1.    I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").[1]

2.    This Firm is counsel of record for plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams.

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

---

[1]    Unless otherwise defined, all capitalized terms used herein and in the attached exhibits have the same meaning as set forth in the Stipulation of Settlement (ECF 127) ("Stipulation").

- 1 -

4883-7001-6233.v6

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 2,179.40.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $1,713,992.50.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual.  These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation.  The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms.  For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.      Set forth below is a brief description of the services rendered for each person for whom fees are claimed and a summary of their relevant qualifications and experience:

(a)      Brian Cochran is a Litigation Partner at Robbins Geller who has practiced in the field of securities class actions for 12 years.  Mr. Cochran conducted factual investigation and analysis of potential claims and consulted with investors regarding the case investigation prior to appointment of Federal Plaintiffs as lead plaintiffs

- 2 -

4883-7001-6233.v6

and drafted an initial complaint.  Mr. Cochran billed 26.30 hours during the course of this Litigation.

(b)     Daniel Drosman is a Senior Litigation Partner, as well as a member of the Firm's Executive and Management Committees, who has practiced in the field of securities class actions for more than 20 years.  Mr. Drosman consulted on the claims to be pled in the Federal Complaint and reviewed drafts of and revised the Federal Complaint, opposition to Defendants' motions to dismiss, motion for reconsideration briefing, and briefing in the Delaware Court of Chancery seeking to unseal a related complaint and filings.  Mr. Drosman also consulted with bankruptcy counsel and counsel for Lightning's Receiver to ensure that the federal claims would not be impacted by Lightning's Receivership proceedings and that relevant information and documents would be preserved for the Federal Class.  Mr. Drosman attended an in-person mediation session and repeatedly engaged with the Mediator and defense counsel to achieve a negotiated resolution to the Federal Action.  Mr. Drosman billed 311.70 hours during the course of this Litigation.

(c)     Ellen Gusikoff Stewart is a Senior Litigation Partner at Robbins Geller who has practiced in the field of securities class actions for more than 30 years.  Ms. Gusikoff assisted in negotiating and documenting the Stipulation, and oversaw the drafting of the motions for preliminary and final approval of the Settlement and associated exhibits.  Ms. Gusikoff Stewart billed 46.20 hours during the course of this Litigation.

(d)     Darren Robbins is a Founding Partner at Robbins Geller, as well as a member of the Firm's Executive and Management Committees, who has practiced in

- 3 -

4883-7001-6233.v6

the field of securities class actions for almost 30 years.  Mr. Robbins consulted with the litigation team regarding the merits of the claims, advised upon settlement negotiations, and communicated with the Mediator throughout the mediation process in an effort to obtain a negotiated resolution to the Federal Action.  Mr. Robbins billed 20.20 hours during the course of this Litigation.

(e)     Juan Carlos Sanchez is a Litigation Partner at Robbins Geller who has practiced in the field of securities class actions for 9 years.  Mr. Sanchez consulted with investors regarding the potential claims in the Federal Action and assisted with preparation of Federal Plaintiffs' motion to be appointed lead plaintiff.  Mr. Sanchez billed 20.10 hours during the course of this Litigation.

(f)     I, Hillary Stakem, am a Litigation Partner at Robbins Geller who has practiced in the field of securities class actions for 12 years.  I conducted an in-depth investigation into the claims and factual allegations pled in the Federal Complaint, including by reviewing SEC filings, financial analyst reports, speaking to former employees of Lightning, and consulting with an expert economist regarding potential investor losses.  I also substantially drafted the Federal Complaint and oversaw associate work on the same.  I conducted legal research for and drafted two motions to unseal filings in a related action pending against certain Defendants in the Delaware Court of Chancery that I reasonably believed would support and substantiate the federal claims.  I was actively involved in drafting Federal Plaintiffs' opposition to Defendants' motions to dismiss and motion for reconsideration of the Magistrate's report and recommendation recommending dismissal of the Federal Complaint.  Following dismissal of the Federal

- 4 -

Complaint, I renewed the factual investigation into the federal claims, interviewing multiple former employees and drafting a proposed amended complaint. I also consulted with bankruptcy counsel and counsel for Lightning's Receiver to ensure that the federal claims would not be impacted by the Receivership and that relevant information would be preserved for discovery. In connection with the Settlement, I drafted and/or revised substantial portions of Federal Plaintiffs' mediation statement, attended an in-person mediation session and participated in ongoing settlement negotiations. I also drafted the Stipulation, facilitated review and approval of settlement documentation among all parties and counsel, drafted or revised the motions for preliminary and final approval of the Settlement and drafted or oversaw the drafting of all associated exhibits. I billed 946.60 hours during the course of this Litigation.

(g) Heather Geiger is an Associate at Robbins Geller who has practiced in the field of securities class actions for six years. Ms. Geiger investigated the factual allegations pled in the Federal Complaint, including through the review of SEC filings, media reports, earnings call transcripts, and financial analyst reports. She also conducted legal research for and drafted portions of the Federal Complaint, Federal Plaintiffs' opposition to Defendants' motions to dismiss, and Federal Plaintiffs' motion to unseal certain filings in a related action pending in the Delaware Court of Chancery. Ms. Geiger assisted in drafting Federal Plaintiffs' mediation statement and later, exhibits to the Stipulation and briefing in support of settlement approval. Ms. Geiger billed 489.40 hours during the course of this Litigation.

- 5 -

4883-7001-6233.v6

(h)    Jessica Robertson is an Associate at Robbins Geller who has practiced in the field of securities class actions for one year.  Ms. Robertson conducted legal research into the claims pled in the Federal Complaint.  Ms. Robertson billed 25.30 hours during the course of this Litigation.

(i)    Vicki Diamond is Of Counsel at Robbins Geller who has practiced in the field of securities class actions for more than 11 years.  Ms. Diamond assisted in factual investigation and preparation of the initial complaint.  Ms. Diamond billed 30.60 hours during the course of this Litigation.

(j)    Anthony Barhoum, a Senior Economic Analyst at Robbins Geller, manages the Firm's in-house economic research and analysis department.  Mr. Barhoum consulted with litigation team members regarding investors' economic losses, advised on calculation of damages under Section 11 of the Securities Act, and consulted with Plaintiffs' expert economic consultant regarding the preparation of a plan of allocation for Settlement Class Members.  Mr. Barhoum billed 13.80 hours during the course of this Litigation.

(k)    Austin Hensley is an Economic Analyst at Robbins Geller.  Mr. Hensley conducted financial research, conducted a preliminary financial analysis of investor losses, and analyzed insider trading data.  Mr. Hensley billed 16.00 hours during the course of this Litigation.

(l)    Jennifer Topp is an Economic Analyst at Robbins Geller.  Ms. Topp analyzed investor losses and provided research into Lightning stock price movements in

- 6 -

4883-7001-6233.v6

connection with Federal Plaintiffs' motion to be appointed lead plaintiff.  Ms. Topp billed 30.20 hours during the course of this Litigation.

(m)    Scott Roelen is a Research Analyst at Robbins Geller.  Mr. Roelen assisted in identifying and obtaining factual materials needed for the investigation of the federal claims, including SEC filings, earnings call transcripts, financial analyst reports, and media articles.  Mr. Roelen billed 25.10 hours during the course of this Litigation.

6.    The Firm seeks an award of $185,142.35 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

7.    The following is additional information regarding certain of these expenses:

(a)    Filing and Other Fees: $1,079.85.  These expenses have been paid to the Court for filing fees and to firms who obtained copies of court documents for Plaintiffs.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)    Business Wire: $150.00.  This expense was necessary under the PSLRA's "early notice" requirements, which provides, among other things, that

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).

- 7 -

4883-7001-6233.v6

(c)    Expert: Cain Advisory Services, LLC: $26,120.00.    This amount represents payments made to Dr. Matthew D. Cain for expert analysis on damages in the Federal Action and State Action, as well as consultation on and creation of the Plan of Allocation to ensure equitable division of the Settlement Amount among Settlement Class Members on a *pro rata* basis.    Additional payments were made to this expert from the litigation expense fund.    *See* Exhibit D attached hereto.

(d)    Expert: Peregrine Economics: $3,022.50.    This amount represents fees paid to economic and financial analysis firm Peregrine Economics, which assisted Dr. Cain in analyzing Federal Action and State Action damages and in developing the Plan of Allocation to ensure equitable division of the Settlement Amount among Settlement Class Members on a *pro rata* basis.

(e)    Outside Bankruptcy Counsel: Lowenstein Sandler LLP: $59,262.82. This amount represents fees paid to outside bankruptcy counsel representing the Federal Class after Lightning entered Receivership proceedings.    Outside Bankruptcy Counsel provided expert advice on, *e.g.*, how best to preserve the federal claims and potential evidence in light of the Receivership proceedings, negotiated with the Receiver on behalf of Federal Plaintiffs, and submitted a declaration in connection with Federal Plaintiffs' efforts to unseal documents in the Delaware Court of Chancery following the completion of Lightning's Receivership proceedings.    An additional payment was made to Lowenstein Sandler from the litigation expense fund.    *See* Exhibit D attached hereto.

- 8 -

4883-7001-6233.v6

(f)      Photocopies: $164.00.  In connection with this case, the Firm paid $164.00 to the Oakland County Register of Deeds to obtain court records for use in the amending complaint.

(g)      Online Legal and Financial Research: $2,843.18.  This category includes vendors such as LexisNexis, Refinitiv, Transunion Acquisition, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Settlement Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

- 9 -

4883-7001-6233.v6

(h)    My Firm maintained a litigation expense fund for certain common expenses in connection with the prosecution of the Federal Action. The category entitled "Litigation Fund Contributions" in Johnson Fistel, LLP's fee and expense declaration represents contributions to this fund. A breakdown of the contributions to and payments made from the litigation expense fund is attached hereto as Exhibit D.

8.    The expenses pertaining to this Litigation are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

9.    The identification and background of my Firm and its partners is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of October, 2024, at San Diego, CA.

*s/ Hillary B. Stakem*
HILLARY B. STAKEM

- 10 -

4883-7001-6233.v6

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com