**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS (consolidated with 1:21-cv-3215-RMR-KAS)

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
     Individually and On Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

     Defendants.

---

**DECLARATION OF MICHAEL I. FISTEL, JR. FILED ON BEHALF OF JOHNSON FISTEL, LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

---

I, Michael I. Fistel, Jr., declare as follows:

1.    I am a partner of the law firm of Johnson Fistel, LLP (the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled consolidated action (the "Litigation").

2.    The Firm is Court-appointed Co-Lead Counsel of record for Lead Plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams.

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation, and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.    After the reductions referred to above, the number of hours spent on the Litigation by my Firm is 1,020.8.  A breakdown of the lodestar is provided in Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates

- 1 -

is $932,455.50.   The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other securities class action litigation.   The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.   For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.     Set forth below is a brief description of the services rendered for each person for whom fees are claimed and a summary of their relevant qualifications and experience:

(i)     Frank J. Johnson is one of the Firm's founding partners and the Firm's Managing Partner.   Prior to starting the Firm's predecessor firm in 2004, he was a partner at Sheppard, Mullin, Richter & Hampton, LLP, a full-service Global 100 law firm with over 1,000 attorneys in 15 offices located around the world where he defended matters similar to this one.   As a result, he brings significant experience to the prosecution of these cases.   Mr. Johnson was an important participant in all tactical and strategic decision-making throughout the Litigation.   Mr. Johnson also actively participated in the mediation.   Mr. Johnson billed 29.7 hours during the course of the Litigation.

(ii)     I am also one of the Firm's founding partners and I manage the Firm's Georgia office.   I have been a plaintiffs' shareholder attorney for my entire 23-year career.   During the Litigation, I was primarily responsible for supervising the day-to-day management of the Litigation which included overseeing all aspects of case management throughout the Litigation on behalf of the Firm.   In that role, I was actively

- 2 -

involved in client retention, client communications, case initiation, case organization, and case coordination.  Specifically, in connection with the Litigation, I was involved in and directly oversaw the Firm's involvement in: (i) the lead plaintiff process; (ii) the drafting of the complaints; (iii) the motion to dismiss briefing; (iv) the applications to lift the seal in the Delaware Court of Chancery in the related stockholder derivative action; (v) communications with the investigator, economic consultant, and bankruptcy counsel; (vi) settlement-related discussions including attending the mediation in the action along with post-mediation communications; and (vii) and serving as the primary client contact throughout the Litigation.  I billed 259.3 hours during the course of the Litigation.

(iii)    Mary Ellen Conner is a Partner in the Firm's Georgia office. Prior to joining the Firm, Ms. Conner practiced law at Jones Day, a full-service law firm with more than 2,400 lawyers and 40 offices around the world, representing companies in complex commercial and securities litigation and defending corporate officers and directors against allegations of breach of fiduciary duty and insider trading.  During the Litigation, Ms. Conner participated in the case investigation and provided research for and input into the amended complaint and the opposition to defendants' motions to dismiss.  Ms. Conner also assisted with the applications to lift the seal in the Delaware Court of Chancery in the related stockholder derivative action.  Ms. Conner billed 124 hours during the course of the Litigation.

(iv)    Jeffrey A. Berens is Of Counsel for the Firm's Denver office. Mr. Berens has practiced in the field of securities class actions in this District and throughout the country for more than 27 years.  Prior thereto, Mr. Berens was a corporate

accountant who passed the Certified Public Accountant examination.   Mr. Berens participated in all material aspects of the Litigation, from the initial investigation to commencement and to settlement, including, but not limited to: (i) providing input on case strategy and settlement; (ii) participating in the investigation, analysis of theories of liability and related factual allegations, and analysis of potential damages; (iii) consulting with investigators, expert witnesses, and bankruptcy counsel; (iv) drafting the oppositions to the motions to dismiss, renewed motions to dismiss, and objections; (v) providing input on the consolidated amended complaint and anticipated second amended complaint; (vi) providing legal analysis and review of other key motions such as the motions to lift the seal in Delaware Chancery Court; (vii) providing input on the proposed settlement and related documentation; and (viii) monitoring developments in related litigation pending in this District, Denver District Court, and Delaware Chancery Court.  Mr. Berens billed 438.9 hours during the course of this Litigation.

(v)     James M. Baker is the Firm's Lead Securities Analyst.  Mr. Baker assisted the litigation team with case initiation and client outreach.  Mr. Baker billed 6.3 hours during the course of the Litigation.

6.     My Firm seeks an award of $98,304.31 expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in Exhibit B.

7.     The following is additional information regarding certain of these expenses:

- 4 -

(a)    Filing Fees: $402.00.  These expenses have been paid to the Court for filing fees in connection with case initiation.  The vendors who were paid for these services are set forth in Exhibit C.

(b)    Transportation, Hotels, and Meals: $3,276.53.  In connection with the prosecution of this case, the Firm has paid for travel expenses to attend the final approval court hearing and mediation.  The date, destination, and purpose of each trip is set forth in Exhibit D.

(c)    Online Legal and Financial Research: $2,125.78.  This category includes vendors such as Westlaw.  These resources were used to obtain access to factual databases, legal research, and for cite-checking briefs.  This expense represents the expense incurred by the Firm for use of these services in connection with this Litigation.  The charges for this vendor vary depending upon the type of services requested.

(d)    Litigation Expense Fund Contributions.  My Firm contributed $92,500.00 to a Litigation Expense Fund maintained by Robbins Geller Rudman & Dowd LLP to pay certain common expenses related to the Litigation.  A breakdown of the contributions to and payments from the Litigation Expense Fund is detailed at Exhibit D to the Declaration of Hillary B. Stakem Filed on Behalf of Robbins Geller Rudman & Dowd LLP, filed contemporaneously herewith.

8.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

- 5 -

9.      The identification and background of my Firm and its partners is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of September, 2024, at Woodstock, Georgia.

_____
MICHAEL I. FISTEL, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com
