# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02774-RMR-KAS
     Consolidated with 1:21-cv-3215-RMR-KAS

JOHNNY R. SHAFFER,
DAVID P. SARRO,
KEVIN L. TYE
JESS Q. WILLIAMS
JUSTIN COHEN
     Individually and On Behalf of All Others Similarly Situated

     Plaintiffs,

v.

LIGHTNING EMOTORS, INC.
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL
AVI S. KATZ,
RALUCAL DINU
DEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN
ANDREA BETTI-BERUTTO
PETER WANG
JOHN J . MIKULSKY, and
ROBERT FENWICK-SMITH,

     Defendants.

---

## AFFIDAVIT OF MICHAEL J. BARRY FILED ON BEHALF OF GRANT & EISENHOFER, P.A. IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

---

STATE OF DELAWARE                        )
                                         )ss.
COUNTY OF NEW CASTLE                      )

I, Michael J. Barry, being first duly sworn upon oath, states as follows:

1.      I am a principal of the law firm of Grant & Eisenhofer, P.A. ("G&E"). I am submitting this declaration in support of the application of an award of attorneys' fees and expenses/charges ("expenses") rendered in the action pending before the Court of Chancery for the State of Delaware captioned *Delman v. GigAcquisitions3, LLC, et al.,* and docketed at C.A. No. 2021-0679-LWW (the "State Action").

2.      The information in this declaration regarding G&E's time and expenses is taken from the time and expense reports and supporting documentation prepared and/or maintained by G&E in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to day activities in the Litigation, and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the State Action. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review, I believe that the

time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the State Action.

3.    After the reductions referred to above, the numbers of hours spent on the State Action by G&E is 1,112.00.  A breakdown of the lodestar is provided in Exhibit A.    The lodestar amount for the attorney/paraprofessional time based on G&E's current rates is $753,978.00.   The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other class action litigation, and consistent with what G&E actually charges clients where G&E has agreed to provide services on an hourly basis and not a contingency fee.  G&E's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.  For personnel who are no longer employed by G&E, the "current rate" used for the lodestar calculation is based upon the rate for that p erson in his or her final year of employment with G&E.

4.    Set forth below is a brief description of services rendered for each person for whom fees are claimed and a summary of their relevant qualifications and experience:

a.    I joined G&E in 2001 and became a principal of the firm in 2004. Prior to joining G&E, starting in 1993, I worked for the law firms of Schnader, Harrison Segal & Lewis LLP in Philadelphia, Pennsylvania, Goodwin Proctor & Hoar in Boston, Massachusetts. At G&E, I have served as a plaintiff side attorney representing the interests of institutional and individual investors. I am currently the co-chair of G&E's Chancery Court practice group. I was responsible for supervising the day-to-day management of the State Action and overseeing all aspects of the prosecution of that case. I had direct involvement in the following roles: (i) case identification and development; (ii) drafting of the complaint; (iii) briefing on Defendants' motion to dismiss; (iv) argument on the motion to dismiss; (v) overseeing discovery served on Defendants; (vi) communications with G&E's economic consultant; (vii) settlement-related discussions including the mediation and post-mediation communications. I billed 192.5 hours during the course of the litigation.

b.    Kelly Tucker is a principal at G&E, and focuses her practice on environmental, consumer and securities litigation and corporate governance. Of particular relevance here, Ms. Tucker has spearheaded G&E's development and prosecution of 36 different cases relating to de-SPAC mergers. Ms. Tucker consulted on the State Action to maintain

consistency across the theories and allegations articulated in the different cases prosecuted by G&E.  Ms. Tucker billed 18.30 hours on the case.

c.    David Wissbroecker is Of Counsel at G&E.  Mr. Wissbroecker has over 19 years of experience representing plaintiffs in securities and corporate governance matters.  Since joining G&E, Mr. Wissbroecker has worked on case development, litigation, and the settlement process in over 40 different cases related to de-SPAC mergers. Prior to joining G&E, Mr. Wissbroecker was a partner at Robbins Geller Rudman & Dowd LLP. Mr. Wissbroecker was primarily involved in the settlement process.  Mr. Wissbroecker billed 11.50 hours on the case.

d.    Jason Avellino was an associate with G&E.  Prior to joining G&E, Mr. Avellino spent over a decade representing product manufacturers, contractors, marine terminal operators, retail establishments, and sports venues in commercial matters and civil lawsuits. Mr. Avellino was involved in briefing and argument preparation in connection with Defendants' motion to dismiss the State Action, as well as the preparation and service of discovery.  Mr. Avellino billed 205.90 hours on the case.

e.    Michael Bell was an associate with G&E.  Prior to joining Grant & Eisenhofer, Mr. Bell was an associate at a New York firm defending class-action consumer fraud claims. Mr. Bell was previously an

associate at the New York office of an international law firm where he represented clients in securities, bankruptcy, M&A, and other commercial litigation matters. Mr. Bell earned his J.D., *magna cum laude*, from Brooklyn Law School in 2007. Mr. Bell was involved in case development, drafting the complaint and briefing in connection with Defendants' motion to dismiss the State Action. Mr. Bell billed 302.50 hours on the case.

f.    Charles Sweedler was an associate with G&E. Prior to joining G&E, was Mr. Sweedler General Counsel for a Philadelphia-based non-profit organization, and was an associate attorney at two Philadelphia law firms where he focused on antitrust, consumer protection and other complex class action litigation. Mr. Sweedler was involved with case identification and development. Mr. Sweedler billed 66.50 hours on the case.

g.    Demetrius Davis is an associate at G&E. Mr. Davis graduated from Widener University Delaware Law School, *cum laude*, in 2023. Mr. Davis focuses his practice on corporate governance and securities litigation. Mr. Davis billed 169.50 hours on the case.

h.    Michael Stein, Valisity Beal are paralegals at G&E, and Jay Layfield was a paralegal with G&E. Ms. Beal and Messrs Stein and Layfield were responsible for maintaining the files, coordinating filings,

proofing court filings, coordinating with Court personnel and vendors. Mr. Stein billed 117.80 hours, Mr Layfield billed 22.40 hours, and Ms. Beal billed 5.10 hours to the case.

5.    G&E seeks an award of $48,859.26 expenses incurred in connection with the prosecution of the State Action. Those expenses are summarized by category in Exhibit B. The expenses relating to this case are reflected in the books and records of G&E. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

6.    G&E's firm resume is attached hereto as Exhibit C.

I have read this affidavit and declare under penalty of perjury that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NOT.**

_____
Michael J. Barry

SUBSCRIBED and SWORN to me this 3ʳᵈ day of October 2024, by Michael J. Barry.

Witness my hand and official seal.

My Commission Expires:

_____
Notary Public

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com
