**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS
        Consolidated with 1:21-cv-3215-RMR-KAS

JOHNNY R. SHAFFER,
DAVID P. SARRO,
KEVIN L. TYE
JESS Q. WILLIAMS
JUSTIN COHEN
        Individually and On Behalf of All Others Similarly Situated

        Plaintiffs,

v.

LIGHTNING EMOTORS, INC.
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL
AVI S. KATZ,
RALUCAL DINU
DEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN
ANDREA BETTI-BERUTTO
PETER WANG
JOHN J . MIKULSKY, and
ROBERT FENWICK-SMITH,

        Defendants.

---

**AFFIDAVIT OF MICHELE S. CARINO FILED ON BEHALF OF
GREENWICH LEGAL ASSOCIATES LLC IN SUPPORT OF
APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

---

STATE OF CONNECTICUT           )
                               )ss.
COUNTY OF FAIRFIELD            )

I, Michele S. Carino, being first duly sworn upon oath, state as follows:

1.    I am Of Counsel of the law firm of Greenwich Legal Associates LLC ("GLA").  I am submitting this declaration in support of the application of an award of attorneys' fees and expenses/charges ("expenses") rendered in the action pending before the Court of Chancery for the State of Delaware captioned *Delman v. GigAcquisitions3, LLC, et al.,* and docketed at C.A. No. 2021-0679-LWW (the "State Action").

2.    The information in this declaration regarding GLA's time and expenses is taken from the time and expense reports and supporting documentation prepared and/or maintained by GLA in the ordinary course of business.  I am the attorney who oversaw and/or conducted the GLA's activities in the Litigation, and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the State Action. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review, I believe that the

time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the State Action.

3.      After the reductions referred to above, the number of hours spent on the State Action by GLA is 80.00.  A breakdown of the lodestar is provided in Exhibit A.  The lodestar amount for the attorney/paraprofessional time based on GLA's current rates is $46,500.00.  The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other class action litigation, and consistent with what GLA actually charges clients where GLA has agreed to provide services on an hourly basis and not a contingency fee.  GLA's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.

4.      Set forth below is a brief description of services rendered for each person for whom fees are claimed and a summary of their relevant qualifications and experience:

a.      I joined GLA in 2022 as Of Counsel of the firm.  Prior to joining GLA, I worked as Counsel for the law firms of Pomerantz LLP in New York, New York, and Grant & Eisenhofer in Wilmington, Delaware.  At GLA, I have served as a plaintiff side attorney representing the interests of

individual investors.  In the instant matter, I acted as the primary contact for plaintiff Richard Delman and facilitated communications between and among plaintiff and co-counsel, including but not limited to: (i) discussing case analyses; (ii) reviewing pleadings and briefs; (iii) providing regular updates regarding cases status and discovery; and (iv) relaying plaintiff's comments and feedback concerning settlement during both the mediation and post-mediation discussions.  I billed 50 hours over the course of the litigation.

b.    Inga Nogueira is a paralegal at GLA.  Ms. Nogueira was responsible for maintaining the files and coordinating signatures and notarization as needed.  Ms. Nogueira billed 30 hours to the case.

5.    GLA is not seeking an award of expenses.

I have read this affidavit and declare under penalty of perjury that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NOT.**

*Michele S. Carino*
Michele S. Carino

SUBSCRIBED and SWORN to me this $\underline{3^{rd}}$ day of October 2024 by Michele S. Carino.

Witness my hand and official seal.

My Commission Expires:

_____
Notary Public

| INGA NOGUEIRA |
| Notary Public, Connecticut |
| My Commission Expires 02/28/2029 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Hillary B. Stakem
HILLARY B. STAKEM

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
hstakem@rgrdlaw.com