**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02774-RMR-KAS
      Consolidated with 1:21-cv-3215-RMR-KAS

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
      Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

      Defendants.

---

**[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned action ("Federal Action") and the action pending in the Court of Chancery of the State of Delaware styled as *Delman v. GigAcquisitions3, LLC, et al.*, C.A. No. 2021-0679-LWW ("State Action," together with the Federal Action, the "Actions") upon the terms and conditions set forth in the Stipulation of Settlement dated July 1, 2024 (the "Stipulation" or "Settlement");

WHEREAS, on the 19th day of November, 2024, this Court held a hearing to determine: (i) whether the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether the Settlement Class should be finally certified for settlement purposes; (iii) whether a Judgment, as provided in ¶9.1 of the Stipulation, should be entered; (iv) whether the proposed Plan of Allocation should be approved; (v) whether and in what amount to award Plaintiffs' Counsel fees and costs, charges, and expenses; and (vi) whether and in what amount to award Plaintiffs their costs and expenses in representing the Settlement Class;

---

[1] As used herein, the term "Parties" means: (a) lead plaintiffs David P. Sarro, Kevin L. Tye, and Jess Q. Williams (the "Federal Plaintiffs"); (b) Richard Delman (the "State Plaintiff," and together with Federal Plaintiffs, the "Plaintiffs"); (c) Defendants Lightning eMotors, Inc. f/k/a GigCapital3, Inc. ("Lightning" or "Lightning eMotors"), Teresa P. Covington, Robert Fenwick-Smith, and Timothy R. Reeser (collectively with Lightning, the "Lightning Defendants"); and (d) Defendants GigAcquisitions3, LLC, Avi S. Katz, Raluca Dinu, Neil Miotto, John J. Mikulsky, Andrea Betti-Berutto, and Peter Wang (collectively, the "State Defendants"), and Defendants GigFounders, LLC, GigCapital Global, and Brad Weightman (collectively, with the State Defendants, the "GigCapital3 Defendants," and with the Lightning Defendants, the "Defendants").

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing, substantially in the form approved by the Court on July 23, 2024 (the "Notice"), was provided to all individuals and entities, reasonably identifiable, who: (i) purchased or otherwise acquired publicly traded securities issued pursuant to GigCapital3, Inc.'s Form S-1 Registration Statement declared effective on May 5, 2020 with the Securities and Exchange Commission, as amended by Post-Effective Amendment No. 1, filed on May 13, 2020; (ii) were stockholders of GigCapital3, Inc. as of the March 15, 2021 Record Date that were entitled to vote on GigCapital3's proposed transaction to acquire Lightning Systems; (iii) purchased or otherwise acquired Lightning eMotors Securities during the period from May 18, 2020 through August 16, 2021, inclusive, and were damaged thereby (the "Federal Class"); or (iv) were stockholders of GigCapital3 during the time period from the Record Date through the Closing Date (the "State Class") (together, the "Settlement Class" or "Settlement Class Members"), as shown by the records provided to and compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing, substantially in the form approved by the Court on July 23, 2024, was published pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Settlement Class ("Notice Order") as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray;

- 2 -

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges, and expenses requested by Plaintiffs' Counsel and the request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Plaintiffs' representation of the Settlement Class; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Court has jurisdiction over the subject matter of this Federal Action and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

2.    This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on July 2, 2024.

3.    The Court finds, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that:

(a)    the Settlement Class is so numerous that joinder of all members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class;

(c)    the claims of Plaintiffs are typical of the claims of the Settlement Class;

(d)    Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Settlement Class;

(e)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by

- 3 -

members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Actions;

(f)     that the Federal Action is hereby certified (in connection with Settlement only) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a Settlement Class consisting of: the Federal Class and the State Class.  Excluded from the Settlement Class (the "Excluded Persons") are: (i) Defendants; (ii) the officers and directors of Lightning eMotors during the Class Period, as well as their Immediate Family Members and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; (iv) the PIPE Investor and Convertible Note Investors as defined in Lightning eMotors' Form S-1 and incorporated Proxy Statement dated March 26, 2021, filed with the SEC; and (v) with respect to the State Class, the underwriters in GigCapital3's IPO, who were Nomura Securities International, Inc., Oppenheimer & Co. Inc. and Odeon Capital Group LLC and holders of GigCapital3 common stock who exercised their right to redeem all of their shares in connection with the Business Combination.  No persons or entities have requested exclusion from the Settlement Class; and

(g)     Plaintiffs are hereby certified as Class Representatives, and Plaintiffs' Counsel are certified as Class Counsel.  The Court concludes that Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

- 4 -

4.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      in light of the benefits to the Settlement Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)      Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class;

(c)      there was no collusion in connection with the Stipulation;

(d)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)      the relief provided for the Settlement Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) the proposed awards to Plaintiffs for their representation of the Settlement Class; and (v) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)      the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

(g)      the record is sufficiently developed and complete for the Parties to have adequately evaluated and considered their positions.

- 5 -

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Federal Action and all Released Claims with prejudice.  The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.      The releases as set forth in ¶2.2 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.38 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

7.      Upon the Effective Date, and as provided in ¶1.6 of the Stipulation, Plaintiffs shall, and each and every Released Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Parties execute and deliver the Proof of Claim and Release or share in the Net Settlement Fund.  Plaintiffs and each Released Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in ¶1.26 of the Stipulation.  The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the

- 6 -

merits and with prejudice by virtue of the proceedings herein and this Judgment.  Released

Claims expressly exclude claims: (i) related to the enforcement of the Settlement; (ii) that

have been or may be brought derivatively on behalf of any Defendant; or (iii) of any person

or entity who or which requested exclusion from the Settlement Class, of which there are

none.

8.      Upon the Effective Date, and as provided in ¶1.27 of the Stipulation, each of

the Released Defendant Parties shall be deemed to have, and by operation of this

Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

Released Defendants' Claims (including, without limitations, Unknown Claims) against the

Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.  Claims to enforce the terms of the

Stipulation are not released.

9.      The dissemination of the Notice and the publication of the Summary Notice

were implemented in accordance with the Notice Order.

10.     The form and manner of the notice provided to the Settlement Class is hereby

determined to have been the best notice practicable under the circumstances, including

individual notice to Settlement Class Members who could be identified through reasonable

effort, and to have been given in full compliance with each of the requirements of Fed. R.

Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process,

and all other applicable laws and rules, and it is further determined that all members of the

Settlement Class are bound by this Judgment.  No Settlement Class Member is relieved

from the terms of the Settlement, including the Releases provided for therein, based upon

the contention or proof that such Settlement Class Member failed to receive actual or

- 7 -

adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

11. There have been no objections to the Settlement.

12. Any Plan of Allocation submitted by Plaintiffs' Counsel or any order entered regarding any attorneys' fee, expense application, or awards to Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation, Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, and Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4).

13. Any appeal or any challenge affecting solely the approval of: (a) the Plan of Allocation submitted by Plaintiffs' Counsel, (b) this Court's approval regarding any attorneys' fee and expense applications, and/or (c) this Court's approval regarding any award pursuant to 15 U.S.C. §78u-4(a)(4) shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

14. Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability,

- 8 -

negligence, fault, or other wrongdoing of the Released Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, Plaintiffs, Settlement Class Members, Released Plaintiff Parties, and/or Released Defendant Parties may file the Stipulation and/or this Judgment in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.    The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $13.35 million to the Settlement Fund, in accordance with ¶3.1 of the Stipulation.

16.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendants, Plaintiffs, and Settlement Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Settlement Class Members.

17.    The Court finds that during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the

- 9 -

Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity.  In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Actions as of May 1, 2024, as provided in the Stipulation.

19.    The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Settlement Class Members under the Stipulation.

20.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.    The Federal Action and all of the claims asserted against Defendants in the Actions by Plaintiffs and the other Settlement Class Members and all Released Claims are hereby dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

- 11 -

22.     There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE REGINA M. RODRIGUEZ
UNITED STATES DISTRICT JUDGE