# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-02774-RMR-KAS
    Consolidated with 1:21-cv-3215-RMR-KAS

JOHNNY R. SHAFER,
DAVID P. SARRO,
KEVIN L. TYE,
JESS Q. WILLIAMS,
JUSTIN COHEN,
    Individually and On Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

LIGHTNING EMOTORS, INC.,
TIMOTHY R. REESER,
TERESA P. COVINGTON,
GIGACQUISITIONS3 LLC,
GIGCAPITAL GLOBAL,
AVI S. KATZ,
RALUCA DINU,
NEIL MIOTTO
GIGFOUNDERS LLC
BRAD WEIGHTMAN,
ANDREA BETTI-BERUTTO,
PETER WANG,
JOHN J. MIKULSKY, and
ROBERT FENWICK-SMITH,

    Defendants.

---

## ORDER FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO FEDERAL PLAINTIFFS IN CONNECTION WITH THEIR REPRESENTATION OF THE SETTLEMENT CLASS

---

This matter having come before the Court on November 19, 2024, on Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses and award to Federal Plaintiffs (the "Fee Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of these Actions to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 1, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of this application and all matters relating thereto, as well as personal jurisdiction over all parties to the Actions, including all Members of the Settlement Class.

3.      Notice of Plaintiffs' Counsel's Fee Application was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the Fee Application met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, as amended, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel are hereby awarded attorneys' fees of one-third of the Settlement Amount ($4,450,000), plus expenses in the amount of $225,000, together with

- 1 -

the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.      The fees and expenses shall be allocated among other counsel in a manner which, in Lead Counsel's good faith judgment, reflects such counsel's contribution to the institution, prosecution, and resolution of the Actions.

6.      The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Plaintiffs' Counsel immediately upon execution of this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 5 thereof, which terms, conditions, and obligations are incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a fund of $13,350,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and Settlement Class Members will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b)      Over 28,300 copies of the Notice were disseminated to potential Settlement Class Members and nominees indicating that Plaintiffs' Counsel would move for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and for expenses in an amount not to exceed $225,000, plus interest on both amounts, and there have been no objections to the requested attorneys' fees or expenses;

(c)      Plaintiffs' Counsel conducted the Actions and achieved the Settlement with skill, perseverance, and diligent advocacy;

- 2 -

(d)    Plaintiffs' Counsel expended substantial time and effort pursuing the Actions on behalf of the Settlement Class;

(e)    Plaintiffs' Counsel pursued the Actions on a contingent basis;

(f)    The Actions involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(h)    Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)    The attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Tenth Circuit.

8.    Federal Plaintiffs are hereby awarded $2,500 each ($7,500 collectively) for their time spent directly related to their representation of the Settlement Class.

9.    Any appeal or any challenge affecting this Court's approval regarding the Fee Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order

- 3 -

shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:  November 20, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge